

December 17, 2024

**Via ECF**
Honorable Peggy Kuo, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    ***Campbell, et al. v. Bukhari Group LLC, et al.***
                **No. 22 Civ. 2813 (PK)**

Dear Judge Kuo:

    My office represents Plaintiffs in the above-referenced matter. Plaintiffs write to update the Court on the status of the settlement in this matter and request leave to file a motion for preliminary approval of the settlement by December 23.

    Plaintiffs are pleased to report that parties have reached a deal on an amended settlement agreement, which Plaintiffs believe will address the concerns expressed by the Court at the Preliminary Approval Hearing on June 21 (ECF No. 71 (Hr'g Tr.)), and in the Court's order denying the prior motion for approval. *See* ECF No. 72 (Ord.). Specifically, the parties have agreed to make the following changes to the settlement:

(1) The FLSA portion of the settlement will be handled on a claims-made basis, so individuals from the FLSA collective can opt-in to the case by submitting a claim form that will be filed on the docket. The Rule 23 class members, however, will not need to submit a claim form to get a payment – they will only need to act if they chose to object or opt out.

(2) No portion of the settlement will revert to Defendants, as all unclaimed funds will be reallocated to class members as part of the net settlement fund. Uncashed checks will still be donated to the *cy pres* designee.

(3) The class members will now get one of two notices: (1) a notice for individuals in the FLSA collective and the Rule 23 class; and (2) a notice for individuals in the Rule 23 class. Only individuals in the FLSA collective will get a claim form to submit.

(4) The forthcoming agreement corrects any ambiguity in how the allocation process will work in that states that any unapproved attorneys' fees, attorneys' costs, administration costs, and service payments will remain part of the net settlement fund, to be distributed to the class members.

Honorable Peggy Kuo, U.S.M.J.
Re: *Campbell v. Bukhari Group LLC.*
December 17, 2024
Page 2 of 2

Furthermore, the newly drafted FLSA notice will address the opt-in process required to release FLSA claims in ways that remedy the Court's concerns:

(1) The summary chart will specify that a putative FLSA collective member only releases claims by submitting the claim form. *See also* ECF No. 71 (Hr'g Tr.) 24:2-16 (discussing the summary chart), *and* ECF No. 72. (Ord.) at 11 (identifying inaccuracy in same).

(2) Section 3 will explain that a completed, timely claim form is needed to receive the settlement monies related to the FLSA claims. *See* ECF No. 71 (Hr'g Tr.) 26:7-13 (discussing Section 3).

(3) The FLSA notice will repeatedly remind putative FLSA collective members to submit the "completed Claim Form" on time to ensure their participation in the FLSA portion of settlement. *See* ECF No. 71 (Hr'g Tr.) 29:5-19 (discussing potential concerns related to individuals submitting invalid forms).

(4) Section 8 will state that FLSA rights are retained, even if the individual doesn't opt out. *See* ECF No. 71 (Hr'g Tr.) 24:17-26:5 (discussing Section 8), *and* ECF No. 72. (Ord.) at 11 (identifying problems with prior draft of same).

(5) The claim form clarifies that the monies being claimed relate to alleged FLSA violations and are only approximations. *See* ECF No. 71 (Hr'g Tr.) 29:21-30:4.

As will be explained in the forthcoming motion, Plaintiffs believe the settlement warrants preliminary approval, given these significant revisions.

Plaintiffs request that the Court grant leave to file for approval until December 23 because we are awaiting a countersigned agreement from Defendants. It is our understanding that the agreement will be fully executed in the next couple of days. As such, we ask for leave to file for approval by December 23, so we have time to make the final edits to the motion for approval and submit the papers to the Court.

Thank you for your time and consideration of this matter.

Respectfully submitted,

Garett Kaske

cc: Counsel of Record (via ECF)