# <u>Exhibit A</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

BRIANNA CAMPBELL, SHAKEIM ROBINSON, and : 
KEVAUGHN ROBINSON on behalf of themselves and :
others similarly situated, : Case No. 22 Civ. 2813 (PK)

                           Plaintiff, :
                           :

      - against - :
                           :

BUKHARI GROUP LLC, NAFEES BUKHARI, an :
individual, ALI BUTT, an individual, 4399 BRONX :
CHICKEN LLC, BAYCHESTER CHICKEN BG LLC., :
3555 WHITE PLAINS BG LLC, 3411 JEROME AVE :
CORP., and CONEY FOOD OF NY LLC, :

                      :

                Defendants. :

------------------------------------------------------------------------X

## SETTLEMENT AGREEMENT

      This Agreement[1] is entered into by the above-captioned Plaintiffs, on behalf of themselves and all others similarly situated, and Defendants Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., Coney Food of NY LLC, Nafees Bukhari, and Ali Butt:

## RECITALS AND BACKGROUND

      **WHEREAS**, as outlined in the Second Amended Complaint, Plaintiffs allege various wage-and-hour violations and scheduling violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"), the New York Labor Law, Articles 9 and 16 ("NYLL"), and the New York City Fair Workweek Law, Title 20, Chapter 12 of the New York City Administrative Code ("Fair Workweek Law").

      **WHEREAS**, Defendants dispute Plaintiffs' allegations and deny that it is liable or owes damages to anyone with respect to the allegations in the forthcoming Complaint.

      **WHEREAS**, after engaging in informal and formal discovery, a full-day mediation followed by mediated discussed, and continued arms' length negotiations, through September 2023.

      **WHEREAS**, Plaintiffs, on behalf of themselves and all others similarly situated, and Defendants Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., Coney Food of NY LLC, Nafees Bukhari, and Ali Butt entered into the first settlement agreement to settle this matter on a class-wide basis on

---

[1]     All capitalized terms are defined in the Section 1 unless indicated otherwise.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

February 14, 2024, and Plaintiff moved for preliminary approval of that agreement on February 15, 2024 (ECF No. 66).

**WHEREAS**, the Parties amended the first settlement agreement on April 26, 2024 (ECF No. 69), after, on April 17, 2024,the Court requested Plaintiffs provide additional information regarding the Parties' intent to resolve the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"), claims of Class Members, as the Agreement was lacking clarity in this regard.

**WHEREAS**, the Court held a Preliminary Approval Hearing on June 21, 2024, and thereafter, denied Plaintiffs' preliminary approval motion on August 19, 2024 (ECF No. 72).

**WHEREAS**, after the Court denied Plaintiff's motion for preliminary approval, the Parties conferred and reached an accord on the instance Agreement, which superseded the first settlement agreement.

**WHEREAS**, the Parties are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of the Parties and the Class.

**NOW THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a settlement on the following terms and conditions:

1.    **DEFINITIONS**

The defined terms have the meanings ascribed to them as follows:

1.1    *Agreement*.  "Agreement" means the instant Settlement Agreement, including Exhibits 1 through 6.

1.2    *Claim Form.*  "Claim Form" means the form attached as Exhibit 2, subject to Court approval, which each Putative FLSA Collective Member must complete by the close of the Notice Period, to recover the portion of the Individual Settlement Payment attributable to the FLSA as per the allocation formula in Section 4.4(B).

1.3    *Class Counsel.*  "Class Counsel" means Kessler Matura, P.C., 534 Broadhollow Road, Ste., 275, Melville, New York 11747, by Troy L. Kessler and Garrett Kaske, and the Law Office of Delmas A. Costin, Jr., PC, 930 Grand Concourse, Suite 1B, Bronx, New York 10451.

1.4    *Class List.*  "Class List" means a manipulatable electronic list containing the following information for each Class Member: name, Social Security Number, dates of employment with Defendants, last known addresses, last known phone numbers, and total gross earnings paid by Defendants during the Relevant Period.

1.5    *Class Members*.  "Class" and "Class Members" are defined as all individuals employed Defendant New York 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

White Plains BG LLC, 3411 Jerome Ave Corp., or Coney Food of NY LLC at any time during the Relevant Period, as non-exempt fast-food employees.

1.6     ***Court***.  The "Court" means the Supreme Court of New York, County of Suffolk.

1.7     ***Defendants***.  "Defendants" mean Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, Nafees Bukhari, and Ali Butt.

1.8     ***Defendants' Counsel.***  "Defendants' Counsel" Marks, O'Neil, O'Brien, Doherty & Kelly, P.C., by Kaitlyn P. Long, 580 White Plains Road, Suite 620, Tarrytown, New York 10591.

1.9     ***Effective Date***.  "Effective Date" is the date on which this Agreement becomes effective, which means 31 days after the Court issues the Final Approval Order. If, however, an appeal of the Final Approval Order is filed challenging the fairness of the Settlement then the Effective Date shall be five days after the latest of the following: (1) the appeal is dismissed, discontinuance, or denied; (2) the Final Approval Order has been affirmed on appeal or remanded in a form substantially similar to the order entered by the Court; or (3) the time to petition for review of an appellate decision expires.

1.10    ***Escrow Account***.  "Escrow Account" means the escrow account established by the Settlement Administrator into which Defendant will deposit the Settlement Payment.

1.11    ***Fairness Hearing***.  "Fairness Hearing" means a hearing before the Court, relating to the fairness and approval of the Settlement, which occurs after the close of the Notice Period.

1.12    ***Final Approval Motion***.  "Final Approval Motion" means the motion, and all corresponding, supporting, and related papers, filings, and documents, to be filed by Class Counsel seeking, among other things, final approval of this Agreement, authorization to distribute the Individual Settlement Payments to the Class, and dismissal of the Litigation.

1.13    ***Final Approval Order***.  "Final Approval Order" means the Order entered by the Court, which grants Plaintiffs' Final Approval Motion.

1.14    ***Individual Settlement Payment***.  "Individual Settlement Payment" means the amount payable to each Qualified Class Member and FLSA Collective Member out of the Net Settlement Fund.

1.15    ***Litigation***.  "Litigation" means the instant case styled as *Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.).

1.16    ***Net Settlement Amount***.  "Net Settlement Amount" means the remainder of the Settlement Amount after deductions for Court-approved attorneys' fees, costs, and expenses, Court-approved Service Payment, Court-approved Settlement Administrator fees, and all other Court-approved fees, costs, and expenses.

1.17    ***Notice.***  "Notice" means the Court-approved Notice of Proposed Settlement of Class Action Settlement.  The Notice attached as Exhibit 1 is to be sent to Class Members and

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

the Notice attached as Exhibit 7 is to be sent to Putative Class Member who are also Putative FLSA Collective Members.

1.18    ***Notice Period.*** "Notice Period" means the time after the Notice is sent for Class Members to submit an Opt-Out Statement, or objection and for Putative FLSA Collective Members to submit a Claim Form. The Notice Period shall be the later of: (1) 75 days after Notices are first mailed; or (2) 21 days after a Notice is remailed during the initial 75-day period.

1.19    ***Opt-Out Statement***. "Opt-Out Statement" refers to a Class Member's written and signed statement submitted to the Settlement Administrator that the individual is opting out of this settlement and the Class. An individual who submits an Opt-Out Statement is referred to as an Opt-Out.

1.20    ***Parties and Party***. "Parties" shall mean Plaintiffs and Defendants and each is a "Party."

1.21    ***Plaintiffs***. "Plaintiffs" are Brianna Campbell, Shakeim Robinson, and Kevaughn Robinson.

1.22    ***Preliminary Approval Motion***. "Preliminary Approval Motion" means the motion, and all corresponding, supporting, and related papers, filings, and documents, to be filed by Class Counsel seeking, among other things, preliminary approval of this Agreement and authorization to distribute the Notice to the Class and Claim Form to the Putative FLSA Collective.

1.23    ***Preliminary Approval Order***. "Preliminary Approval Order" means the Order entered by the Court, which grants Plaintiffs' Preliminary Approval Motion.

1.24    ***Qualified Class Member***. "Qualified Class Member" is a Class Member who does not opt out. Qualified Class Member shall also include all representatives, heirs, administrators, executors, beneficiaries, agents, spouses, children, trustees, conservators, attorneys, successors and assigns of such individual, as applicable.

1.25    ***Qualified Settlement Fund***. "Qualified Settlement Fund" means the Escrow Account.

1.26    ***Releasees***. "Releasees" means Defendants and their subsidiaries, parents, and other related entities, and all its current and former officers, directors, owners, shareholders, members, managers, employees, agents, attorneys, insurers, fiduciaries, successors, assigns, and representatives, in their individual or representative capacities.

1.27    ***Relevant Period***. "Relevant Period" means May 13, 2016, through July 29, 2022.

1.28    ***Service Payment***. "Service Payment" shall mean the amount of money Plaintiffs seek as compensation for the risks and time they and the individuals listed in Section 4.3 incurred in lending themselves to reaching this Agreement.

