# **<u>Exhibit H</u>**

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


 ALEXIS LUCENTE, on behalf of    *   Case No. 23-CV-3560(SIL)
 herself and others similarly    *
 situated,                       *
                                 *
             Plaintiff,          *   Long Island Federal
                                 *    Courthouse
                                 *   100 Federal Plaza
      v.                         *   Central Islip, NY  11722
                                 *
 EAD ENTERTAINMENT, LLC,         *   November 7, 2024
  et al.,                        *
                                 *
             Defendants.         *
                                 *
 *  *  *  *  *  *  *  *  *  *  *  *  *  *

             TRANSCRIPT OF CIVIL CAUSE FOR ORAL ARGUMENT
                BEFORE THE HONORABLE STEVEN I. LOCKE
                   UNITED STATES MAGISTRATE JUDGE

 APPEARANCES:

 For the Plaintiff:              GARRETT KASKE, ESQ.
                                 JEFFREY MAGUIRE, ESQ.
                                 534 Broadhollow Road
                                 Melville, NY  11747

 For the Defendants:             CAROLYN PELLEGRINI, ESQ.
                                 Saul Ewing LLP
                                 Centre Square West
                                 1500 Market Street
                                 Philadelphia, PA  19102




 Proceedings recorded by electronic sound recording,
 transcript produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**Shelton, CT 06484 (203)732-6461**

2

```
 1          (Proceedings commenced at 11:59 a.m.)
 2               THE COURT:  Calling case 23-CV-3560, Lucente, et
 3     al. vs. EAD Entertainment, LLC, et al.
 4               Counsel, please state your appearance for the
 5     record.
 6               MR. KASKE:  Good afternoon, Your Honor.  Garrett
 7     Kaske, from the law firm of Kessler Matura, for plaintiffs.
 8               MR. MAGUIRE:  Good afternoon, Your Honor.  Jeff
 9     Maguire, from Stevenson Marino, for plaintiffs.
10               MS. PELLEGRINI:  Good afternoon, Your Honor.
11     Carolyn Pellegrini, from Saul Ewing, on behalf of defendant.
12               THE COURT:  Good afternoon.  Please be seated.
13               We're here for a -- I guess oral argument on the
14     motion for settlement approval.  It's docket entry 32, filed
15     by Mr. Kaske.
16               You'll be doing the talking, Mr. Kaske?
17               MR. KASKE:  Yes, Your Honor.
18               THE COURT:  All right.  I've reviewed all the
19     papers.  A couple of questions.
20               I noticed in the papers it says that recovery
21     amount comes out to be about 20 percent of the total
22     recoverable amount soaking wet.
23               Does that fraction change if you get rid of the
24     notice claims?  I think you may have some problems
25     maintaining 195 claims.
```

1           MR. KASKE:  Yes, Your Honor.  The value of the
2  recovery would go up if there were no --
3           THE COURT:  To what?
4           MR. KASKE:  -- notice claims.
5           So the value --
6           THE COURT:  Approximately.
7           MR. KASKE:  We attributed the damages for the
8  notice claims was $312,000.
9           THE COURT:  Right.  And if you get rid of that --
10          MR. KASKE:  That's about 30 percent of the --
11          THE COURT:  So 28 percent becomes 50-something
12  percent?
13          MR. KASKE:  Yes, Your Honor.
14          THE COURT:  Okay.  Would you agree that you may
15  have some trouble with the 195 claims in light of the Second
16  Circuit's decision in *Guthrie*?
17          MR. KASKE:  Yes, Your Honor.
18          THE COURT:  Do you know what I'm talking about?
19          MR. KASKE:  Yes. I would say that I think *Guthrie*
20  did clarify that the easy way out for plaintiffs in those
21  claims is taken away, but also the standard that some judges
22  were holding plaintiffs to isn't as high.
23          So, yes, we would have to show that there was some
24  harm, but it's not as a high bar as some courts have set,
25  fortunately.  That is --

4

1    THE COURT:  Spoken as a plaintiff's lawyer or --
2    MR. KASKE:  Yes.
3    THE COURT:  That's fine.  That's fine.
4    MR. KASKE:  But you're right.  A hundred percent we
5    would have to make a real showing that there was some sort of
6    harm both on the pleadings and then throughout the case to
7    maintain those claims in this courthouse.
8    THE COURT:  Well, I appreciate that it may say that
9    in the pleadings, but I imagine at some point Ms. Pellegrini
10   would want to depose one or more of your clients so that they
11   could explain how they were harmed as a result of that, and
12   perhaps after those depositions those claims, which I'm sure
13   are adjusted in every complaint now, might not hold water, or
14   create a problem, certainly on a classwide basis.
15   MR. KASKE:  Precisely.
16   THE COURT:  And so I would have concerns about the
17   viability of those claims in any event, but they would only
18   seem to increase your application in this event.
19   MR. KASKE:  Precisely, Your Honor.  And so second
20   question.  $40,000 to the named plaintiff.  I've never seen
21   $40,000 to the named plaintiff before, have you?
22   MR. KASKE:  Well, in large scale cases, yes.  But
23   it's not to the named plaintiff.  It's to a group of
24   plaintiffs.
25   THE COURT:  Oh.  I'm sorry.

5

1     MR. KASKE:  The named plaintiff is only seeking
2 $6,000 for herself.
3     The others are -- I'm sorry.  When I say named
4 plaintiff I mean Alexis Lucente.  That's the lead.  The
5 remaining plaintiffs are -- their shares of that $40,000
6 range between $4,150 to $4,625.
7     THE COURT:  My mistake.  Okay.  Is there anything
8 you want to add to your motion papers, which you should feel
9 to make any record you want, but I did read them.
10     MR. KASKE:  No, Your Honor.
11     THE COURT:  Ms. Pellegrini, do you want to be heard
12 on any of this?
13     MS. PELLEGRINI:  No, Your Honor.
14     THE COURT:  Your client just wants this to go away.
15     MS. PELLEGRINI:  I'm the money, Your Honor.
16     THE COURT:  I'm sorry?
17     MS. PELLEGRINI:  I'm the money, Your Honor.
18     THE COURT:  You said it. I didn't.
19     Look, the motion's granted.  I have no problem with
20 any part of this.  I have no problem with the attorney's
21 fees.  If the Kessler firm tells me this is what it is, I
22 would take that to the bank and I am comfortable with all of
23 it.
24     So here we are.  The motion's granted.  I'll sign
25 the draft order that is Exhibit J and I expect not to see you

6

1  here, although I know the court retains jurisdiction should
2  something come up.
3          Is there anything else from the plaintiffs?
4          MR. KASKE:  No, Your Honor.
5          THE COURT:  From the defense?
6          MS. PELLEGRINI:  No, Your Honor.
7          THE COURT:  Thank you, all.  Have a good day.
8          MS. PELLEGRINI:  Thank you.
9       (Proceedings concluded at 12:03 p.m.)
10      I, CHRISTINE FIORE, court-approved transcriber and
11  certified electronic reporter and transcriber, certify that
12  the foregoing is a correct transcript from the official
13  electronic sound recording of the proceedings in the above-
14  entitled matter.

*Christine Fiore*

                                        November 13, 2024

18  Christine Fiore, CERT
19      Transcriber