UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRIANNA CAMPBELL, SHAKEIM ROBINSON, and
KEVAUGHN ROBINSON on behalf of themselves and
others similarly situated,

                  Plaintiffs,

      - against -

BUKHARI GROUP LLC, NAFEES BUKHARI, an
individual, ALI BUTT, an individual, 4399 BRONX
CHICKEN LLC, BAYCHESTER CHICKEN BG LLC.,
3555 WHITE PLAINS BG LLC, 3411 JEROME AVE
CORP., and CONEY FOOD OF NY LLC,

                  Defendants.
------------------------------------------------------------------------X

Case No. 22 Civ. 2813 (PK)

## AMENDMENT TO SETTLEMENT AGREEMENT

**WHEREAS**, Plaintiffs, on behalf of themselves and all others similarly situated, and Defendants Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., Coney Food of NY LLC, Nafees Bukhari, and Ali Butt entered into the first agreement to settle this matter on a class-wide basis on February 14, 2024 (ECF No. 66-3), and Plaintiff moved for preliminary approval of that agreement on February 15, 2024 (ECF No. 66).

**WHEREAS**, the Parties amended the first settlement agreement on April 26, 2024 (ECF No. 69), after, on April 17, 2024, the Court requested that Plaintiffs provide additional information regarding the Parties' intent to resolve the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"), claims of Class Members, as the Agreement was lacking clarity in this regard.

**WHEREAS**, the Court held a Preliminary Approval Hearing on June 21, 2024, and thereafter, denied Plaintiffs' preliminary approval motion on August 19, 2024 (ECF No. 72).

**WHEREAS**, thereafter the Parties renegotiated their settlement and entered into the operative Agreement (ECF No. 75-3), which was submitted to the Court on January 3, 2025, for preliminary approval (ECF No. 75).

**WHEREAS**, the Court held a Preliminary Approval Hearing on April 23, 2025, and issued a corresponding Minute Entry and Order on ECF on April 28 2025.

**WHEREAS**, at the hearing on April 23 and in the Court's Minute Entry and Order, the Court instructed the Parties to submit updated Notices for review and approval, in accordance with the discussion held at the hearing, and clear up any confusion in the allocation formula related to unclaimed or unapproved funds.

**NOW THEREFORE**, the Parties amend the Agreement as follows to clarify the Parties' intention that any unclaimed funds and unapproved fees, costs, or Service Payments will be included in the Net Settlement Fund:

(A) The references to "Sections 4.2(B), 4.2(C), and 4.6(C)" in Sections 4.4(B) and 4.4(B)(3) are amended to be "Sections 4.2(B), 4.3(B), and 4.6(B)."

(B) The following sentence will be added to Section 4.4(B)(3): "In other words and for the avoidance of doubt, after final approval, the numerator used in the allocation formula will be recalculated to account for the actual amount of fees, costs, and Service Payments approved by the Court and the denominator will be the sum of all points allocated to Qualified Class Members and FLSA Collective Members."

As such, Section 4.4(B)(3) will now read as follows:

> After final approval, the Individual Settlement Payments will be calculated using this methodology, except it shall take into account the following: (a) funds attributable to the FLSA claims of the Putative FLSA Collective Members who did not submit Claim Forms shall be reallocated to all Qualified Class Members and FLSA Collective Members; (b) funds attributable to the NYLL claims of Class Members who opted out shall be reallocated to all Qualified Class Members and FLSA Collective Members; and (3) any other adjustments made to the Net Settlement Fund, including those contemplated in Sections 4.2(B), 4.3(B), and 4.6(B). In other words, and for the avoidance of doubt, after final approval, the numerator used in the allocation formula will be recalculated to account for the actual amount of fees, costs, and Service Payments approved by the Court and the denominator will be the sum of all points allocated to Qualified Class Members and FLSA Collective Members.

**FURTHER,** the Parties also agree to amend the Exhibits to the Agreement, in the attached form, to improve the accuracy and clarity of the Notices (**Exhibit 1** and **Exhibit 7**) and Claim Form (**Exhibit 2**), and to update the Preliminary Approval Order (**Exhibit 5**) to reflect this Amendment.

*   *   *   *

[INTENTIONALLY LEFT BLANK – SIGNATURES ON FOLLOWING PAGE]

Dated: Tarrytown, New York
      May 5, 2025

/Kaitlyn Long /GK
Kaitlyn P. Long

Kaitlyn P. Long
**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C**
580 White Plains Rd., Suite 620
Tarrytown, New York 10591
(914) 345-3701
klong@moodklaw.com

**Attorneys for Defendants**

Dated: Melville, New York
      May 5, 2025

_____
Garrett Kaske

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com

Delmas A. Costin, Jr.
**THE LAW OFFICE OF DELMAS A. COSTIN, JR., PC**
930 Grand Concourse, Suite 1F
Bronx, NY 10451
Telephone: (718) 618-0589
dacostin@dacostinlaw.com

**Attorneys for Plaintiffs and the Putative FLSA Collective and Classes**