

January 8, 2026

**Via ECF**
Honorable Peggy Kuo, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   Re:   *Campbell, et al. v. Bukhari Group LLC, et al.*
>         No. 22 Civ. 2813 (PK)

Dear Judge Kuo:

The Parties write to advise the Court that Defendants are still working to produce all the requisite information needed to issue the Notice. As such, we respectfully request that Court (i) grant Defendants until January 15 to produce all outstanding data, described in detail below paragraph of this letter, and (ii) adjourn the settlement notice deadlines as set forth below.

Under the amended settlement timeline, Defendants were supposed to produce the entire Class List by December 29. *See* ECF Nos. 83 (Stip. & Order) ¶ 1, 84 (Ltr. to Ct.) ¶¶ 3-4. The Class List is defined under the Settlement Agreement as an electronic list containing contact information, dates of employment, and "total gross earnings paid by Defendants" for each Class Member. *See* ECF No 75-3 (Agr.) § 1.4. The dates of employment and total gross earnings are needed to issue notice and determine the Class Members' settlement shares – as they are a stand-in for the damages sought in this case. *See id*. § 4.4(B); 75-2 (Kaske Decl.) ¶ 30.

Although the Defendants produced additional contact information and payroll data on December 12 and December 29, the production remains deficient and requires Defendants to engage in additional quality control. After the Settlement Administrator received the data, it alerted the parties that information was still missing and shared the data with Plaintiffs' Counsel, along with an issue log. The Settlement Administrator notified the Parties that the following issues with the data: (A) there are 234 records where individuals are listed on multiple lines of the Class List; (B) addresses for 62 Class Members were incomplete or entirely missing; (C) 61 Class Members did not have an end date listed; and (D) a hire date and a couple SSNs were not provided.

We can report that issues B and D are fully resolved. Plaintiffs' Counsel, in consultation with the Settlement Administrator and Defendants' Counsel, completed the addresses for 58 of the 62 Class Members. The Settlement Administrator will do a skiptrace on the other four. Plaintiffs' Counsel also determined that the missing hire date was not necessary for calculating the Class Member's individual share, or for any other purpose, because given the duration of her employment (about three months) and when she worked, the Parties only need her gross payroll information to calculate her share, which Defendants produced. Additionally, the missing SSNs do not affect the calculations and will not delay notice.

With regards to issue A, Plaintiffs' Counsel is confident that these lines of data can be consolidated by SSN, as these appear to be individuals who worked for Defendants at multiple



Honorable Peggy Kuo, U.S.M.J.
Re: *Campbell v. Bukhari Group LLC.*
January 8, 2026
Page 2 of 3

locations or during different time periods. As a result, we believe that this will be confirmed by Defendants in short order and the Settlement Administrator will then reconcile the data.

Unfortunately, in working to resolve issue C, we determined that despite the recent production, about 40 Class Members still need to have their end dates produced. The recent payroll data confirmed that 11 of the original 61 individuals worked outside the Relevant Period and are not Class Members. We also confirmed that another person's actual end date was not needed because that person was an active employee at the end of the Relevant Period (July 2022). Similarly, Plaintiffs' Counsel confirmed that some of the end dates are not needed for a group of 33 Class Members because the payroll data shows that they were active employees at the end of the Relevant Period. Finally, earlier today, Defendants' Counsel confirmed that they've fixed the majority of these outstanding issues already and are working with Defendants to resolve the rest.

Additionally, we identified two additional problems: (1) Defendants did not provide gross payroll data for a small set of Class Members employed in 2018; and (2) the data appears to include some individuals who are not Class Members. With regards to the former, Defendants advised that they are working to produce the missing information. With regards to the individuals on the Class List who appear to not be Class Members, Plaintiffs' Counsel has identified four individuals who we believe were either a salaried general manager, salaried district manager, or an executive of Defendants, based on the testimony we obtained in the case. Plaintiffs' Counsel has asked Defendants to confirm this – or advise that these Class Members were not exempt for the entire Relevant Period, rendering them Class Members. Defendants Counsel has advised that they are working with Defendants to remove these members of upper management from the list.

For these reasons, the Settlement Administrator will not be able to issue the notices by January 8, as ordered. *See* ECF No. 84 (Ltr. to Ct.) at 2; ECF Ord, Dec. 22, 2025. To preserve the Final Fairness Hearing date and the approval filing deadline, the Parties propose the following adjournments:

| Description | Amened Outside Deadline | Estimated Proposed Outside Deadline |
|---|---|---|
| 1. Complete Class List Due. *See* 75-3 (Agr.) §§ 1.4, 3.1(A). | December 29, 2025 | January 15, 2026 |
| 2. Deadline to Mail Notice. *See id*. § 3.1(B). (Was 10 days after ¶ 1). | January 8, 2026 | January 22 2026 |
| 3. Deadline to File Confirmation of Notice Mailing. (Plaintiffs' Counsel can file it the next day) | January 15, 2026 | January 23, 2026 |



Honorable Peggy Kuo, U.S.M.J.
Re: *Campbell v. Bukhari Group LLC.*
January 8, 2026
Page 3 of 3

| | | |
|---|---|---|
| 4. 75-Day Notice Period, with a Possible 21-Day Extension. *See id.* §§ 3.1(C), 3.2(A), & 3.3(A). (96 days after ¶ 2). | April 14, 2026 | April 28, 2026 |
| 5. Counsel to File Notice of Collective Members, Opt-Outs, and Objectors. *See id.* §§ 3.1(F). (10 days after ¶ 4 for Settlement Administrator to provide list; Plaintiffs' Counsel will file next day). | April 29, 206 | May 9, 2026 |
| 6. Plaintiffs' Counsel to File Motion for Final Approval. (30 days before Final Fairness Hearing) | May 6, 2026 | same |
| 7. Plaintiffs' Counsel to Supplement the Final Motion for Final Approval (only if any additional Notices, Opt-Outs, or Objections are provided between May 6 and May 9) | n/a | May 13, 2026 |
| 8. Final Fairness Hearing before Honorable Peggy Kuo, U.S.M.J., in Courtroom 11C South. | June 5, 2026, at 11:00 am | same |

Thank you for your time and consideration of this matter.

Respectfully submitted,

Garett Kaske

cc: Counsel of Record (via ECF)