

**Via ECF**                                                                      February 6, 2026

Honorable Peggy Kuo, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    *Campbell, et al. v. Bukhari Group LLC, et al.*
                 No. 22 Civ. 2813 (PK)

Dear Judge Kuo:

      The Parties write to respectfully request that the Court so order the attached stipulation. The attached stipulation includes a schedule to bring this matter through the Final Fairness Hearing, with all remaining dates being keyed to an order approving the schedule. This letter and the stipulation also address how the Parties propose resolving the gaps in Defendants' data, so the settlement money can be allocated fairly, and the approval process can continue.

      This week, the Parties worked with the Settlement Administrator to resolve the discrepancies discussed in our letter from last Friday. Defendants again reviewed their records and provided the Settlement Administrator with whatever additional information they could locate. Despite these efforts, the Parties have determined that we have an incomplete set of date-of-employment and payroll data for 98 individuals out of the 421 Class Members.

      In reviewing the data set with the Settlement Administrator and each other, the Parties determined that the incomplete data can be filled in using averages derived from the existing data. That is, each Class Member's weekly earnings can be determined by dividing the gross payroll by the weeks employed. That information can then be used to: (a) estimate the weeks employed during years in which only payroll data was produced; and (b) estimate the gross pay for weeks in which only the dates of employment were produced. The Parties believe this is a reasonable and fair means of closing the gaps in the data. The alternative includes the timely, costly review of new data sources, such as WhatsApp messages, schedules, or affirmations from Class Members.

      The touchstone for whether the allocation plan can be approved is whether it is fair and rational. *See Hart v. RCI Hosp. Holdings, Inc.*, No. 09 Civ. 3043, 2015 WL 5577713, at *12 (S.D.N.Y. Sept. 22, 2015) ("As many courts have held, a plan of allocation need not be perfect."). The allocation formula need not be "tailored the rights of each plaintiff with mathematical precision . . . ." *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 20 Civ. 456 2021 WL 7906584, at *7 (E.D.N.Y. May 25, 2021) (cleaned up). Rather, the goal is to craft an equitable allocation process that "get[s] as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible." William B. Rubenstein, Newberg and Rubenstein on Class Actions § 12:15 (6th ed.).

      As such, because the extrapolation process described above maintains the *pro rata* allocation formula approved by the Court, while resolving these data issues without further delay, we respectfully request that the Court so order the attached stipulation.

Honorable Peggy Kuo, U.S.M.J.
Re: *Campbell v. Bukhari Group LLC.*
February 6, 2026
Page 2 of 2

    Thank you for your time and consideration of this request.

                                                                        Respectfully submitted,

cc: Counsel of Record (via ECF)                            Garett Kaske