UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------------X
BRIANNA CAMPBELL, SHAKEIM ROBINSON, and     :
KEVAUGHN ROBINSON on behalf of themselves and :
others similarly situated,                  :   Case No. 22 Civ. 2813 (PK)
                          Plaintiffs,       :
                                            :
         - against -                        :
                                            :
BUKHARI GROUP LLC, NAFEES BUKHARI, an       :
individual, ALI BUTT, an individual, 4399 BRONX :
CHICKEN LLC, BAYCHESTER CHICKEN BG LLC., :
3555 WHITE PLAINS BG LLC, 3411 JEROME AVE   :
CORP., and CONEY FOOD OF NY LLC,            :
                                            :
                          Defendants.       :
-------------------------------------------------------------------------X
```

## STIPULATION AND ORDER
## RESETTING SETTLEMENT APPROVAL TIMELINE AND
## <u>FAIRNESS HEARING</u>

**WHEREAS**, Plaintiffs, on behalf of themselves and all others similarly situated, and Defendants Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., Coney Food of NY LLC, Nafees Bukhari, and Ali Butt entered into the first agreement to settle this matter on a class-wide basis on February 14, 2024 (ECF No. 66-3), and Plaintiff moved for preliminary approval of that agreement on February 15, 2024 (ECF No. 66).

**WHEREAS**, the Parties amended the first settlement agreement on April 26, 2024 (ECF No. 69), after, on April 17, 2024, the Court requested Plaintiffs provide additional information regarding the Parties' intent to resolve the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"), claims of Class Members, as the Agreement was lacking clarity in this regard.

**WHEREAS**, the Court held a Preliminary Approval Hearing on June 21, 2024, and thereafter, denied Plaintiffs' preliminary approval motion on August 19, 2024 (ECF No. 72).

**WHEREAS**, the Parties then renegotiated their settlement and entered into the operative Agreement (ECF No. 75-3), which was submitted to the Court on January 3, 2025, for preliminary approval (ECF No. 75).

**WHEREAS**, the Court held a subsequent Preliminary Approval Hearing on April 23, 2025, and instructed the Parties to submit revised settlement notices, which the Parties e-filed on May 5, 2025 (ECF No. 79).

**WHEREAS**, thereafter the Court granted Plaintiffs' preliminary approval motion on July 8, 2025, setting the deadlines associated with the settlement notice-and-claims process and culminating a Final Fairness Hearing.

**WHEREAS**, in working to provide the Settlement Administrator with the Class List, Defendants faced complications in compiling the contact information and personnel data for a significant portion of the Class Members, as explained in the Parties' submissions from December 19, 2025 (ECF No. 84), January 8, 2026 (ECF No. 85), January 23 (ECF No. 86), January 26 (ECF No. 87), and January 30 (ECF No. 88).

**WHEREAS**, the Parties and the Settlement Administrator worked to resolve the various issues related to Defendants' production of the Class List and the Settlement Administrator's calculation of estimated settlement shares. These issues have included: delays in compiling and consolidating payroll and dates-of-employment data from separately-incorporated restaurants that utilized two different payroll providers during the Relevant Period; variations in names and addresses for individuals with single Social Security Numbers, related to their employment at separately-incorporated restaurants; mismatches between dates of employment and payroll; identification and removal of non-Class Members (e.g., overtime-exempt managers) from the Class List; gaps in the production of payroll or dates-of-employment data; and missing or incomplete address information.

**WHEREAS**, as tallied below, the complete payroll and dates-of-employment data, for about 98 individuals of the 421 Class Members, were not located:

- 33 individuals have hire dates in December 2018, when Defendants began operating these restaurants, but Defendants did not have any 2018 payroll information.

- 15 individuals have date-of-employment data but are missing payroll data for some portion of their employment between 2019 and 2022.

- 48 individuals have payroll data but are missing a hiring or termination date.

- Two individuals are missing some date-of-employment data and payroll data.

