# <u>Exhibit B</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------X

BRIANNA CAMPBELL, SHAKEIM ROBINSON, and    :
KEVAUGHN ROBINSON on behalf of themselves and   :
others similarly situated,                : Case No. 22 Civ. 2813 (PK)

               Plaintiffs,    :
                      :

     - against -          :
                      :

BUKHARI GROUP LLC, NAFEES BUKHARI, an    :
individual, ALI BUTT, an individual, 4399 BRONX   :
CHICKEN LLC, BAYCHESTER CHICKEN BG LLC.,   :
3555 WHITE PLAINS BG LLC, 3411 JEROME AVE   :
CORP., and CONEY FOOD OF NY LLC,      :
                      :

            Defendants.   :

--------------------------------------------------------------------------X

## <u>AMENDMENT TO SETTLEMENT AGREEMENT</u>

**WHEREAS**, Plaintiffs, on behalf of themselves and all others similarly situated, and Defendants Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., Coney Food of NY LLC, Nafees Bukhari, and Ali Butt entered into the first agreement to settle this matter on a class-wide basis on February 14, 2024 (ECF No. 66-3), and Plaintiff moved for preliminary approval of that agreement on February 15, 2024 (ECF No. 66).

**WHEREAS**, the Parties amended the first settlement agreement on April 26, 2024 (ECF No. 69), after, on April 17, 2024, the Court requested that Plaintiffs provide additional information regarding the Parties' intent to resolve the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"), claims of Class Members, as the Agreement was lacking clarity in this regard.

**WHEREAS**, the Court held a Preliminary Approval Hearing on June 21, 2024, and thereafter, denied Plaintiffs' preliminary approval motion on August 19, 2024 (ECF No. 72).

**WHEREAS**, thereafter the Parties renegotiated their settlement and entered into the operative Agreement (ECF No. 75-3), which was submitted to the Court on January 3, 2025, for preliminary approval (ECF No. 75).

**WHEREAS**, the Court held a Preliminary Approval Hearing on April 23, 2025, and issued a corresponding Minute Entry and Order on ECF on April 28 2025.

**WHEREAS**, at the hearing on April 23 and in the Court's Minute Entry and Order, the Court instructed the Parties to submit updated Notices for review and approval, in accordance with the discussion held at the hearing, and clear up any confusion in the allocation formula related to unclaimed or unapproved funds.

Page 1 of 3

**NOW THEREFORE**, the Parties amend the Agreement as follows to clarify the Parties' intention that any unclaimed funds and unapproved fees, costs, or Service Payments will be included in the Net Settlement Fund:

(A) The references to "Sections 4.2(B), 4.2(C), and 4.6(C)" in Sections 4.4(B) and 4.4(B)(3) are amended to be "Sections 4.2(B), 4.3(B), and 4.6(B)."

(B) The following sentence will be added to Section 4.4(B)(3): "In other words and for the avoidance of doubt, after final approval, the numerator used in the allocation formula will be recalculated to account for the actual amount of fees, costs, and Service Payments approved by the Court and the denominator will be the sum of all points allocated to Qualified Class Members and FLSA Collective Members."

As such, Section 4.4(B)(3) will now read as follows:

> After final approval, the Individual Settlement Payments will be calculated using this methodology, except it shall take into account the following: (a) funds attributable to the FLSA claims of the Putative FLSA Collective Members who did not submit Claim Forms shall be reallocated to all Qualified Class Members and FLSA Collective Members; (b) funds attributable to the NYLL claims of Class Members who opted out shall be reallocated to all Qualified Class Members and FLSA Collective Members; and (3) any other adjustments made to the Net Settlement Fund, including those contemplated in Sections 4.2(B), 4.3(B), and 4.6(B). In other words, and for the avoidance of doubt, after final approval, the numerator used in the allocation formula will be recalculated to account for the actual amount of fees, costs, and Service Payments approved by the Court and the denominator will be the sum of all points allocated to Qualified Class Members and FLSA Collective Members.

**FURTHER,** the Parties also agree to amend the Exhibits to the Agreement, in the attached form, to improve the accuracy and clarity of the Notices (**Exhibit 1** and **Exhibit 7**) and Claim Form (**Exhibit 2**), and to update the Preliminary Approval Order (**Exhibit 5**) to reflect this Amendment.