1.29    ***Settlement Administrator***. "Settlement Administrator" shall refer to the third-party administrator Xpand Legal Consulting LLC, 1968 S. Coast Hwy #220, Laguna Beach, California 92651, (949) 996-7717.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

1.30    **_Settlement Administration Costs._**  "Settlement Administration Costs" shall refer the third-party administrator's fees and costs associated with its completion of its duties under this Agreement, which shall not exceed $12,500.

1.31    **_Settlement Payment_**. "Settlement Payment" and "Gross Settlement Fund" means up to $400,000.00 that Defendants agree to pay to settle the Litigation.

1.32    **_FLSA Collective_**.  "FLSA Collective" or "FLSA Collective Members" means all Class Members employed by Defendants at any time from May 13, 2019, through the end of the Relevant Period who opt into the collective action by way of the Claim Form.

1.33    **_Putative FLSA Collective Member._**  "Putative FLSA Collective Members" means all Class Members employed by Defendants at any time from May 13, 2019, through the end of the Relevant Period who are eligible to opt into the collective action by way of the Claim Form.

## 2.    PROCEDURAL ISSUES, SETTLEMENT APPROVAL AND SETTLEMENT NOTICE

2.1    **Retention of Settlement Administrator.**    The Settlement Administrator shall be responsible for: (i) preparing, printing and disseminating to Class Members the Notice and to FLSA Collective Members the Notice and Claim Form; (ii) copying counsel for all Parties on material correspondence and promptly notifying all counsel of any material requests or communications made by any Class Member; (iii) receiving and reviewing any Claim Forms, Opt-Out Statements, and objections submitted by Class Members; (iv) furnishing to all counsel copies of any requests for exclusion, objections, or other written or electronic communications from Class Members which the Settlement Administrator receives; (v) keeping track of requests for exclusion, including maintaining the original mailing envelope in which the request was mailed; (vi) calculating distribution amounts to Class Members, subject to the Parties' review, in accordance with this Agreement; (vii) preparing and mailing the settlement checks and any related tax reporting forms to Plaintiff, Qualified Class Members, FLSA Collective Member, Class Counsel, and any other party, entity, or individual for whom receipt of such documents is necessary or required; (viii) establishing and maintaining the Qualified Settlement Fund in accordance with applicable IRS rules and regulations; (ix) providing copies of the canceled settlement checks (front and back) that are cashed by Class Members; (x) providing a final report and affidavit, deliverable to Class Counsel and Defendants' Counsel, detailing the results of the class mailings and participation; and (xi) such other duties and responsibilities as the Parties jointly agree to.  The Parties agree to cooperate with the Settlement Administrator and assist it in any way reasonably possible in administering the settlement. The Parties will have equal access to the Settlement Administrator, and the Settlement Administrator will provide regular reports to the Parties, no less frequently than every two weeks, regarding the status of the mailing of notices, the claims administration process, the identity and number of Class members who object to and/or opt-out of the settlement, and the distribution and redemption of the settlement checks.

2.2    **Preliminary Approval by the Court.**

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

(A)    Within two days of the execution of this Agreement, Class Counsel will email Defendants' Counsel a draft of the Preliminary Approval Motion.

    (1)    Defendants will have five days to review and comment on the motion.

    (2)    If acceptable, Defendants will advise that they do not oppose the motion and Plaintiffs will file the motion as "unopposed."

(B)    Plaintiffs will file the Preliminary Approval Motion within two days after the time for Defendants to review the Preliminary Approval Motion ends. In connection with the Preliminary Approval Motion, Plaintiffs will seek an Order (among other things): (a) approving the Notice and Claim Form; (b) scheduling a fairness hearing; (c) directing the mailing of the Notice and Claim Form, and providing the Class Members an opportunity to object or request to be excluded from the settlement; (d) preliminarily approving the settlement; (e) preliminarily approving costs of administration; (f) appointing Xpand Legal Consulting LLC as the Settlement Administrator; (g) appointing Class Counsel as counsel for the Class; (h) certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Putative FLSA Collective, for settlement purposes only; and (h) enjoining Plaintiffs and all Class Members from filing or prosecuting any claims, suits or administrative proceedings regarding claims released by the Agreement unless and until such Class Members have filed valid requests to be excluded from the settlement.

**2.3    Final Order and Judgment from the Court.**

(A)    At least 30 days prior to the Fairness Hearing, Plaintiffs will file the Final Approval Motion.

(B)    By way of Plaintiffs' Final Approval Motion, the proposed Final Approval Order, and Fairness Hearing, the Parties will request that the Court, among other things: (a) finally certify the Class for purposes of settlement; (b) enter Judgment in accordance with this Agreement; (c) approve the settlement: as fair, adequate, reasonable, and binding on Plaintiffs and all Class Members who have not timely and properly opted out and incorporate the terms of this Agreement; (d) order the Settlement Administrator to distribute settlement checks and Service Payments, as approved, to the Plaintiffs, FLSA Collective Members, and Qualified Class Members; (e) approve the payment of attorneys' fees and costs to Class Counsel; (f) approve the payment of fees to the Settlement Administrator; (g) dismiss the Litigation with prejudice; (h) permanently enjoining Plaintiffs and all Class Members from seeking to reopen or filing any claims against Defendant that were released by this Agreement unless such Class Members filed valid requests to be excluded from the settlement; (i) incorporate the terms of this Agreement; and (j) retain jurisdiction over the interpretation and implementation of this Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

(C)     Class Counsel will email Defendants' Counsel a draft of the Motion for Final Approval of Class Action no later than three days after receipt of the final list of Qualified Class Members, FLSA Collective Members, Opt-Outs, and Objectors. Defendant will have seven days to review and comment on the draft Final Approval Motion materials.  If acceptable, Defendants will advise that they do not oppose the motion and Plaintiffs will file the motion as "unopposed."

## 2.4    Denial of Preliminary or Final Approval.

(A)     If the Court denies either motion for approval, then the Parties jointly agree to: (i) seek reconsideration of the ruling; (ii) appeal the ruling; or (iii) seek Court approval of a renegotiated settlement addressing the issues raised by the Court.  Should reconsideration, appeal, or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the case will proceed as if no settlement had been attempted and the Class and FLSA Collective will be automatically decertified without prejudice to either Party.

(B)     The Settlement Administrator will provide notice to Qualified Class Members and FLSA Collective Members that the Agreement did not receive final approval and that, as a result, no payments will be made to each Qualified Class Member and FLSA Collective Member under the Agreement. Any notice provided to the FLSA Collective members will also advise them that their consents to join the Litigation are deemed withdrawn. Such notice shall be mailed by the Settlement Administrator via First Class United States Mail, postage prepaid, to the last address used by the Settlement Administrator in mailing the Notice.

(C)     The Settlement Administrator will return any Installment Payments made to them by Defendants within 45 days after the Court's order denying approval, unless: (i) an motion for reconsideration is pending; (ii) an appeal of that order is pending; and (iii) a renegotiated settlement agreement has been submitted to the Court.

## 2.5    No Admission of Liability or Propriety of Class Certification.

(A)     Defendants deny any liability for the claims alleged in the Litigation, and further deny that, for any purpose other than settling this Litigation, the action is appropriate for class, collective or other representative treatment.

(B)     The Parties agree that the stipulation of class and collective action certification is for settlement purposes only.  If, for any reason, the Court does not grant approval of this Agreement, the stipulation to class and collective action certification shall be void *ab initio*.

## 3.     NOTIFYING THE CLASS MEMBERS

## 3.1    Notice to Class Members

(A)     Within seven days of the Court's issuance of the Approval Order, Defendant will provide the Settlement Administrator and Class Counsel with the Class List, except

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

the copy of the Class List sent to Class Counsel will not include Social Security Numbers. The Parties and Settlement Administrator shall maintain the Class List's confidentiality.

(B)     Within 10 days of the receipt of the Class List from Defendants, the Settlement Administrator will mail to all Class Members, via First-Class United States Mail, the Court-approved Notices (Exhibits 1 and 7).. The Settlement Administrator will simultaneously mail to all Putative FLSA Collective Members the Court-approved Claim Form (Exhibit 2). This starts the Notice Period.

(C)     The submission and processing of Claim Forms from Putative FLSA Collective Members shall be in accordance with the following procedures:

(1)     To be timely, a Claim Form must: (a) be completed; (b) provide the information as instructed on the Claim Form; (c) be signed; and (d) be postmarked, time-stamped, or otherwise date-stamped (via, for example, email, overnight delivery, or other third-party delivery (e.g., FedEx, UPS)) to the Settlement Administrator within the Notice Period. Claim Forms that are not timely returned are null and void, unless otherwise agreed to in writing by the Parties, if good cause is determined by the Settlement Administrator or the Court.