**WHEREAS**, the Settlement Administrator can resolve these issues, so that Notice can issue and the settlement can reach its conclusion, by using each Class Members' available data to estimate the missing dates in employment and payroll data. That is, each Class Member's weekly earnings can be determined by dividing the gross payroll by the weeks employed and that information can be used to: (a) estimate the number of weeks employed during years in which only payroll data was produced; and (b) estimate the gross pay for weeks in which only the dates of employment were produced. For example, if a Class Member worked three weeks in 2018 and was paid a weekly average wage of $200 in 2019, the Settlement Administrator can allocate that Class Member $600 ($200 x 3 weeks) for 2018, resulting in 600 points in the allocation formula.

**WHEREAS**, the above-described gaps in production are the only remaining issues before Notice can issue and the remainder of the settlement process can get underway. If the missing information can be extrapolated as described above, the settlement can proceed with further delay in accordance with revised schedule set out below in paragraphs 1 through 6.

**NOW THEREFORE**, the Parties stipulate and agree as follows:

| Description | Deadline |
|---|---|
| 1. The Settlement Administrator shall mail the approved Notices and Claim Forms to all Class Members, via First Class Mail, in accordance with Section 3.1(B) of the Settlement Agreement, and this Stipulation. | February 23, 2026 |
| 2. Plaintiff's Counsel to file a notice on the docket stating the date on which the Notices and Claim Forms were mailed to the Class Members, and confirming the inside and outside dates for the Notice Period. | February 27, 2026 |
| 3. Class Members shall participate in, exclude themselves from, or object to the settlement, in accordance with Sections 3.1(C), 3.2(A), and 3.3(A) of the Settlement Agreement. | June 2, 2026 |
| 4. Plaintiffs' Counsel shall file a notice with the Court listing the FLSA Collective Members, Opt-Outs, and Objectors, along with all corresponding forms, in accordance with Section 3.1(F) of the Settlement Agreement. | June 17, 2026 |
| 5. Plaintiffs' Counsel to File Motion for Final Approval. | June 18, 2026 |
| 6. Final Fairness Hearing at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201, in Courtroom 11C South. | July 20, 2026 at 10:00 a.m. |

7. The Parties will work with the Settlement Administrator to calculate the average weekly earnings and estimate the missing date-of-employment information and payroll data to finalize the Class Member's proportionate shares as per this Stipulation and Section 4.4(B) of the Agreement. For convenience, sub-sections 1 and 2 of Section 4.4(B) are reproduced here:

(1) Each Class Member's proportionate share shall be determined by (a) multiplying the estimated Net Settlement Fund by (b) the individual's allocation points divided by the total allocation points for the Class.

(2) The points will be calculated by awarding each Class Member one point for each dollar of gross wages Defendants paid to that Class Member during the Relevant Period (for weeks between May 13, 2019, through the end of the Relevant Period, Putative FLSA Collective Members' points shall be attributed to the NYLL claims and FLSA claims at a ratio of 4:1), increased by 1/10th based on the number of weeks employed between April 14, 2021 and the end of the Relevant Period [(July 29, 2022)].

Dated: February 6, 2026

*Attorneys for Defendants*

*(signature)* Kaitlyn P. Long /GK

Kaitlyn P. Long
MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C
580 White Plains Rd., Suite 620
Tarrytown, New York 10591
(914) 345-3701
klong@moodklaw.com

*Attorneys for Plaintiffs and the Settlement Collective and Class*

*(signature)* Garrett Kaske

Troy L. Kessler
Garrett Kaske
KESSLER MATURA P.C.
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com

Delmas A. Costin, Jr.
THE LAW OFFICE OF
DELMAS A. COSTIN, JR., PC
930 Grand Concourse, Suite 1F
Bronx, NY 10451
Telephone: (718) 618-0589
dacostin@dacostinlaw.com

Dated: Brooklyn, New York
       February 13, 2026

**SO ORDERED:**

*Peggy Kuo*

Hon. Peggy Kuo
United States Magistrate Judge