\*       \*       \*       \*

[INTENTIONALLY LEFT BLANK – SIGNATURES ON FOLLOWING PAGE]

Dated:  Tarrytown, New York
       May 5, 2025

_____

Kaitlyn P. Long

Kaitlyn P. Long
**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C**
580 White Plains Rd., Suite 620
Tarrytown, New York 10591
(914) 345-3701
klong@moodklaw.com

**Attorneys for Defendants**

Dated:  Melville, New York
       May 5, 2025

_____

Garrett Kaske

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com

Delmas A. Costin, Jr.
**THE LAW OFFICE OF**
**DELMAS A. COSTIN, JR., PC**
930 Grand Concourse, Suite 1F
Bronx, NY 10451
Telephone: (718) 618-0589
dacostin@dacostinlaw.com

**Attorneys for Plaintiffs and the**
**Putative FLSA Collective and Classes**

# **<u>Exhibit 1</u>**

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

[NAME]
[ADDRESS]
[CITY, STATE ZIP]

---

**If you worked for Popeyes Louisiana Kitchen Restaurants at any time since May 13, 2016, you may be entitled to a payment from a class action settlement.**

*A court authorized this notice.  This is not a solicitation from a lawyer.*

- Former employees of Popeyes Louisiana Kitchen Restaurants incorporated as 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC filed a class and collective action lawsuit against these entities and Bukhari Group LLC, Nafees Bukhari, and Ali Butt (collectively, "Defendants") alleging they violated their employees' wage-and-hour rights under federal, state, and city law.  Defendants deny these allegations and maintain that their employees were properly paid.

- This notice is to inform you of a proposed settlement in this case affecting individuals employed at any time between May 13, 2016, through July 29, 2022.

- Under the proposed settlement, Defendants agreed to pay $400,000 (the "Settlement Amount") to be allocated among affected employees who qualify for a settlement payment, as well as to pay attorneys' fees, service payments, litigation costs, and the expenses of administering the settlement.  Through this proposed settlement, you are entitled to receive approximately $[Class Amnt], which is based on the wages you were paid between May 13, 2016, through July 29, 2022.

- Your legal rights may be affected.  You have a choice to make now:

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you do not exclude yourself, you will remain part of the case and be a participant in the settlement.  You will receive approximately $[Class Amnt] and release certain city and state law claims. |
| **EXCLUDE YOURSELF** | If you submit a timely exclusion statement, you will not be part of the settlement of this case. This allows you to retain your right to sue Defendants for the violations of city and state law alleged in the Complaint.  *If you exclude yourself from the settlement, you will not be entitled to a settlement payment.* |
| **OBJECT** | If you object to the settlement, you may write to the Court about why you disapprove of the settlement.  If you object in writing, you may also ask to speak in Court about the fairness of the settlement.  You may not, however, object to the settlement if you exclude yourself from it. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

| 1.  Why did I get this notice? |
|---|

Defendants' records state that you worked as one of the Popeyes Louisiana Kitchen Restaurants incorporated as Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC at some time between May 13, 2016, through July 29, 2022.  The Court has ordered that you be sent this notice because you have a right to know about a proposed wage-and-hour settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

The case is pending before the Honorable Peggy Kuo, U.S.M.J., in Eastern District of New York.  This lawsuit is known as *Campbell, et al. v. Bukhari Group LLC*, *et al.*, No. 22 Civ. 2813.

The people who filed the lawsuit are called the "Plaintiffs."  The companies being sued, Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, which do business Popeyes Louisiana Kitchen Restaurants, and two individuals, Nafees Bukhari, and Ali Butt, are called the "Defendants."

| 2.  Why is there a settlement? |
|---|

This lawsuit is about whether Defendants paid their employees all wages and premiums due under federal, state, and city laws, and gave them proper paystubs.  Defendants maintain that all employees were paid properly.  Defendants deny any liability in this action.

The Court *did not* decide in favor of Plaintiffs or Defendants.

| 3.  Why is this a class action? |
|---|

In a class action, individuals called "Class Representatives" sue on behalf of people who have similar claims.  These people together are a "Class" or "Class Members."  The individuals who sued are called the "Plaintiffs."  One court resolves the issues for everyone in the Class – except for those who choose to exclude themselves from the Class.

| 4.  How much will my payment be? |
|---|

Subject to final approval of the Court, by remaining in the Class you will be entitled to receive approximately $[Class Amount] for your city and state claims.  This amount is determined based on the agreed-upon allocation formula, which provides that employees will receive a share of this settlement based upon the total wages paid from May 13, 2016**,** through July 29, 2022.  The Settlement Agreement contains the exact allocation formula.  To obtain a copy of the Settlement Agreement, please contact Class Counsel or the Settlement Administrator.