(2)     If a Claim Form is returned to the Settlement Administrator and not properly completed, as described above, within five business days of its receipt, the Settlement Administrator shall send a notice to the relevant Putative FLSA Collective Member via First-Class United States Mail advising the Class Member of the defects ("Cure Letter") and include a new Claim Form to be completed (with an enclosed, postage paid return envelope). The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with a copy of the underlying Claim Form and the proposed Cure Letter for approval prior to its issuance. The Class Member shall then have the remainder of the Claim Period or 15 days from mailing of the Cure Letter ("Cure Period"), whichever is longer, to return the new Claim Form and provide the missing information. If a Claim Form is not received within that period, the Claim Form shall be null and void, unless otherwise agreed to in writing by the Parties, or if good cause is determined by the Claim Administrator.

(3)     For Putative FLSA Collective Members who contend that they submitted a proper Claim Form, acceptable evidence includes (1) proof that it was submitted timely and (2) a completed Claim Form with the Putative FLSA Collective Member's original signature, provided that the dispute is not a result of the Claim Form being lost in the mail or by another delivery service, in which case a copy or image of the completed Claim Form shall suffice. Adequate proof of a timely submission includes a receipt from the U.S. Postal Service or third-party delivery service (e.g., UPS) or an email to the Settlement Administrator showing the date and time of the email and

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

that the completed Claim Form was attached.  If a Class Member contends that the Claim Form was completed and submitted timely, but no receipt is available because the Putative FLSA Collective Member contends that the Claim Form was return in the pre-paid envelope enclosed with the Notice, that Putative FLSA Collective Member must provide a statement, under penalty of perjury, setting forth how, when, and where the Claim Form was executed and submitted, along with a copy of a completed Claim Form.

(4)     On or about the 30th day of the Notice Period, the Settlement Administrator will issue a reminder notice to those Putative FLSA Collective Members who have not returned a Claim Form.  A copy of the proposed reminder notice is attached as Exhibit 4.

(D)     The Settlement Administrator will take all reasonable steps to obtain the correct address of any Class Members for whom a Notice is returned by the Post Office as undeliverable, including by performing one skip-trace search within 10 days of receipt of an undeliverable Notice, and shall attempt re-mailings consistent with this Agreement.

(E)     The Settlement Administrator shall email Class Counsel and Defendants' Counsel each week the number of mailed, re-mailed, returned and undeliverable notices, and the number of returned Claims Forms.

(F)     Within 10 days after the last Class Member's time to return a Claim Form has expired, the Settlement Administrator will email Class Counsel and Defendants' Counsel a final list of all Qualified Class Members and FLSA Collective Members, along with PDF copies of all returned Claim Forms.  Within five thereafter, Class Counsel will file a notice with Court listing the FLSA Collective Members, Opt-Outs, and Objectors and attaching copies of all opt-in forms, Opt-Out Statements, and objections.

## 3.2     Class Member Opt-Out.

(A)     Any Class Member may request exclusion from the Class by "opting out."  Class Members who choose to do so must return an Opt-Out Statement to the Settlement Administrator. The Opt-Out Statement must contain the name, address, and telephone number of the Class Member to be valid.  It must also contain words to the effect of "I elect to exclude myself from the settlement in "*Campbell, et al. v. Bukhari Group LLC* (E.D.N.Y.)" to be valid.  To be effective, such Opt-Out Statement must be postmarked or otherwise submitted during the Notice Period.

(B)     Persons who are eligible to and do submit valid and timely exclusion statements will not participate in the settlement, nor will they be bound by the terms of the proposed settlement, if it is approved, or the final judgment in this action.

(C)     The Settlement Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve a copy of each Statement on Class Counsel and Defendants' Counsel not later than three days after receipt thereof.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

The Claims Administrator shall retain in its files the stamped originals of all Opt-Out Statements and the original envelopes containing Opt-Out Statements.

(D)     Within 15 days of the end of the Notice Period, Class Counsel will file a final list of all Opt-Out Statements and copies of those Opt-Out Statements with the Court via ECF, as per Section 3.1(F).

(E)     Class Members who fail to exclude themselves from the settlement, pursuant to this Section designate Plaintiffs as their representative to make decisions on their behalf concerning their state and federal wage claims, and whose rights and claims are determined by the terms of this Agreement, including the release provisions of this Agreement, as approved or modified by the Court.

**3.3     Objections to Settlement.**

(A)     Class Members who wish to present objections to the proposed settlement at the Fairness Hearing (an "Objector") must first do so in writing.  To be valid and considered, such statement: (a) be postmarked or otherwise submitted to the Settlement Administrator within the Notice Period; (b) contain the name, address, and telephone number of the Class Member; (c) contain words to the effect of:  "I object to the settlement in *Campbell, et al.  v. Bukhari Group LLC* (E.D.N.Y.)"; and (d) set forth the reasons for the objection.  The Settlement Administrator shall stamp the date received on the original objection and send a copy of the objection to Class Counsel and Defendants' Counsel not later than three calendar days after receipt thereof.  Class Counsel shall file the date-stamped objections with the Court within 10 days after the end of the Notice Period.

(B)     An Objector also has the right to request to appear at a Fairness Hearing, if one is held, either personally or through counsel hired by the Objector.  Objectors who wish to appear before the Court must state their intention to do so at the time they submit their written objections.

(C)     Within 15 days of the end of the Notice Period, Class Counsel will file a final list of Objectors and copies of their objections with the Court via ECF, as per Section 3.1(F).

(D)     Class Members who fail to exclude themselves from the settlement, pursuant to this Section designate Plaintiffs as their representative to make decisions on their behalf concerning their state and federal wage claims, and whose rights and claims are determined by the terms of this Agreement, including the release provisions of this Agreement, as approved or modified by the Court.

(E)     Any Class Member who has submitted an Opt-Out Statement may not submit objections to the settlement.

(F)     Objectors may withdraw their objections at any time.

**4.     SETTLEMENT PAYMENT AND DISTRIBUTION**

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

**4.1    Settlement Payment.**

(A)    Defendants agree to pay up to $400,000.00, which shall resolve and satisfy: (a) Court-approved attorneys' fees and costs; (b) all Individual Settlement Payments to be paid to Qualified Class Members, FLSA Collective Members, and Plaintiffs; (c) any Court-approved Service Payments; (d) Court-approved Settlement Administration Costs; and (e) any other fees, costs, expenses, and damages, other than Defendants' share of payroll taxes (if any), ordered to be paid by the Court. Defendants will not be required to pay anything more than the Settlement Payment into the Escrow Account.

(B)    Defendants will fund the Gross Settlement Fund in the following amounts and on or before the following "Installment Payment Deadlines":

| Installment Payment Due | Installment Payment Deadlines | Balance |
|---|---|---|
| $80,000 | Monday, December 30, 2024 | $320,000 |
| $40,000 | Wednesday, January 29, 2025 | $280,000 |
| $40,000 | Friday, February 28, 2025 | $240,000 |
| $40,000 | Monday, March 31, 2025 | $200,000 |
| $40,000 | Tuesday, April 29, 2025 | $160,000 |
| $40,000 | Thursday, May 29, 2025 | $120,000 |
| $40,000 | Friday, June 27, 2025 | $80,000 |
| $40,000 | Monday, July 28, 2025 | $40,000 |
| $40,000 | Wednesday, August 27, 2025 | $0 |

(C)    If Plaintiffs' Preliminary Approval Motion is still pending by the applicable Installment Payment Deadline, Defendants will remit the Installment Payment due to Defendants' Counsel. Defendants Counsel will transfer the funds to the Settlement Administrator within 30 days after the Court grants the Preliminary Approval Motion. If Plaintiffs' Preliminary Approval Motion has been granted by the applicable Installment Payment Deadline, Defendants will deposit into the Escrow Account the Installment Payment due.

(D)    The Settlement Administrator will provide Defendants with the logistics for making the Settlement Payment.

(E)    On or before the "Distribution Date" (defined in Section 4.1(F)), the Settlement Administrator will distribute the money in the Escrow Account by making the following payments:

(1)    Paying Class Counsel's Court-approved attorneys' fees and costs as described in Section 4.2(A).

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

(2)      Paying the Plaintiffs and Class Members listed in Section 4.3(A) the Court-approved Service Payment as described below.

(3)      Paying Qualified Class Members and FLSA Collective Members their portion of the Net Settlement Fund as described in Section 4.4.

(4)      Paying the Settlement Administration Costs.

(5)      Refunding Defendants' overpayment, if any, into the Escrow Account.

(F)   Distribution of the money in the Escrow Account is contingent on the passing of the Effective Date. The Distribute Date will be the earlier of (a) 10 days after the final Installment Payment is made or (b) 14 days after the Effective Date if the final Installment Payment has already been made.

**4.2    Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)   Plaintiffs' Final Approval Motion shall include a request for Class Counsel to receive no more than one-third of the Gross Settlement Fund as an award of attorneys' fees (i.e., $133,333.33). Class Counsel shall also seek reimbursement of their reasonable costs and expenses from the Settlement Payment of no more than $5,000.00. The attorneys' fees are to compensate Class Counsel for all work already performed in the Litigation, and all the work remaining to be performed in documenting the settlement, securing Court approval of the settlement, making sure the settlement is fairly administered and implemented, and obtaining dismissal with prejudice of the Litigation. The approved attorneys' fees and costs shall be paid from the Gross Settlement Fund.