### United States District Court for the Eastern District of New York
#### *Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

These are approximate amounts.  If the Court issues an order finally approving this Settlement Agreement, your final payment accounts will be calculated based on the amount of settlement monies claimed and the attorneys' fees, litigation costs, service awards, and settlement-administration costs awarded by the Court from the total settlement fund.

Neither Class Counsel nor Defendants make any representations concerning tax consequences of participating in this settlement.  You may wish to seek tax advice before acting on this Notice.

| 5.   How can I get my payment? |
|---|

So long as you do not exclude yourself from the settlement (as explained in Paragraph 7), you will receive approximately $[Class Amnt].  Be sure to keep the Settlement Administrator, whose information is listed below, up to date with your address:

Popeye's Settlement
c/o Xpand Legal Consulting LLC
_____

_____

Email: _____@_____

| 6.   What am I giving up to get a payment?  Am I releasing city and state claims? |
|---|

As long as you do not exclude yourself (as explained in Paragraph 7), you will remain in the Class.  This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants asserting violations of the state law, the New York Labor Law, and the city law, the Fair Workweek Law of New York City, that occurred before July 29, 2022.  It also means that all the Court's orders related to the New York Labor Law and Fair Workweek Law of New York City will apply to and legally bind you.

If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.

| 7.   How do I opt out of the settlement? |
|---|

If you do not want to participate in this settlement and receive a settlement payment, you must send a letter by mail that unconditionally states your intent to opt out of the settlement.  You must include your name, address, telephone number, and signature.  Your exclusion request must also contain words to the effect of "I elect to exclude myself from the settlement in *Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.)," and such request must be postmarked or received no later than **[insert date]**.  Exclusion requests must be sent to the Settlement Administrator at the address listed above in Paragraph 5.

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may also be able to sue (or continue to sue) Defendants in the future about some of the legal issues in this case if the time period to bring such claims has not expired.

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

---

### 8.   How do I object to the settlement?

If you're a Class Member, you can object to the settlement if you disapprove of any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter to the Settlement Administrator that includes words to the effect of "I object to the settlement in *Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.)" along with your reasons for objecting and whether you wish to be heard at a Fairness Hearing.  Be sure to include your name, address, telephone number, and your signature. Send the objection to the Settlement Administrator at the address listed above in Paragraph 5.

Your objection must be postmarked or received no later than **[insert date]**.

### 9.   What's the difference between objecting and excluding?

Objecting is simply telling the Court that you disapprove of something about the settlement.  You can object only if you stay in the Class.

Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you may not object because the case no longer affects you.

### 10. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on [insert date and time], at United States District Court for the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201, in Courtroom 11C South.  The hearing will be held [description].

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  The Court will consider any objections and listen to the people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement and how much to pay Class Counsel.  We do not know how long these decisions will take.

### 11. Do I have to come to the hearing?

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to attend at your own expense.

If you submit a timely objection to the Settlement Administrator before [the Notice Response Deadline], you may attend the Fairness Hearing at your own expense or pay your own lawyer to attend the Court.  Even if you do not attend the hearing, the Court may consider it.

### 12. Do I have a lawyer in this case?

The Court has decided that the lawyers at the law firms of Kessler Matura, P.C. and the Law Office of Delmas A. Costin, Jr., PC., are qualified to represent you and all Class Members.  These lawyers

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

are called "Class Counsel."  You may contact Class Counsel with any questions you have about the settlement.  Their contact information is:

| | |
|---|---|
| Troy L. Kessler | Delmas A. Costin, Jr. |
| Garrett Kaske | The Law Office of |
| Kessler Matura P.C. | Delmas A. Costin, Jr., PC |
| 534 Broadhollow Road, Ste. 275 | 930 Grand Concourse, Suite 1F |
| Melville, NY 11747 | Bronx, NY 10451 |
| Tel: (631) 499-9100 | Telephone: (718) 618-0589 |
| tkessler@kesslermatura.com | dacostin@dacostinlaw.com |
| gkaske@kesslermatura.com | |

You will not be charged separately for these lawyers, because Class Counsel is being paid from the fund established as part of the settlement.  You do not need to retain your own attorney to participate as a Class Member.  If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

### 13. How will the lawyers be paid?

Class Counsel has asked the Court to approve payment of up to one-third of the Settlement Amount ($133,333.33) for attorneys' fees.  These fees are to compensate Class Counsel for investigating the facts, litigating the case, negotiating the settlement, and supervising the administration of the settlement.  Class Counsel has also asked the Court to approve payment of up to $5,000 for their out-of-pocket costs, excluding the cost of the Settlement Administrator.  The cost of the Settlement Administrator will also come from the settlement fund but will not exceed $12,500.