(B)   The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion. Any monies under Section 4.2(A) not approved by the Court become part of the Net Settlement Fund.

**4.3    Service Payments.**

(A)   Subject to Court approval, Plaintiffs and the following Class Members shall receive Service Payments, totaling $35,000, in the following amounts: Brianna Campbell ($12,000); Shakeim Robinson ($10,000); Kevaughn Robinson ($7,500); Kayla Brathwaite ($3,000), and Lakyra Lovell ($2,500).

(B)   The substance of Plaintiffs' application for service payments is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the settlement of the

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

Litigation. The outcome of the Court's ruling on the application for the service payment shall not terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion. Any monies not approved by the Court become part of the Net Settlement Fund.  Defendants will not oppose Plaintiffs' request for Service Payments.

**4.4    Distribution to Qualified Class Members and FLSA Collective Members.**

(A)    Qualified Class Members and FLSA Collective Members will be deemed eligible for a payment as set forth in this Section.

(B)    The Settlement Administrator shall determine, subject to Class Counsel's review, each Class Member's estimated proportionate share of the Net Settlement Fund before issuing Notice and then determine the Individual Settlement Payment for each Qualified Class Member and FLSA Collective Member after the Final Approval Order is issued.  For the avoidance of doubt, the Individual Settlement Payment is a recalculated figure that accounts for any adjustments made to the anticipated Net Settlement Fund between the time of Preliminary Approval and Final approval, consistent with, *inter alia*, Sections 4.2(B), 4.2(C), and 4.6(C).

(1)    Each Class Member's proportionate share shall be determined by (a) multiplying the estimated Net Settlement Fund by (b) the individual's allocation points divided by the total allocation points for the Class.

(2)    The points will be calculated by awarding each Class Member one point for each dollar of gross wages Defendants paid to that Class Member during the Relevant Period (for weeks between May 13, 2019, through the end of the Relevant Period, Putative FLSA Collective Members' points shall be attributed to the NYLL claims and FLSA claims at a ratio of 4:1), increased by 1/10th based on the number of weeks employed between April 14, 2021 and the end of the Relevant Period.

(3)    After final approval, the Individual Settlement Payments will be calculated using this methodology, except it shall take into account the following: (a) funds attributable to the FLSA claims of the Putative FLSA Collective Members who did not submit Claim Forms shall be reallocated to all Qualified Class Members and FLSA Collective Members; (b) funds attributable to the NYLL claims of Class Members who opted out shall be reallocated to all Qualified Class Members and FLSA Collective Members; and (3) any other adjustments made to the Net Settlement Fund, including those contemplated in Sections 4.2(B), 4.2(C), and 4.6(C).

(C)    Class Counsel's and the Settlement Administrator's calculations regarding Qualified Class Members' proportionate shares of the Net Settlement Fund will be final and binding.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

(D)    Defendant and the Settlement Administrator shall exchange such information as is necessary for the Settlement Administrator to make proper tax withholdings, if any, and comply with all tax reporting obligations.

(E)    The Settlement Administrator shall use reasonable efforts to make an additional mailing to Qualified Class Members and FLSA Collective Members whose checks are returned because of incorrect addresses. Such efforts shall include using social security numbers to obtain better address information. Any additional efforts undertaken shall be in the sole discretion of Class Counsel.

(F)    Qualified Class Members, FLSA Collective Members, and Plaintiffs must redeem their Individual Settlement Payments and any Service Payment will have the greater of (1) 120 days after their check date or (2) 30 days from the reissuance thereof. On the 60th day of this 120-day period, the Settlement Administrator will issue a reminder notice to the Qualified Class Members and FLSA Collective Members whom had not yet negotiated their checks. If a Qualified Class Member or FLSA Collective Member does not redeem their Individual Settlement Payments and Service Payment within the 120-day period, their checks will be void. If a Qualified Class Member or FLSA Collective Member alerts the Settlement Administrator or Class Counsel during the 120-day period to redeem Individual Settlement Payments or any Service Payment that he or she has not received his or her check, the Settlement Administrator will, upon confirming that the check in question has not been redeemed, issue a stop payment on the original check and reissue that Qualified Class Member's check.

(G)    All payments to Plaintiffs, FLSA Collective Members, and the Qualified Class Members made pursuant to this Agreement shall be deemed to be paid to Plaintiffs and the Qualified Class Members solely in the year in which such payments actually are received.

## 4.5    Cy Pres Donation.

(A)    Within 21 days after the close of the check cashing period described in Section 4.4(F), the Settlement Administrator shall donate all funds remaining in the Escrow Account, resulting from uncashed checks, to the following *cy pres* designee, subject to Court approval: Brandworkers Inc., PO Box 1257 Long Island City New York 11101.

## 4.6    Settlement Administrator's Fees and Costs.

(A)    Class Counsel shall petition the Court for reimbursement of the reasonable fees and costs of the Settlement Administrator of up to $12,500 as part of the Approval Motion. Defendant will not oppose the Settlement Administrator's request for fees and costs.

(B)    The substance of Class Counsel's application for the Settlement Administrator's expenses and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

faith of the settlement of the Litigation. The outcome of any proceeding related to this application shall not terminate this Agreement or otherwise affect the Court's ruling on the Approval Motion.  Any monies not approved by the Court become part of the Net Settlement Fund.

## 5.    TAXABILITY OF SETTLEMENT PAYMENTS

**5.1    Funds Distributed to Qualified Class Members.**

(A)    50% of the payments from the Net Settlement Fund shall be treated as back wages and 50% of the payments from the Net Settlement Fund pursuant to Section 4.4 shall be treated as non-wage liquidated damages, penalties and prejudgment interest.

(B)    Payments treated as back wages pursuant to Section 5.1(A) shall be taxed at the Plaintiffs, FLSA Collective Members, or Qualified Class Members applicable salary rate (not the bonus rate) and made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the PICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2.

(C)    Payments treated as liquidated damages, penalties and prejudgment interest pursuant to Section 5.1(A) shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099.

**5.2    Attorneys' Fees, Service Payments, and the Settlement Administrator's Fees**

(A)    Payments of attorneys' fees and costs pursuant to Section 4.2(A) shall be made without withholding. Class Counsel will receive a Form 1099 for this payment. A Form 1099 may also be issued to any Plaintiffs, FLSA Collective Member, or Qualified Class Member as required by law.

(B)    Service Payment to Plaintiffs pursuant to Section 4.3(A) shall not be deemed to be wages and will be made without withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

(C)    Payment of the Settlement Administrator's fees and costs pursuant to Section 4.3(A) shall be made without withholding. The Claims Administrator will receive a Form 1099 for this payment.

## 6.    RELEASE

**6.1    Release of Claims.**  As of the Effective Date, and except as to such rights or claims created by this Agreement, Plaintiffs and all Class Members who do not opt out release Releasees from all wage-and-hour claims alleged in the Complaint, arising from the Plaintiffs' and Class Members' employment with Defendants 4399 Bronx Chicken LLC, Baychester

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, during the Relevant Period, pursuant to the NYLL and Fair Workweek Law of New York City, which is inclusive of all claims for backpay, other equitable relief, liquidated damages, compensatory damages, unpaid costs, interest, punitive damages, wages, overtime wages, gratuities, penalties of any nature whatsoever.  In addition, FLSA Collective Members shall release Releasees from all related wage-and-hour claims alleged in the Complaint, arising from their employment with Defendants 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

6.2     **Release of Claims for Service Payments**.  In addition to the waiver and release contained in Section 6.1, and in consideration for the Service Payment, Plaintiffs and those receiving a Service Payment will provide Defendant and all Releasees with the enhanced release described in this Section.

(A)     As of the Effective Date, Plaintiffs on behalf of themselves, their heirs, executors, administrators, successors and assigns, voluntarily release and forever discharge Defendants and all Releasees from any claims whatsoever, in law or equity, which they may have against Releasees as of the date of the Preliminary Approval Order, whether known or unknown, asserted or unasserted, arising out of their employment with Defendants 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, including, but not limited to, any claims under federal, state or local laws, including but not limited to Title VII of the Civil Rights Act of 1965, Sections 1981 through 1988 of Title 42 of the United States Code, the Federal and New York Equal Pay Acts, the Employee Retirement Income Security Act of 1974, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act of 1990, the Fair Credit Reporting Act; the Federal Worker Adjustment and Retraining Act, the Occupational Safety and Health Act, the Family and Medical Leave Act of 1993, the New York State Human Rights Law, the New York Worker Adjustment and Retraining Act; the New York Civil Rights Law, the New York Paid Sick Leave Law, the New York paid Family Leave Law, the New York Corrections Law, the New York Labor Law, The New York City Human Rights Law, the New York City Earned Safe and Sick Leave Law, all statutes as amended.

(B)     Subject to Court approval, Plaintiffs will receive their Service Payments in exchange for the above-described release by virtue of executing this Agreement. Other Service Payment recipients, however, must execute the claim form setting forth the terms of this release, attached as Exhibit 3, to receive their Service Payment.