Class Counsel has also asked the Court to approve payments totaling $35,000 to the three Class Representatives and the two other Class Members who participated in this case before a settlement was reached, in recognition of the risks they took and their service to the Class.

### 14. Are there more details about the settlement?

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement by contacting Class Counsel.  If you would like more information about this settlement, please contact Class Counsel, whose information is listed in Paragraph 12.

DATED:

# **Exhibit 2**

**United States District Court for the Eastern District of New York**
*Campbell, et al. v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

## CLAIM FORM

[Name]
[Street]
[City, State Zip]

**YOUR ESTIMATED SETTLEMENT SHARE:** If you properly submit this Claim Form by the deadline, you should receive approximately $_____, minus applicable taxes. This settlement money relates to your share of the claims brought under the federal law known as the Fair Labor Standards Act.

**DEADLINE:** To receive your settlement payment, you must complete, sign, and return this Claim Form in the enclosed pre-paid envelope. Your Claim Form must be postmarked or received on or before **[75ᵗʰ day from mailing]**. If you lose the envelope, you can mail the Claim Form to the below address. You may also return the Claim Form by fax or e-mail to the Settlement Administrator.

Popeye's Settlement
c/o Xpand Legal Consulting LLC
_____

_____

Email: _____@_____

**CHANGE OF ADDRESS:** If you change your address, please inform Settlement Administrator of your new address. It is your responsibility to keep a current address on file with Settlement Administrator.

**RELEASE:** By signing, dating, and returning this Claim Form, you agree to be bound by the Settlement Agreement, and you will release all related wage-and-hour claims alleged in the Complaint, arising before July 29, 2022, from your employment with Defendants 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, by not opting out of the settlement, you will release all wage-and-hour claims alleged in the Complaint, arising between May 13, 2016 and July 29, 2022, from your employment with Defendants 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, during the Relevant Period, pursuant to the New York Labor Law and Fair Workweek Law of New York City.

**CONSENT TO JOIN:** In addition, by returning this Claim Form you consent to join this case as a party plaintiff under the Fair Labor Standards Act.

_____                          _____
Date                                                                    Signature

                                                                        _____
                                                                        Name (Printed)

**YOU MUST SUBMIT THIS FORM BY [75 DAYS FROM MAILING]**
**TO BE ELIGIBLE FOR PAYMENT.**

# <u>Exhibit 5</u>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

BRIANNA CAMPBELL, SHAKEIM ROBINSON, and     :
KEVAUGHN ROBINSON on behalf of themselves and     :
others similarly situated,     :   Case No. 22 Civ. 2813 (PK)

                      Plaintiffs,     :

                      :

         - against -     :

                      :

BUKHARI GROUP LLC, NAFEES BUKHARI, an     :
individual, ALI BUTT, an individual, 4399 BRONX     :
CHICKEN LLC, BAYCHESTER CHICKEN BG LLC.,     :
3555 WHITE PLAINS BG LLC, 3411 JEROME AVE     :
CORP., and CONEY FOOD OF NY LLC,     :

                      :

                    Defendants.     :

-----------------------------------------------------------------------------X

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of the Settlement Class ("Preliminary Approval Motion"). In support of the Preliminary Approval Motion, Plaintiff submitted a Memorandum of Law in Support of the Preliminary Approval Motion (the "Memorandum of Law"), the Declaration of Garrett Kaske ("Kaske Declaration") and supporting exhibits. Defendants do not oppose the motion.

Based upon the Court's review of the Memorandum of Law and Kessler Declaration, the Court preliminarily approves the class action settlement memorialized in the Agreement, attached to the Kaske Declaration, as amended by the Parties April ___, 2025, and conditionally certifies the Class and FLSA Collective for settlement purposes.[1] The Court appoints Kessler

---

[1] All capitalized terms are defined in the Agreement, unless indicated otherwise.