(C)     If the Court denies Plaintiffs' request for Service Payments, this Section 6.2 shall be null and void.

7.     **MISCELLANEOUS**

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

7.1 **No Assignment.** Class Counsel and Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any interest or claim in this Litigation, or any portion thereof.

7.2 **Admissibility.** This Agreement is a settlement document and shall be inadmissible as evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of this Agreement**.**

7.3 **Cooperation Among the Parties; Further Acts.** The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms. Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

7.4 **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement. All waivers, modifications or amendments of the terms of this Agreement must be in a signed writing executed by the Parties. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

7.5 **Bidding Effect**. This Agreement shall be binding upon the Parties.

7.6 **Arm's Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

7.7 **Captions.** The captions and headings of this Agreement are for convenience of reference only and have no effect upon the construction of the construction Agreement.

7.8 **Construction.** Each party participated in drafting this Agreement. The terms of this Agreement shall not be construed against any party by virtue of draftsmanship.

7.9 **Blue Penciling.** Following the Effective Date, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

7.10 **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice-of-law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

7.11    **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

7.12    **Signatures and Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument. Signature pages may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., using DocuSign). The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

**PLAINTIFFS**

By: _Brianna Campbell_
    Brianna Campbell

Dated: 12 / 03 / 2024

By: _[signature]_
    Shakeim Robinson

Dated: 12 / 03 / 2024

By: _[signature]_
    Kevaughn Robinson

Dated: 12 / 03 / 2024

**DEFENDANTS**

**Bukhari Group LLC**

By: _____
    Name:

    Title:

Dated: _____

**4399 Bronx Chicken LLC**

By: _____
    Name:

    Title:

Dated: _____

**Baychester Chicken BG LLC**

By: _____
    Name:

    Title:

Dated: _____

**3555 White Plains BG LLC**

By: _____
    Name:

    Title:

Dated: _____

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

7.11    **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

7.12    **Signatures and Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument. Signature pages may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., using DocuSign). The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

**PLAINTIFFS**

By: _____         By: _____
Brianna Campbell                                    Shakeim Robinson

Dated: 12 / 03 / 2024                              Dated: 12 / 03 / 2024

By: _____
Kevaughn Robinson

Dated: 12 / 03 / 2024

**DEFENDANTS**

**Bukhari Group LLC**                           **4399 Bronx Chicken LLC**

By: _____         By: _____
Name: NAFEES BUKHARI                          Name: NAFEES BUKHARI

Title: MEMBER                                        Title: MEMBER

Dated: 12/30/24                                      Dated: 12/30/24

**Baychester Chicken BG LLC**              **3555 White Plains BG LLC**

By: _____         By: _____
Name: NAFEES BUKHARI                          Name: NAFEES BUKHARI

Title: MEMBER                                        Title: MEMBER

Dated: 12/30/24                                      Dated: 12/30/24

Page 18 of 19

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

**3411 Jerome Ave Corp.**

By: _____
    Name: NAFEES BUKHARI

    Title: MEMBER

Dated: 12/30/24 _____

By: _____
    a ees u ar

Dated: 12/30/24 _____

**Coney Food of NY LLC**

By: _____
    Name: NAFEES BUKHARI

    Title: MEMBER

Dated: 12/30/24 _____

By: _____
    Ali Butt

Dated: 12/30/24 _____

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

# Exhibit 1

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

**United States District Court for the Eastern District of New York**
*Campbell, et al. v. Bukhari Group LLC, et al.,* No. 22 Civ. 2813

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT


**[NAME]**
**[ADDRESS]**
**[CITY, STATE ZIP]**

---

**If you worked for Popeyes Louisiana Kitchen Restaurants at any time since
May 13, 2016, you may be entitled to a payment from a class action settlement.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Former employees of Popeyes Louisiana Kitchen Restaurants incorporated as 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC filed a class and collective action lawsuit against these entities and Bukhari Group LLC, Nafees Bukhari, and Ali Butt (collectively, "Defendants") alleging they violated their employees' wage-and-hour rights under federal, state, and city law. Defendants deny these allegations and maintain that its employees were properly paid.

- This notice is to inform you of a proposed settlement in this case affecting individuals employed at any time between May 13, 2016, through July 29, 2022.

- Under the proposed settlement, Defendant agreed to pay $400,000 (the "Settlement Amount") to be allocated among affected employees who qualify for a settlement payment, as well as to pay attorneys' fees, service payments, litigation costs, and the expenses of administering the settlement. Through this proposed settlement, you are entitled to receive approximately $[Class Amnt], which is based on the wages you were paid between May 13, 2016, through July 29, 2022.

- Your legal rights may be affected. You have a choice to make now:

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you do not exclude yourself, you will remain part of the case, but you will **not** receive a payment on your federal claim. You will receive approximately $[Class Amnt] and release certain city and state law claims. |
| **EXCLUDE YOURSELF** | If you submit a timely exclusion statement, you will not be part of the settlement of this case. This allows you to retain your right to sue Defendants for the violations of city and state law alleged in the Complaint.<br><br>*If you exclude yourself from the settlement, you will not be entitled to a settlement payment.* |
| **OBJECT** | If you object to the settlement, you may write to the Court about why you disapprove of the settlement. If you object in writing, you may also ask to speak in Court about the fairness of the settlement. You may not, however, object to the settlement if you exclude yourself from it. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

## United States District Court for the Eastern District of New York
### *Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

| **1.   Why did I get this notice?** |
| --- |

Defendants records state that you worked as one of the Popeyes Louisiana Kitchen Restaurants incorporated as Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC at some time between May 13, 2016, through July 29, 2022.  The Court has ordered that you be sent this notice because you have a right to know about a proposed wage-and-hour settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

The case is pending before the Honorable Peggy Kuo, U.S.M.J., in Eastern District of New York.  This lawsuit is known as *Campbell, et al. v. Bukhari Group LLC*, *et al*., No. 22 Civ. 2813.

The people who filed the lawsuit are called the "Plaintiffs."  The companies being sued, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, which do business Popeyes Louisiana Kitchen Restaurants, and two individuals, Nafees Bukhari, and Ali Butt, is called the "Defendants."

| **2.   Why is there a settlement?** |
| --- |

This lawsuit is about whether Defendants paid its employees all wages due under federal, state, and city laws, and gave them proper paystubs.  Defendants maintain that all employees were paid properly.  Defendants deny any liability in this action.

The Court ***did not*** decide in favor of Plaintiffs or Defendants.

| **3.   Why is this a class action?  What is a collective action?** |
| --- |

In a class action, individuals called "Class Representatives" sue on behalf of people who have similar claims.  These people together are a "Class" or "Class Members."  The individuals who sued are called the Plaintiffs.  One court resolves the issues for everyone in the Class – except for those who choose to exclude themselves from the Class.

In a collective action, individuals called "Class Representatives" sue on behalf of people who have similar claims and seek permission to notify others of the case and permit those individuals to join the case as a party plaintiff.  These people together are a "Collective" or "Collective Members."  The individuals who sued or joined the case after being notified of it are called the Plaintiffs.  One court resolves the issues for all of the Plaintiffs, including the Collective Members that joined the case.  The rights of the Collective Members that did not join the case are not directly affected by the lawsuit.

| **4.   How much will my payment be?** |
| --- |

Subject to final approval of the Court, you will be entitled to receive approximately $[Class Amount] for your city and state claims, unless you exclude yourself from the settlement.  This amount is determined based on the agreed-upon allocation formula, which provides that employees will

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

### United States District Court for the Eastern District of New York
*Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

receive a share of this settlement based upon the total wages paid from May 13, 2016, through July 29, 2022.  The Settlement Agreement contains the exact allocation formula.  To obtain a copy of the Settlement Agreement, please contact the Class Counsel or Settlement Administrator.

These are approximate amounts.  If the Court issues an order finally approving this Settlement Agreement, your final payment accounts will be calculated based on the amount of federal settlement monies claimed and the attorneys' fees, service awards, and settlement-administration costs awarded by the Court from the total settlement fund.

Neither Class Counsel nor Defendant make any representations concerning tax consequences of participating in this settlement.  You may wish to seek tax advice before acting on this Notice.

### 5.   How can I get my payment?

So long as you do not exclude yourself from the settlement (as explained in Paragraph 7), you will receive approximately $[Class Amnt].  Be sure to keep the Settlement Administrator, whose information is listed below, up to date with your address:



Popeye's Settlement
c/o Xpand Legal Consulting LLC
_____

Email: _____@_____

### 6.   What am I giving up to get a payment?  Am I releasing city, state, and federal claims?

Unless you exclude yourself (as explained in Paragraph 7), you will remain in the Class.  This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendant asserting violations of the New York Labor Law and Fair Workweek Law of New York City that occurred before July 29, 2022.  It also means that all the Court's orders related to the New York Labor Law and Fair Workweek Law of New York City will apply to and legally bind you.