Matura, P.C. and the Law Office of Delmas A. Costin, Jr,, PC as Class Counsel and Xpand Legal Consulting LLC as the Settlement Administrator. The Court adopts the following settlement procedure set forth in the Agreement, as amended:

1. No later than seven days after the issuance of this Order, Defendants will provide the Settlement Administrator with the Class List, in accordance with Sections 1.4 and 3.1(A) of the Settlement Agreement.

2. Within 10 days after the Settlement Administrator receives the Class List, the Settlement Administrator will mail the approved Notices to all Class Members, via First Class Mail, in accordance with Section 3.1(B).

3. Class Members will have 75 days from the date the Notices are mailed to participate in, exclude themselves from, or object to the settlement, in accordance with Sections 3.1(C), 3.2(A), and 3.3(A).

4. The Court will hold a final fairness hearing on _____ ____, 2025 at _____ a.m./p.m., at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201, in Courtroom 11C South.

5. The hearing will be held in person.

The Court hereby authorizes Defendants to disclose the Class Members' Social Security Numbers to the Settlement Administrator for purposes consistent with the Agreement.

The Class Members are enjoined from filing any action against Defendants regarding those claims released in the Agreement unless and until such Class Members have filed valid requests to be excluded from the settlement.

The Parties shall abide by the terms of the Agreement.

This constitutes the Decision and Order of this Court:

Dated: Brooklyn, New York      **SO ORDERDED**:

     _____ ____, 2025

_____
Hon. Peggy Kuo
United States Magistrate Judge

2

# **Exhibit 7**

**United States District Court for the Eastern District of New York**
*Campbell, et al. v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

### NOTICE OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

**[NAME]**
**[ADDRESS]**
**[CITY, STATE ZIP]**

---

**If you worked for Popeyes Louisiana Kitchen Restaurants at any time since
May 13, 2016, you may be entitled to a payment from a class action settlement.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Former employees of Popeyes Louisiana Kitchen Restaurants incorporated as 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC filed a class and collective action lawsuit against these entities and Bukhari Group LLC, Nafees Bukhari, and Ali Butt (collectively, "Defendants") alleging they violated their employees' wage-and-hour rights under federal, state, and city law. Defendants deny these allegations and maintain that their employees were properly paid.

- This notice is to inform you of a proposed settlement in this case affecting individuals employed at any time between May 13, 2016, through July 29, 2022.

- Under the proposed settlement, Defendants agreed to pay $400,000 (the "Settlement Amount") to be allocated among affected employees who qualify for a settlement payment, as well as to pay attorneys' fees, service payments, litigation costs, and the expenses of administering the settlement. Through this proposed settlement, you are entitled to receive approximately $[Total Amount], which is based on the wages you were paid between May 13, 2016, through July 29, 2022. As detailed below in Paragraph 5, to receive the full payment, you must return a properly completed Claim Form to the Settlement Administrator, postmarked or received by **[insert date]**.

- Your legal rights may be affected. You have a choice to make now:

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN THE CLAIM FORM** | If you return a completed claim form, you will be opted into case and receive a settlement payment of approximately $[FLSA Amount] for your federal claims. You will also release certain claims under city and state law and receive approximately $[City & State Amnt] for those claims. |
| **DO NOTHING** | If you do not return the claim form and you do not exclude yourself, you will remain part of the case, but you will **not** receive a payment on your federal claim. You will receive approximately $[City & State Amnt] and release certain city and state law claims. |
| **EXCLUDE YOURSELF** | If you submit a timely exclusion statement, you will not be part of the settlement of this case. This allows you to retain your right to sue Defendants for the violations of city and state law alleged in the Complaint. *If you exclude yourself from the settlement, you will not be entitled to a settlement payment.* |
| **OBJECT** | If you object to the settlement, you may write to the Court about why you disapprove of the settlement. If you object in writing, you may also ask to speak in Court about the fairness of the settlement. You may not, however, object to the settlement if you exclude yourself from it. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

Page 1 of 6

## United States District Court for the Eastern District of New York
### *Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

| 1. Why did I get this notice? |
|---|

Defendants' records state that you worked as one of the Popeyes Louisiana Kitchen Restaurants incorporated as Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC at some time between May 13, 2016, through July 29, 2022. The Court has ordered that you be sent this notice because you have a right to know about a proposed wage-and-hour settlement of a class and collective action lawsuit, and about your options, before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

The case is pending before the Honorable Peggy Kuo, U.S.M.J., in Eastern District of New York. This lawsuit is known as *Campbell, et al. v. Bukhari Group LLC*, *et al.*, No. 22 Civ. 2813.