### 7.   How do I opt out of the settlement?

If you do not want to receive a settlement payment and participate in this settlement, you must send a letter by mail that unconditionally states your intent to opt out of the settlement.  You must include your name, address, telephone number, and signature.  Your exclusion request must also contain words to the effect of "I elect to exclude myself from the settlement in *Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.)," and such request must be postmarked or received no later than **[insert date]**.  Exclusion requests must be sent to the Settlement Administrator at the address listed above in Paragraph 5.

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may also be able to sue (or continue to sue) Defendants in the future about some of the legal issues in this case if the time period to bring such claims has not expired.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

**United States District Court for the Eastern District of New York**
*Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

### 8. If I don't exclude myself, can I sue Defendants for the same thing later?

Unless you exclude yourself, you give up any rights to sue Defendants for violations of the New York Labor Law and Fair Workweek Law of New York City. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is **[insert date]**.

### 9. How do I object to the settlement?

If you're a Class Member, you can object to the settlement if you disapprove of any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the Settlement Administrator that includes words to the effect of "I object to the settlement in *Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.)" along with your reasons for objecting and whether you wish to be heard at a Fairness Hearing. Be sure to include your name, address, telephone number, and your signature. Send the objection to the Settlement Administrator at the address listed above in Paragraph 5.

Your objection must be postmarked or received no later than **[insert date]**.

### 10. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you disapprove of something about the settlement. You can object only if you stay in the Class. If you exclude yourself from the settlement, you may not object. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 11. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on [insert date and time], at United States District Court for the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201, in Courtroom 11C South. The hearing will be held [description].

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will consider any objections and listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement and how much to pay Class Counsel. We do not know how long these decisions will take.

### 12. Do I have to come to the hearing?

The Court will hold a Fairness Hearing on [insert date and time], at United States District Court Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201, at Courtroom 11C South. The hearing will be held [description].

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will consider any objections and listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement and how much to pay Class Counsel. We do not know how long these decisions will take.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

If you submit a timely objection to the Settlement Administrator before [the Notice Response Deadline], you may attend the Fairness Hearing at your own expense or pay your own lawyer to attend the Court.  Even if you do not attend the hearing, the Court may consider it.

### 13. Do I have a lawyer in this case?

The Court has decided that the lawyers at the law firm of Kessler Matura, P.C. is qualified to represent you and all Class Members.  These lawyers are called "Class Counsel."  You may contact Class Counsel with any questions you have about the settlement.  Their contact information is:

<table>
<tr><td>Troy L. Kessler<br>Garrett Kaske<br>Kessler Matura P.C.<br>534 Broadhollow Road, Ste. 275<br>Melville, NY 11747<br>Tel: (631) 499-9100<br>tkessler@kesslermatura.com<br>gkaske@kesslermatura.com</td><td>Delmas A. Costin, Jr.<br>The Law Office of<br>Delmas A. Costin, Jr., PC<br>930 Grand Concourse, Suite 1F<br>Bronx, NY 10451<br>Telephone: (718) 618-0589<br>dacostin@dacostinlaw.com</td></tr>
</table>

You will not be charged separately for these lawyers, because Class Counsel is being paid from the fund established as part of the settlement.  You do not need to retain your own attorney to participate as a Class Member.  If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

Class Counsel has asked the Court to approve payment of up to one-third of the Settlement Amount ($133,333.33) for attorneys' fees.  These fees are to compensate Class Counsel for investigating the facts, litigating the case, negotiating the settlement, and supervising the administration of the settlement.  Class Counsel has also asked the Court to approve payment of up to $5,000 for their out-of-pocket costs, excluding the cost of the Settlement Administrator.  The cost of the Settlement Administrator will also come from the settlement fund but will not exceed $12,500.

Class Counsel has also asked the Court to approve payments totaling $35,000 to the three Class Representatives and the two other Class Member who participated in this case before a settlement was reached, in recognition of the risks they took and their service to the Class.

### 15. Are there more details about the settlement?

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement by contacting Class Counsel.  If would like more information about this settlement, please contact Class Counsel, whose information is listed in Paragraph 13.

DATED:

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

# Exhibit 2

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

**United States District Court for the Eastern District of New York**
*Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

### CLAIM FORM

[Name]
[Street]
[City, State Zip]

**YOUR ESTIMATED SETTLEMENT SHARE:** If you properly submit this Claim Form by the deadline, you should receive approximately $_____, minus applicable taxes. This settlement share relates to your share of the claims brought under the federal law known as the Fair Labor Standards Act.

**DEADLINE:** To receive your settlement payment, you must complete, sign, and return this Claim Form in the enclosed pre-paid envelope. Your Claim Form must be postmarked or received on or before **[60th day from mailing]**. If you lose the envelope, you can mail the Claim Form to the below address. You may also return the Claim Form by fax or e-mail to the Settlement Administrator.

Popeye's Settlement
c/o Xpand Legal Consulting LLC
_____

Email: _____@_____

**CHANGE OF ADDRESS:** If you change your address, please inform Settlement Administrator of your new address. It is your responsibility to keep a current address on file with Settlement Administrator.

**RELEASE:** By signing, dating, and returning this Claim Form, you agree to be bound by the Settlement Agreement, and you will release all related wage-and-hour claims alleged in the Complaint, arising before July 29, 2022, from your employment with Defendants 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, by not opting out of the settlement, you will release all wage-and-hour claims alleged in the Complaint, arising between May 13, 2016 and July 29, 2022, from your employment with Defendants 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, during the Relevant Period, pursuant to the NYLL and Fair Workweek Law of New York City.

**CONSENT TO JOIN:** In addition, by returning this Claim Form you consent to join this case as a party plaintiff under the Fair Labor Standards Act.

_____    _____
Date                                    Signature

                             _____
                             Name (Printed)

**YOU MUST SUBMIT THIS FORM BY [60 DAYS FROM MAILING]**
**TO BE ELIGIBLE FOR PAYMENT.**

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

# Exhibit 3

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

### United States District Court for the Eastern District of New York
*Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

### SERVICE PAYMENT CLAIM FORM

I, _____, having reviewed the Settlement Agreement ("Agreement") in *Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813, consulted with my counsel, and had sufficient time to consider same, agree and understand as follows:

1.    **Consideration.**  By signing and returning this Service Payment Claim Form, I will be eligible to receive a Service Payment amounting to $_____.00, provided that the Court approves the Agreement and my Service Payment as is.  In exchange for this Service Payment, I agree to release Defendants from any claims I may have against them, as set forth below:

    a.  **Release of Claims**.  By signing, dating, and returning this Claim Form, I agree to be bound by the Settlement Agreement, and you will release all wage-and-hour claims alleged in the Complaint, arising from the Plaintiffs' and Class Members' employment with Defendants 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, during from May 13, 2016, through July 29, 2022, pursuant to the NYLL and Fair Workweek Law of New York City.

    b.  **General Release**.  In addition to the waiver and release above, and in consideration for the Service Payment, I, on behalf of myself, my heirs, executors, administrators, successors and assigns, voluntarily release and forever discharge Defendants and all Releasees from any claims whatsoever, in law or equity, which I may have against Releasees as of the date of the Preliminary Approval Order, whether known or unknown, asserted or unasserted, arising out of their employment with Defendants 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, including, but not limited to, any claims under federal, state or local laws, including but not limited to Title VII of the Civil Rights Act of 1965, Sections 1981 through 1988 of Title 42 of the United States Code, the Federal and New York Equal Pay Acts, the Employee Retirement Income Security Act of 1974, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act of 1990, the Fair Credit Reporting Act; the Federal Worker Adjustment and Retraining Act, the Occupational Safety and Health Act, the Family and Medical Leave Act of 1993, the New York State Human Rights Law, the New York Worker Adjustment and Retraining Act; the New York Civil Rights Law, the New York Paid Sick Leave Law, the New York paid Family Leave Law, the New York Corrections Law, the New York Labor Law, The New York City Human Rights Law, the New York City Earned Safe and Sick Leave Law, all statutes as amended.

2.    **Definitions.**  I understand that the capitalized terms are defined in the Agreement and those definitions are incorporated into this form.

3.    **Settlement Share.**  By signing, dating, and returning this Service Award Claim Form, I further agree to be bound by the Agreement and accept my Individual Settlement Payment, which is estimated to be $_____.

_____
Date

_____
Signature

_____
Name (Printed)

# Exhibit 4

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

**Popeye's Settlement**
**c/o Xpand Legal Consulting LLC**

[City], [State] [Zip]

**Forwarding Service Requested**

[insert name and address of class member]

---

### REMINDER REGARDING THE
### POPEYE'S SETTLEMENT

You should have received a Notice explaining that you may be eligible to participate in a settlement for employees of certain Popeye's Louisiana Kitchen Restaurants.

Our records show that you have not submitted a Claim Form. If you would like to participate in the settlement, you must complete a Claim Form and mail, fax, or email it by [date] to the Settlement Administrator at:

**Xpand Legal Consulting LLC**

**[City], [State] [Zip]**
**Fax: (___) ___-____**

**E-mail: _____@_____.com**

If you have any questions about the settlement, you can contact the attorneys at Kessler Matura P.C. at (631) 499-9100 or the Settlement Administrator. If you lost your Notice and Claim Form, please contact the Settlement Administrator at [(___) ___-____] or by email. Thank you.