The people who filed the lawsuit are called the "Plaintiffs." The companies being sued, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, which do business Popeyes Louisiana Kitchen Restaurants, and two individuals, Nafees Bukhari, and Ali Butt, are called the "Defendants."

| 2. Why is there a settlement? |
|---|

This lawsuit is about whether Defendants paid their employees all wages and premiums due under federal, state, and city laws, and gave them proper paystubs. Defendants maintain that all employees were paid properly. Defendants deny any liability in this action.

The Court ***did not*** decide in favor of Plaintiffs or Defendants.

| 3. Why is this a class action? What is a collective action? |
|---|

In a class action, individuals called "Class Representatives" sue on behalf of people who have similar claims. These people together are a "Class" or "Class Members." The individuals who sued are called the "Plaintiffs." One court resolves the issues for everyone in the Class – except for those who choose to exclude themselves from the Class.

In a collective action, the individuals who started the case sue on behalf of people who have similar claims and ask the Court for permission to notify those individuals with similar claims of the case and permit those individuals to join them in the case as plaintiffs. These people together are a "Collective" or "Collective Members." The individuals who sued or joined the case after being notified of it are called the "Plaintiffs." One court resolves the issues for all the Plaintiffs, including the Collective Members that joined the case. The rights of the individuals that did not join the case are not directly affected by the lawsuit.

| 4. How much will my payment be? |
|---|

Subject to final approval of the Court, if you remain part of the Class you will be entitled to receive approximately $[City & State Amnt] for your city and state claims. If you return a timely, completed

Page 2 of 6

**United States District Court for the Eastern District of New York**
*Campbell, et al. v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

Claim Form, you will also be entitled to receive approximately $[FLSA Amount] for your federal claims.

These amounts are determined based on the agreed-upon allocation formula, which provides that employees will receive a share of this settlement based upon the total wages paid from May 13, 2016, through July 29, 2022. The Settlement Agreement contains the exact allocation formula. To obtain a copy of the Settlement Agreement, please contact the Class Counsel or Settlement Administrator.

These are approximate amounts. If the Court issues an order finally approving this Settlement Agreement, your final payment accounts will be calculated based on the amount of settlement monies claimed and the attorneys' fees, litigation costs, service awards, and settlement-administration costs awarded by the Court from the total settlement fund.

Neither Class Counsel nor Defendants make any representations concerning tax consequences of participating in this settlement. You may wish to seek tax advice before acting on this Notice.

**5. How can I get my payment?**

To get your federal-law payment of approximately $[FLSA Amount], you must return a properly completed Claim Form to the Settlement Administrator postmarked or received no later than **[date]**. A pre-paid envelope is enclosed for your convenience. You may also return your Claim Form by e-mail:



Popeye's Settlement
c/o Xpand Legal Consulting LLC
_____

_____
Email: _____@_____

If you submit a completed Claim Form to the Settlement Administrator by the deadline, you will be sent a settlement check when all appeals, if any, are resolved and the settlement becomes effective. If you do nothing or exclude yourself, you will not receive this approximate payment of $[FLSA Amount].

It is recommended that you make a copy of, take a picture of, or scan your completed Claim Form, before returning it. Keep a copy of it along with this notice and any proof of mailing (such as a postage receipt or your email submitting the completed Claim Form) for your records.

So long as you do not exclude yourself from the settlement (as explained in Paragraph 7), you will receive approximately $[City & State Amnt] for your city and state claims, even if you do not submit a completed Claim Form.

Be sure to keep the Settlement Administrator up to date with your address.

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

---

| **6.   What am I giving up to get a payment?  Am I releasing city, state, and federal claims?** |
| --- |

As long as you do not exclude yourself (as explained in Paragraph 7), you will remain in the Class. This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants asserting violations of the state law, the New York Labor Law, and the city law, the Fair Workweek Law of New York City, that occurred before July 29, 2022.  It also means that all the Court's orders will apply to and legally bind you.