# Exhibit 5

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRIANNA CAMPBELL, SHAKEIM ROBINSON, and :
KEVAUGHN ROBINSON on behalf of themselves and :
others similarly situated,                              :   Case No. 22 Civ. 2813 (PK)
                                        Plaintiff,      :
                                                       :
                                                       :
        - against -                                    :
                                                       :
BUKHARI GROUP LLC, NAFEES BUKHARI, an                  :
individual, ALI BUTT, an individual, 4399 BRONX        :
CHICKEN LLC, BAYCHESTER CHICKEN BG LLC.,               :
3555 WHITE PLAINS BG LLC, 3411 JEROME AVE              :
CORP., and CONEY FOOD OF NY LLC,                       :
                                                       :
                                        Defendants.    :
------------------------------------------------------------------------X

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
## PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AND
## CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of

Class Action Settlement and Conditional Certification of the Settlement Class ("Preliminary

Approval Motion"). In support of the Preliminary Approval Motion, Plaintiff submitted a

Memorandum of Law in Support of the Preliminary Approval Motion (the "Memorandum of

Law"), the Declaration of Garrett Kaske ("Kaske Declaration") and supporting exhibits.

Defendants do not oppose the motion.

Based upon the Court's review of the Memorandum of Law and Kessler Declaration,

the Court preliminarily approves the class action settlement memorialized in the Agreement,

attached to the Kaske Declaration and conditionally certifies the Class and FLSA Collective for

settlement purposes.[1]  The Court appoints Kessler Matura, P.C. and the Law Office of Delmas

---

[1]  All capitalized terms are defined in the Agreement, unless indicated otherwise.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

A. Costin, Jr,, PC as  Class Counsel and Xpand Legal Consulting LLC as the Settlement

Administrator.  The Court adopts the following settlement procedure set forth in the Agreement:

1. No later than seven days after the issuance of this Order, Defendants will provide the Settlement Administrator with  the  Class  List, in accordance with Sections 1.4 and 3.1(A) of the Settlement Agreement.

2. Within 10 days after the Settlement Administrator receiving the Class List, the Settlement Administrator will mail the approved Notices to all Class Members, via First Class Mail, in accordance with Section 3.1(B).

3. Class Members will have 75 days from the date the Notices are mailed to participate in, exclude themselves from, or object to the settlement, in accordance with Sections 3.1(C), 3.2(A), and 3.3(A).

4. The Court will hold a final fairness hearing on _____ _____, 2025 at _____ a.m./p.m., at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201, in Courtroom 11C South.

5. The hearing will be held in person.

The Court hereby authorizes Defendants to disclose the Class Members' Social Security

Numbers to the Settlement Administrator for purposes consistent with the Agreement.

The Class Members are enjoined from filing any action against Defendants regarding those

claims released in the Agreement unless and until such Class Members have filed valid requests

to be excluded from the settlement.

The Parties shall abide by the terms of the Agreement.

This constitutes the Decision and Order of this Court:

Dated:  Brooklyn, New York                    **SO ORDERED**:

_____ ____, 2024

_____
Hon. Peggy Kuo
United States Magistrate Judge

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

# **<u>Exhibit 6</u>**

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

BRIANNA CAMPBELL, SHAKEIM ROBINSON, and          :
KEVAUGHN ROBINSON on behalf of themselves and    :
others similarly situated,                        : Case No. 22 Civ. 2813 (PK)
                                    Plaintiff,    :
                                                  :
                                                  :
         - against -                              :
                                                  :
BUKHARI GROUP LLC, NAFEES BUKHARI, an             :
individual, ALI BUTT, an individual, 4399 BRONX   :
CHICKEN LLC, BAYCHESTER CHICKEN BG LLC.,          :
3555 WHITE PLAINS BG LLC, 3411 JEROME AVE         :
CORP., and CONEY FOOD OF NY LLC,                  :
                                                  :
                                    Defendants.   :

------------------------------------------------------------------------X

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
### FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

This matter came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement ("Final Approval Motion"). In support of the Final Approval Motion, Plaintiff submitted a Memorandum of Law in Support of the Final Approval Motion (the "Memorandum of Law"), the Declaration of Troy L. Kessler ("Kessler Declaration") and supporting exhibits. Defendants do not oppose the motion.

Based upon the Court's review of the Memorandum of Law and Kessler Declaration, the Court approves the class action settlement as follows:

1.      The Parties' settlement, memorialized in the Agreement attached to the Kessler Declaration as Exhibit A, is fair, adequate, reasonable, and binding on Plaintiff and all Class Members who have not timely and properly opted out pursuant to Section 3.2. The Court further finds that the Agreement meets the standards for approval and dismissal under the Fair Labor Standards Act. As a result, the Court approves the settlement and "So Orders" all its terms which

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

are incorporated herein. Capitalized terms used in this Order have the same meaning as set forth in the Agreement, unless defined otherwise.

2.      The Court grants final certification of the Class and FLSA Collective for settlement purposes.

3.      The Court approves the Service Payment set forth in Section 4.3(A) of the Agreement.

4.      The Court grants Plaintiff's' request for attorneys' fees and out-of-pocket costs and expenses.

5.      The Court approves of the selection of Brandworkers Inc. as a *cy pres* designee as per Section 4.5.

6.      The Court adopts the following settlement procedure set forth in the Agreement:

| Event or Deadline | Due by Date or Date Certain |
|---|---|
| Deadline for Settlement Administrator to distribute the Settlement Checks. | By the earlier of (a) 10 days after the final Installment Payment is made or (b) 14 days after the Effective Date if the final Installment Payment has already been made. |
| Deadline for Class Members to cash their Settlement Checks. (*I.e.,* the end of the check cashing period.). | 120 days after the Claims Administrator distributes the Settlement Checks. |
| Donation of the uncashed funds, if any, to the *cy pres* designee. | 21 days after the close of the check-cashing period. |

7.      The parties shall abide by the terms of the Agreement.

8.      With the exception of those Class Members who filed valid requests to be excluded from the settlement, Plaintiffs and all Qualified Class Members are permanently enjoined from seeking to reopen or filing any claims against Defendants that were released by this Agreement.

9.      The Litigation is dismissed with prejudice.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

10.    The Court shall retain jurisdiction over the interpretation and implementation of this Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

11.    This constitutes the decision and order of this Court.

Dated:   Brooklyn, New York                    **SO ORDERDED**:

_____ ____, 2024

_____
Hon. Peggy Kuo
United States Magistrate Judge

3

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

# **Exhibit 7**

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

**United States District Court for the Eastern District of New York**

*Campbell, et al. v. Bukhari Group LLC, et al., No. 22 Civ. 2813*

**NOTICE OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT**



---

### If you worked for Popeyes Louisiana Kitchen Restaurants at any time since May 13, 2016, you may be entitled to a payment from a class action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Former employees of Popeyes Louisiana Kitchen Restaurants incorporated as 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC filed a class and collective action lawsuit against these entities and Bukhari Group LLC, Nafees Bukhari, and Ali Butt (collectively, "Defendants") alleging they violated their employees' wage-and-hour rights under federal, state, and city law. Defendants deny these allegations and maintain that its employees were properly paid.

- This notice is to inform you of a proposed settlement in this case affecting individuals employed at any time between May 13, 2016, through July 29, 2022.

- Under the proposed settlement, Defendant agreed to pay $400,000 (the "Settlement Amount") to be allocated among affected employees who qualify for a settlement payment, as well as to pay attorneys' fees, service payments, litigation costs, and the expenses of administering the settlement. Through this proposed settlement, you are entitled to receive approximately $[Total Amount], which is based on the wages you were paid between May 13, 2016, through July 29, 2022. As detailed below in Paragraph 5, to receive the full payment, you must return a properly completed Claim Form to the Settlement Administrator, postmarked or received by [insert date].

- Your legal rights may be affected. You have a choice to make now:

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN THE CLAIM FORM** | If you return a completed claim form, you will be opted into case and receive a settlement payment of approximately $[FLSA Amount] for your federal claims. You will also release certain claims under state and federal law and receive approximately $[City & State Amnt] for those claims. |
| **DO NOTHING** | If you do not return the claim form and you do not exclude yourself, you will remain part of the case, but you will **not** receive a payment on your federal claim. You will receive approximately $[City & State Amnt] and release certain city and state law claims. |
| **EXCLUDE YOURSELF** | If you submit a timely exclusion statement, you will not be part of the settlement of this case. This allows you to retain your right to sue Defendants for the violations of city and state law alleged in the Complaint. *If you exclude yourself from the settlement, you will not be entitled to a settlement payment.* |
| **OBJECT** | If you object to the settlement, you may write to the Court about why you disapprove of the settlement. If you object in writing, you may also ask to speak in Court about the fairness of the settlement. You may not, however, object to the settlement if you exclude yourself from it. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

| **1.   Why did I get this notice?** |
|---|

Defendants records state that you worked as one of the Popeyes Louisiana Kitchen Restaurants incorporated as Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC at some time between May 13, 2016, through July 29, 2022.  The Court has ordered that you be sent this notice because you have a right to know about a proposed wage-and-hour settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

The case is pending before the Honorable Peggy Kuo, U.S.M.J., in Eastern District of New York. This lawsuit is known as *Campbell, et al. v. Bukhari Group LLC*, *et al.*, No. 22 Civ. 2813.

The people who filed the lawsuit are called the "Plaintiffs."  The companies being sued, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, which do business Popeyes Louisiana Kitchen Restaurants, and two individuals, Nafees Bukhari, and Ali Butt, is called the "Defendants."

| **2.   Why is there a settlement?** |
|---|

This lawsuit is about whether Defendants paid its employees all wages due under federal, state, and city laws, and gave them proper paystubs.  Defendants maintain that all employees were paid properly.  Defendants deny any liability in this action.

The Court ***did not*** decide in favor of Plaintiffs or Defendants.

| **3.   Why is this a class action?  What is a collective action?** |
|---|

In a class action, individuals called "Class Representatives" sue on behalf of people who have similar claims.  These people together are a "Class" or "Class Members."  The individuals who sued are called the Plaintiffs.  One court resolves the issues for everyone in the Class – except for those who choose to exclude themselves from the Class.

In a collective action, individuals called "Class Representatives" sue on behalf of people who have similar claims and seek permission to notify others of the case and permit those individuals to join the case as a party plaintiff.  These people together are a "Collective" or "Collective Members." The individuals who sued or joined the case after being notified of it are called the Plaintiffs.  One court resolves the issues for all of the Plaintiffs, including the Collective Members that joined the case.  The rights of the Collective Members that did not join the case are not directly affected by the lawsuit.

| **4.   How much will my payment be?** |
|---|

Subject to final approval of the Court, you will be entitled to receive approximately $[City & State Amnt] for your city and state claims, unless you exclude yourself from the settlement.  If you return a

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

**United States District Court for the Eastern District of New York**
*Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

timely, completed Claim Form, you will also be entitled to receive approximately $[FLSA Amount] for your federal claims.

These amounts are determined based on the agreed-upon allocation formula, which provides that employees will receive a share of this settlement based upon the total wages paid from May 13, 2016, through July 29, 2022. The Settlement Agreement contains the exact allocation formula. To obtain a copy of the Settlement Agreement, please contact the Class Counsel or Settlement Administrator.

These are approximate amounts. If the Court issues an order finally approving this Settlement Agreement, your final payment accounts will be calculated based on the amount of federal settlement monies claimed and the attorneys' fees, service awards, and settlement-administration costs awarded by the Court from the total settlement fund.

Neither Class Counsel nor Defendant make any representations concerning tax consequences of participating in this settlement. You may wish to seek tax advice before acting on this Notice.

## 5. How can I get my payment?

To get your federal-law payment of approximately $[FLSA Amount], you must return a properly completed Claim Form to the Settlement Administrator postmarked or received no later than **[date]**. A pre-paid envelope is enclosed for your convenience. You may also return your Claim Form by e-mail:



Popeye's Settlement
c/o Xpand Legal Consulting LLC

Email: _____@_____

If you submit a completed Claim Form to the Settlement Administrator by the deadline, you will be sent a settlement check if and when all appeals, if any, are resolved and the settlement becomes effective. If you do nothing or exclude yourself, you will not receive this approximate payment of $[FLSA Amount].

It is recommended that you make a copy of, take a picture of, or scan your completed Claim Form, before returning it. Keep a copy of it along with this notice and any proof of mailing (such as a postage receipt or your email submitting the completed Claim Form) for your records.

So long as you do not exclude yourself from the settlement (as explained in Paragraph 7), you will receive approximately $[City & State Amnt] for your city and state claims, even if you do not submit a completed Claim Form.

Be sure to keep the Settlement Administrator up to date with your address.

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

**United States District Court for the Eastern District of New York**
*Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

| **6. What am I giving up to get a payment? Am I releasing city, state, and federal claims?** |
|---|

Unless you exclude yourself (as explained in Paragraph 7), you will remain in the Class. This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendant asserting violations of the New York Labor Law and Fair Workweek Law of New York City that occurred before July 29, 2022. It also means that all the Court's orders will apply to and legally bind you.

Furthermore, if you submit a completed Claim Form, you consent to join this case under the Fair Labor Standards Act. By consenting to join the case through the Claim Form, you will release your right to sue Defendants under the Fair Labor Standards Act for overtime claims that arose before July 29, 2022. It also means that all the Court's orders related to the Fair Labor Standards Act claims in this case will apply to and legally bind you.

| **7. How do I opt out of the settlement?** |
|---|

If you do not want to receive a settlement payment and participate in this settlement, you must send a letter by mail that unconditionally states your intent to opt out of the settlement. You must include your name, address, telephone number, and signature. Your exclusion request must also contain words to the effect of "I elect to exclude myself from the settlement in *Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.)," and such request must be postmarked or received no later than **[insert date]**. Exclusion requests must be sent to the Settlement Administrator at the address listed above in Paragraph 5.

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) Defendants in the future about some of the legal issues in this case if the time period to bring such claims has not expired.

| **8. If I don't exclude myself, can I sue Defendants for the same thing later?** |
|---|

Unless you exclude yourself, you give up any rights to sue Defendants for violations of the scheduling laws of New York City or the overtime, minimum wage, and wage statement laws of New York State. However, even if you do not exclude yourself and do not submit a Clam Form, you will retain your right to sue Defendants for violations of the federal overtime law, the Fair Labor Standards Act, *only*.

If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is **[insert date]**.

| **9. How do I object to the settlement?** |
|---|

If you're a Class Member, you can object to the settlement if you disapprove of any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the Settlement Administrator that includes words to the effect of "I object to the settlement in *Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.)" along with your reasons for objecting and whether you wish to be heard at

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

a Fairness Hearing.  Be sure to include your name, address, telephone number, and your signature.  Send the objection to the Settlement Administrator at the address listed above in Paragraph 5.

Your objection must be postmarked or received no later than **[insert date]**.

### 10. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you disapprove of something about the settlement.  You can object only if you stay in the Class.  If you exclude yourself from the settlement, you may not object.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### 11. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on [insert date and time], at United States District Court for the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201, in Courtroom 11C South.  The hearing will be held [description].

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  The Court will consider any objections and listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement and how much to pay Class Counsel.  We do not know how long these decisions will take.

### 12. Do I have to come to the hearing?

The Court will hold a Fairness Hearing on [insert date and time], at United States District Court Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201, at Courtroom 11C South.  The hearing will be held [description].

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  The Court will consider any objections and listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement and how much to pay Class Counsel.  We do not know how long these decisions will take.

If you submit a timely objection to the Settlement Administrator before [the Notice Response Deadline], you may attend the Fairness Hearing at your own expense or pay your own lawyer to attend the Court.  Even if you do not attend the hearing, the Court may consider it.

### 13. Do I have a lawyer in this case?

The Court has decided that the lawyers at the law firm of Kessler Matura, P.C. is qualified to represent you and all Class Members.  These lawyers are called "Class Counsel."  You may contact Class Counsel with any questions you have about the settlement.  Their contact information is:

| | |
|---|---|
| Troy L. Kessler | Delmas A. Costin, Jr. |
| Garrett Kaske | The Law Office of |
| Kessler Matura P.C. | Delmas A. Costin, Jr., PC |

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

| | |
|---|---|
| 534 Broadhollow Road, Ste. 275 | 930 Grand Concourse, Suite 1F |
| Melville, NY 11747 | Bronx, NY 10451 |
| Tel: (631) 499-9100 | Telephone: (718) 618-0589 |
| tkessler@kesslermatura.com | dacosta@dacostinlaw.com |
| gkaske@kesslermatura.com | |

You will not be charged separately for these lawyers, because Class Counsel is being paid from the fund established as part of the settlement.  You do not need to retain your own attorney to participate as a Class Member.  If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

| **14. How will the lawyers be paid?** |
|---|

Class Counsel has asked the Court to approve payment of up to one-third of the Settlement Amount ($133,333.33) for attorneys' fees.  These fees are to compensate Class Counsel for investigating the facts, litigating the case, negotiating the settlement, and supervising the administration of the settlement.  Class Counsel has also asked the Court to approve payment of up to $5,000 for their out-of-pocket costs, excluding the cost of the Settlement Administrator.  The cost of the Settlement Administrator will also come from the settlement fund but will not exceed $12,500.

Class Counsel has also asked the Court to approve payments totaling $35,000 to the three Class Representatives and the two other Class Member who participated in this case before a settlement was reached, in recognition of the risks they took and their service to the Class.

| **15. Are there more details about the settlement?** |
|---|

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement by contacting Class Counsel.  If would like more information about this settlement, please contact Class Counsel, whose information is listed in Paragraph 13.


DATED:

Doc ID: 697c203bb5900be1c0f866578c9ec4c527262d59