Furthermore, if you submit a completed Claim Form, you consent to join this case under the federal law at issue in this case, the Fair Labor Standards Act.  By consenting to join the case through the Claim Form, you will release your right to sue Defendants under the Fair Labor Standards Act for overtime claims that arose before July 29, 2022.  This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants asserting overtime violations of the federal law, the Fair Labor Standard Act, that occurred before July 29, 2022.  It also means that all the Court's orders related to the Fair Labor Standards Act claims in this case will apply to and legally bind you.

If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.

---

| **7.   How do I opt out of the settlement?** |
| --- |

If you do not want to participate in this settlement and receive a settlement payment, you must send a letter by mail that unconditionally states your intent to opt out of the settlement.  You must include your name, address, telephone number, and signature.  Your exclusion request must also contain words to the effect of "I elect to exclude myself from the settlement in *Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.)," and such request must be postmarked or received no later than **[insert date]**.  Exclusion requests must be sent to the Settlement Administrator at the address listed above in Paragraph 5.

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may also be able to sue (or continue to sue) Defendants in the future about some of the legal issues in this case if the time period to bring such claims has not expired.

---

| **8.   How do I object to the settlement?** |
| --- |

If you're a Class Member, you can object to the settlement if you disapprove of any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter to the Settlement Administrator that includes words to the effect of "I object to the settlement in *Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.)" along with your reasons for objecting and whether you wish to be heard at a Fairness Hearing.  Be sure to include your name, address, telephone number, and your signature. Send the objection to the Settlement Administrator at the address listed above in Paragraph 5.

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al*., No. 22 Civ. 2813

Your objection must be postmarked or received no later than [**insert date**].

| 9.   What's the difference between objecting and excluding? |

Objecting is simply telling the Court that you disapprove of something about the settlement.  You can object only if you stay in the Class.

Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you may not object because the case no longer affects you.

| 10. When and where will the Court decide whether to approve the settlement? |

The Court will hold a Fairness Hearing on [insert date and time], at United States District Court for the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201, in Courtroom 11C South.  The hearing will be held [description].

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  The Court will consider any objections and listen to the people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement and how much to pay Class Counsel.  We do not know how long these decisions will take.

| 11. Do I have to come to the hearing? |

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to attend at your own expense.

If you submit a timely objection to the Settlement Administrator before [the Notice Response Deadline], you may attend the Fairness Hearing at your own expense or pay your own lawyer to attend the Court.  Even if you do not attend the hearing, the Court will consider it.

| 12. Do I have a lawyer in this case? |

The Court has decided that the lawyers at the law firms of Kessler Matura, P.C. and the Law Office of Delmas A. Costin, Jr., PC., are qualified to represent you and all Class Members.  These lawyers are called "Class Counsel."  You may contact Class Counsel with any questions you have about the settlement.  Their contact information is:

| | |
|---|---|
| Troy L. Kessler | Delmas A. Costin, Jr. |
| Garrett Kaske | The Law Office of |
| Kessler Matura P.C. | Delmas A. Costin, Jr., PC |
| 534 Broadhollow Road, Ste. 275 | 930 Grand Concourse, Suite 1F |
| Melville, NY 11747 | Bronx, NY 10451 |
| Tel: (631) 499-9100 | Telephone: (718) 618-0589 |
| tkessler@kesslermatura.com | dacostin@dacostinlaw.com |
| gkaske@kesslermatura.com | |

You will not be charged separately for these lawyers, because Class Counsel is being paid from the fund established as part of the settlement.  You do not need to retain your own attorney to

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al*., No. 22 Civ. 2813

participate as a Class Member.  If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

| 13. How will the lawyers be paid? |
|---|

Class Counsel has asked the Court to approve payment of up to one-third of the Settlement Amount ($133,333.33) for attorneys' fees.  These fees are to compensate Class Counsel for investigating the facts, litigating the case, negotiating the settlement, and supervising the administration of the settlement.  Class Counsel has also asked the Court to approve payment of up to $5,000 for their out-of-pocket costs, excluding the cost of the Settlement Administrator.  The cost of the Settlement Administrator will also come from the settlement fund but will not exceed $12,500.

Class Counsel has also asked the Court to approve payments totaling $35,000 to the three Class Representatives and the two other Class Members who participated in this case before a settlement was reached, in recognition of the risks they took and their service to the Class.

| 14. Are there more details about the settlement? |
|---|

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement by contacting Class Counsel.  If you would like more information about this settlement, please contact Class Counsel, whose information is listed in Paragraph 12.

DATED: