# **Exhibit D**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BRIANNA CAMPBELL, SHAKEIM ROBINSON, and KEVAUGHN ROBINSON on behalf of themselves and others similarly situated,<br><br>                      Plaintiff,<br><br>       - against -<br><br>BUKHARI GROUP LLC, NAFEES BUKHARI, an individual, ALI BUTT, an individual, 4399 BRONX CHICKEN LLC, BAYCHESTER CHICKEN BG LLC., 3555 WHITE PLAINS BG LLC, 3411 JEROME AVE CORP., and CONEY FOOD OF NY LLC,<br><br>                    Defendants. | **Case No. 22 Civ. 2813 (PK)** |

**DECLARATION OF DELMAS A. COSTIN, JR.**
**IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

Delmas A. Costin, Jr., an attorney duly admitted to practice law in the State of New York, affirms the following under the penalties of perjury:

1.     That I am the attorney of record for the Plaintiffs herein, and as such, am fully familiar with all the facts and circumstances as set forth herein.

2.     I am the principal and founder of The Law Office of Delmas A. Costin, Jr., PC, co-counsel for Plaintiffs, and the putative class and collective action in the above-captioned action.

3.     I am familiar with the facts and circumstances of this action.  I submit in support of Plaintiffs' Motion for Final Approval of the Class Action Settlement.  This declaration summarizes relevant information regarding my experience and qualifications.

4.     A true and accurate copy of the contemporaneous time records for my firm in this matter is attached hereto as in **Exhibit A.**

**The Appropriate Hourly Rate for Delmas A. Costin, Jr., $500 per hour**

5.      On behalf of Plaintiffs, I seek to recover attorneys' fees at the hourly rate of $500.00 for purposes of calculating the lodestar amount. Since my last application to this Court, other courts in this jurisdiction have approved the rate of $500.00 for the undersigned.  *See Maynor et al. v. Millennium et al.* Index No. 804634/23E, NYSCEF No. 37 (Sup. Ct. Bronx November 5, 2025) and *Almanzar v. RAMAC US LLC*, Index No. 805764-2022E, NYSCEF No. 101 (Sup. Ct. Bronx, April 20, 2026).  Please see **Exhibits B** and **C**.

6.       This amount is appropriate for attorneys in New York City. *See Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015)* (approving hourly rate of $450 to partner with 17 years' legal experience, six spent prosecuting wage-and-hour cases).  "'[C]onsistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time.'"  *Bailey v. Pataki,* No. 08-CV-8563 (JSR), 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016) (rate of $550 reasonable for lawyers with over a decade of experience); *Abdell v. City of New York*, 2015 U.S. Dist. LEXIS 25510, *9-10 (Collecting cases).  *See Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 658 (SDNY 2019) (approving an attorney fee of $600.00 per hour for an attorney with 32 years of experience).

7.      In making this request, I have assessed the rates of other attorneys like me who have been admitted to the Bar for nearly 26 years, and who have attained a similar level of expertise in the area of employment law and civil rights litigation. I have also surveyed other cases to determine hourly rates authorized by courts.

8.      I am a 1999 graduate of Boston University School of Law. I began as an Assistant District Attorney with the office of the Bronx District Attorney, from August 1999 until October 2005.

Dac Decl-2026

From 2005-2006, I was an associate at Gordon and Silber P.C., primarily defending insurance claims and providing employment law advice to small businesses. From 2006-2007, I worked as an associate for Holm and O'Hara, where I represented union pension funds and defended unions in discrimination litigation.

9.      In September 2007, I opened my own practice, which consisted of plaintiff side employment law and criminal defense. Since 2011, my practice has been almost exclusive representation of plaintiffs in employment discrimination claims and wage and hour cases.

10.     I am a long-time member of the National Employment Lawyers Association, a Plaintiff's employment lawyers association, and an active member of its New York Chapter (NELA/NY). Between 2012-2021, I was a member of NELA/NY's Conference Committee which plans bi-annual Continuing Legal Education conferences. I was a presenter at nearly a dozen CLE programs. Additionally, I served on NELA/NY's Board of Directors from 2019-2020. Since 2023, I have been a member of the American Bar Association (ABA), Labor and Employer Law Section.  I have been a Panelist or moderator well over a dozen employment law CLE programs sponsored by the ABA in (2024), NELANY (2012 through 2026), the Bronx County Bar Association (2019 and 2024), Black Bar Association of Bronx County (2014 and 2019), and Metropolitan Black Bar (2014). Additionally, I have presented to numerous community groups including the NAACP and local churches.

11.     During my career, I settled wages and hour claims for hundreds of clients.  Further, I have obtained verdicts in over twenty trials and approximately the same number of administrative proceedings or arbitrations. A copy of my CV is annexed as **Exhibit D**.

**The Appropriate Hourly Rate for Dawn Levy Weinstein is $350.00 per hour**

Dac Decl-2026

12.     Dawn Weinstein is of Counsel of my law firm. Ms. Weinstein is a 1988 graduate of Cornell University School of Industrial Labor Relations and a 1991 graduate of Hofstra University School Law. From 1992-1994, Ms. Weinstein practiced with Raff & Becker where she represented clients in all aspects of employment litigation. From 1994-1999, Ms. Weinstein worked for SUNY Downstate Medical Center as a Labor Relations Personnel Associate where she was involved with all facets of labor and employment law. Ms. Weinstein did not practice law for a number of years in order to focus on raising her family. In February 2017, Ms. Weinstein became of Counsel to the law office of Delmas A. Costin, Jr, PC. and has worked on exclusively on employment law claims. Plaintiffs requests Ms. Levy-Weinstein be compensated $350 per hour for her work.

**The Appropriate Hourly Rate for Law Clerks is $175.00 and Paralegals is $100.00**

13.     I request that the Court utilize an hourly rate of $175 per hour for Raquel Urena for purposes of calculating the lodestar amount Ms. Urena practiced law in the Dominican Republic for 3 years and earned her LL.M. from Brooklyn Law School in 2021. *Manley v Midan Rest. Inc*., 2017 US Dist LEXIS 44560, (SDNY Mar. 27, 2017) ($150 for law clerk is appropriate). *Guallpa v NY Pro Signs Inc.*, 2014 US Dist LEXIS 77033, (SDNY May 27, 2014). *See Williams v Epic Sec. Corp.,* 368 F Supp 3d 651, 659 (SDNY 2019) (finding that law clerks are typically compensated at the rate of $150 per hour). See *Perez Garcia v. Hirakegoma Inc*., No. 17 Civ. 7608 (SLC), 2020 U.S. Dist. LEXIS 40637, 2020 WL 1130765, at *12 (S.D.N.Y. Mar. 9, 2020).

14.     I request that the court utilize an hourly rate of $100.00 per hour for Paralegals for purposes of calculating the lodestar amount. Three paralegals worked on this case. Deliana Perez graduated from St. John's University with a Bachelor of Science Degree in Legal Studies in 2023. Charlin Peguero graduated from SUNY Plattsburg with a Bachelor of Arts in Sociology in 2022. Ricardo Rosado graduated from Fordham University with a Bachelor of Arts in Business Administration

and Management in 2020. This amount is comparable to an award in another civil rights litigation. *See Perez Garcia v. Hirakegoma Inc.*, No. 17 Civ. 7608 (SLC), 2020 U.S. Dist. LEXIS 40637, 2020 WL 1130765, at *12 (S.D.N.Y. Mar. 9, 2020) (noting that hourly rates of $100 to $150 for paralegals is typical in this District); *Rosales v Gerasimos Enters.,* 2018 US Dist LEXIS 1230, (SDNY Jan. 3, 2018, No. 16-CV-2278 (RA).

15.    My firm maintains a practice of entering time directly into a timekeeping program either upon completion of the task at hand or at the end of the day on which we have performed work. Before submitting this Declaration and attached time sheets, I reviewed the time sheets for accuracy. In reviewing my time sheets in connection with the application, I did not add any entries that were not recorded contemporaneously.

16.    Additionally, this firm took the case on a contingency basis.  My clients did not pay anything.  As a result, this firm alone bore the burdens and associated risks of litigation.

17.    In support of the motion for preliminary approval of the agreement, my firm had billed 25.5 hours on this case for a total of $10,410.00 in attorneys' fees.  I applied an across-the-board reduction of 20% rounded downwards to 20 hours and fees totaling $8,165.00 in the exercise of billing judgment and to further increase the reasonableness of the time and fees claimed.  Since then, my firm has spent several additional hours on this case, but we have not included that time in our lodestar for this motion.

18.    The attached statement of time is based on contemporaneous time records. My staff and I entered out time directly into a time keeping program upon completion of the task at hand.  I reviewed the time sheets for accuracy, and I did not add any entries that were not recorded contemporaneously.

Dac Decl-2026

Dated: Bronx, New York
       June 18, 2026

                                   Respectfully submitted,


                                   /s/ Delmas A. Costin, Jr.
                                   Delmas A. Costin, Jr.
                                   **THE LAW OFFICE OF**
                                   **DELMAS A. COSTIN, JR., PC**
                                   930 Grand Concourse, Suite 1B
                                   Bronx, NY 10451
                                   Telephone: (718) 618-0589
                                   dacostin@dacostinlaw.com

                                   *Attorneys for Plaintiffs and the*
                                   *Putative FLSA Collective and Classes*

Dac Decl-2026

# Exhibit A

Time & Expenses for Campbell, Brianna v. Popeyes - 01/01/2001 - 11/26/2024

| Total Billable Flat Fees | Total Billable Hours | Total Billable Amount | Total Billable Expenses |
|---|---|---|---|
| $0.00 | 25.5 hours | $10,410.00 | $0.00 |

| User | Billable Flat Fees | Billable Hours | Total Billable Amount | Billable Expenses | Non-Billable Expenses | Non-Billable Hours |
|---|---|---|---|---|---|---|
| Delmas A Costin, Jr. | $0.00 | 21.5 hours | $9,890.00 | $0.00 | $0.00 | 0.0 hours |

**Flat Fees**

*This user has no flat fees for the selected period.*

**Time Entries**

| Date | Activity | Rate | Duration | Total | Billable | Case Link | Case Number | Status | General | Telephone Call | Legal Research | Drafted Correspondence to | Drafted Motion | Drafted Comp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/16/2021 | Telephone Conversation | $450.00/hr | 0.6 | $270.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | Brianna Campbell re: obtaining information about her case. | | | | | | | | | | | | | |
| 04/25/2021 | Telephone Call | $450.00/hr | 0.2 | $90.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | with client re: update | | | | | | | | | | | | | |
| 05/15/2021 | Review of | $450.00/hr | 0.7 | $315.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | documents provided by client | | | | | | | | | | | | | |
| 05/31/2021 | General | $450.00/hr | 0.3 | $135.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | reviewed documents provided by client and determined legal theory. | | | | | | | | | | | | | |
| 06/01/2021 | Telephone Call | $450.00/hr | 0.8 | $360.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | client re: update | | | | | | | | | | | | | |
| 06/01/2021 | General | $450.00/hr | 0.3 | $135.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | review of documents provided to me by client | | | | | | | | | | | | | |
| 06/20/2021 | Drafted Correspondence | $450.00/hr | 0.6 | $270.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | demand letter to employers | | | | | | | | | | | | | |
| 06/20/2021 | General | $450.00/hr | 0.2 | $90.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | created timeline | | | | | | | | | | | | | |
| 06/20/2021 | General | $450.00/hr | 0.2 | $90.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | created cast of characters | | | | | | | | | | | | | |
| 06/20/2021 | Drafted Correspondence | $450.00/hr | 0.3 | $135.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | to client re: update | | | | | | | | | | | | | |
| 06/20/2021 | General | $450.00/hr | 0.4 | $180.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | research former employee Crystal Dunbar's lawsuit. | | | | | | | | | | | | | |
| 06/22/2021 | Telephone Call | $450.00/hr | 0.3 | $135.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | with client re: update | | | | | | | | | | | | | |
| 06/23/2021 | Telephone Call | $450.00/hr | 0.2 | $90.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | with client re: update. | | | | | | | | | | | | | |
| 06/25/2021 | General | $450.00/hr | 0.1 | $45.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | calculated damages | | | | | | | | | | | | | |
| 06/27/2021 | Review of | $450.00/hr | 0.1 | $45.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | documents provided by client | | | | | | | | | | | | | |
| 06/27/2021 | Review of | $450.00/hr | 0.2 | $90.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | defendant research | | | | | | | | | | | | | |

| Date | Activity | Rate | Duration | Total | Billable | Case Link | Case Number | Status | General | Telephone Call | Legal Research | Drafted Correspondence to | Drafted Motion | Drafted Comp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/29/2021 | Correspondence with | $450.00/hr | 0.1 | $45.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | Brianna re: update. | | | | | | | | | | | | | |
| 06/30/2021 | Telephone Call | $450.00/hr | 0.3 | $135.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | client re: potential class/collective action. | | | | | | | | | | | | | |
| 07/01/2021 | Review of | $450.00/hr | 0.2 | $90.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | discovery related to defendant research | | | | | | | | | | | | | |
| 08/24/2021 | Telephone Call | $450.00/hr | 0.1 | $45.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | with Brianna Campbell re: update | | | | | | | | | | | | | |
| 08/24/2021 | Telephone Call | $450.00/hr | 0.2 | $90.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | Troy Kessler and Garrett Kaske re: legal strategy | | | | | | | | | | | | | |
| 09/02/2021 | Telephone Conversation | $450.00/hr | 0.3 | $135.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | Garret Kaske re: legal strategy and update | | | | | | | | | | | | | |
| 09/07/2021 | Telephone Conversation | $450.00/hr | 0.2 | $90.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | with Garrett Kaske, Esq. and Elizabeth Gorman, Esq. re: initial call. | | | | | | | | | | | | | |
| 09/09/2021 | Review of | $450.00/hr | 0.3 | $135.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | and revision of joint correspondence to Elizabeth Gorman, Esq. re: initial demand to defendants. | | | | | | | | | | | | | |
| 11/05/2021 | Telephone Call | $450.00/hr | 0.1 | $45.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | with Garrett Kaske re: legal strategy, identifying the proper defendants and client management. | | | | | | | | | | | | | |
| 11/18/2021 | General | $450.00/hr | 0.3 | $135.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | Review of draft complaint | | | | | | | | | | | | | |
| 02/17/2022 | Correspondence with | $450.00/hr | 0.1 | $45.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | Defense, Garrett and Troy re: status of the case and legal strategy. | | | | | | | | | | | | | |
| 10/04/2022 | Review of | $450.00/hr | 0.2 | $90.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | Initial Disclosures | | | | | | | | | | | | | |
| 10/22/2022 | Review of | $450.00/hr | 0.4 | $180.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | documents provided by defendants | | | | | | | | | | | | | |
| 11/09/2022 | Correspondence with | $450.00/hr | 0.3 | $135.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | co-counsel re: litigation strategy and settlement | | | | | | | | | | | | | |
| 12/27/2022 | Telephone Conversation | $450.00/hr | 0.5 | $225.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | wtih Troy Kessler and Garret Kaske re: mediation goals and objectives | | | | | | | | | | | | | |
| 01/03/2023 | Mediation | $450.00/hr | 7.6 | $3,420.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | Attendance at mediation. | | | | | | | | | | | | | |
| 02/08/2023 | Telephone Conversation | $450.00/hr | 0.5 | $225.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | with defense counsel and Garrett Kaske re: discovery order. | | | | | | | | | | | | | |
| 06/21/2024 | Court Appearance | $500.00/hr | 1.0 | $500.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | Motion for Preliminary Settlement Approval before Magistrate Judge Peggy Kuo | | | | | | | | | | | | | |
| 10/16/2024 | Telephone Conversation | $500.00/hr | 0.2 | $100.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | with Garrett Kaske re: legal strategy | | | | | | | | | | | | | |
| 10/17/2024 | Correspondence with | $500.00/hr | 0.1 | $50.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | KatzMelinger attorneys, Troy Kessler, Garret Kaske re: setting up a time for the attorneys to discuss competing class action claims against Popeyes | | | | | | | | | | | | | |
| 10/22/2024 | Telephone Conversation | $500.00/hr | 0.4 | $200.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |

| Date | Activity | Rate | Duration | Total | Billable | Case Link | Case Number | Status | General | Telephone Call | Legal Research | Drafted Correspondence to | Drafted Motion | Drafted Comp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | with Kenneth Katz,Michael Minkoff, and Garrett Kaske re: class actions and potential overlapping claims | | | | | | | | | | | | | |
| 11/12/2024 | Preparation of | $500.00/hr | 0.1 | $50.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | declaration for attorneys' fees. | | | | | | | | | | | | | |
| 11/21/2024 | Drafted | $500.00/hr | 0.7 | $350.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | affidavit in support of attorneys' fees | | | | | | | | | | | | | |
| 11/26/2024 | Drafted | $500.00/hr | 1.8 | $900.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | |
| | declaration in support of Delmas A. Costin, Jr. in support of Plaintiffs' Motion to Preliminary Approval of the Class Action Settlement | | | | | | | | | | | | | |

**Expenses**

*This user has no expenses for the selected period.*

| User | Billable Flat Fees | Billable Hours | Total Billable Amount | Billable Expenses | Non-Billable Expenses | Non-Billable Hours |
|---|---|---|---|---|---|---|
| Dawn Levy-Weinstein | $0.00 | 0.2 hours | $70.00 | $0.00 | $0.00 | 0.0 hours |

**Flat Fees**

*This user has no flat fees for the selected period.*

**Time Entries**

| Date | Activity | Rate | Duration | Total | Billable | Case Link | Case Number | Status | General | Telephone Call | Legal Research | Drafted Correspondence to | Drafted Motion | Drafted Complaint | C |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/09/2021 | Telephone Call | $350.00/hr | 0.2 | $70.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | to Elizabeth Gorman, review of text from legal assistant and drafted email to co-counsel | | | | | | | | | | | | | | |

**Expenses**

*This user has no expenses for the selected period.*

| User | Billable Flat Fees | Billable Hours | Total Billable Amount | Billable Expenses | Non-Billable Expenses | Non-Billable Hours |
|---|---|---|---|---|---|---|
| Charlin Peguero | $0.00 | 0.5 hours | $50.00 | $0.00 | $0.00 | 0.0 hours |

**Flat Fees**

*This user has no flat fees for the selected period.*

**Time Entries**

| Date | Activity | Rate | Duration | Total | Billable | Case Link | Case Number | Status | General | Telephone Call | Legal Research | Drafted Correspondence to | Drafted Motion | Drafted Complaint | Cou |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/24/2022 | General | $100.00/hr | 0.4 | $40.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | Organized documents received for discovery. | | | | | | | | | | | | | | |
| 12/02/2022 | General | $100.00/hr | 0.1 | $10.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | Created a folder named "class action" and saved retainer documents. | | | | | | | | | | | | | | |

**Expenses**

*This user has no expenses for the selected period.*

| User | Billable Flat Fees | Billable Hours | Total Billable Amount | Billable Expenses | Non-Billable Expenses | Non-Billable Hours |
|---|---|---|---|---|---|---|
| Deliana Perez | $0.00 | 0.4 hours | $50.00 | $0.00 | $0.00 | 0.0 hours |

**Flat Fees**

*This user has no flat fees for the selected period.*

**Time Entries**

| Date | Activity | Rate | Duration | Total | Billable | Case Link | Case Number | Status | General | Telephone Call | Legal Research | Drafted Correspondence to | Drafted Motion | Drafted Complaint | Cou |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/25/2024 | General | $125.00/hr | 0.3 | $37.50 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | Edited the Delmas Costin Declaration | | | | | | | | | | | | | | |

| Date | Activity | Rate | Duration | Total | Billable | Case Link | Case Number | Status | General | Telephone Call | Legal Research | Drafted Correspondence to | Drafted Motion | Drafted Complaint | Cou |
|------|----------|------|----------|-------|----------|-----------|-------------|--------|---------|----------------|----------------|---------------------------|----------------|-------------------|-----|
| 11/26/2024 | General | $125.00/hr | 0.1 | $12.50 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | | Edited Delmas Costin Declaration | | | | | | | | | | | | | |

**Expenses**

*This user has no expenses for the selected period.*

| User | Billable Flat Fees | Billable Hours | Total Billable Amount | Billable Expenses | Non-Billable Expenses | Non-Billable Hours |
|------|-------------------|----------------|----------------------|-------------------|----------------------|-------------------|
| Ricardo Rosado | $0.00 | 1.7 hours | $170.00 | $0.00 | $0.00 | 0.0 hours |

**Flat Fees**

*This user has no flat fees for the selected period.*

**Time Entries**

| Date | Activity | Rate | Duration | Total | Billable | Case Link | Case Number | Status | General | Telephone Call | Legal Research | Drafted Correspondence to | Drafted Motion | Drafted Complaint | Cou |
|------|----------|------|----------|-------|----------|-----------|-------------|--------|---------|----------------|----------------|---------------------------|----------------|-------------------|-----|
| 06/22/2021 | General | $100.00/hr | 0.1 | $10.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | | Conducted defendant research. | | | | | | | | | | | | | |
| 06/23/2022 | General | $100.00/hr | 0.2 | $20.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | | Efiled a notice of Appearance with Eastern District of NY | | | | | | | | | | | | | |
| 07/06/2022 | General | $100.00/hr | 0.2 | $20.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | | Saved and renamed documents provided by co-counsel | | | | | | | | | | | | | |
| 08/04/2022 | General | $100.00/hr | 0.1 | $10.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | | Saved client's text messages related to her employment | | | | | | | | | | | | | |
| 12/21/2022 | General | $100.00/hr | 0.2 | $20.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | | Conducted a file review to make sure that the client had all required documents and forms | | | | | | | | | | | | | |
| 02/02/2023 | General | $100.00/hr | 0.2 | $20.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | | Drafted, mailed, and emailed correspondence requesting documents from the client | | | | | | | | | | | | | |
| 02/23/2023 | General | $100.00/hr | 0.2 | $20.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | | Called the client regarding annual update document request, started a workflow to follow up | | | | | | | | | | | | | |
| 02/27/2023 | General | $100.00/hr | 0.2 | $20.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | | Downloaded and saved documents and information provided by the client | | | | | | | | | | | | | |
| 02/27/2023 | General | $100.00/hr | 0.1 | $10.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | | Requested more documents from the client | | | | | | | | | | | | | |
| 03/22/2023 | General | $100.00/hr | 0.2 | $20.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | | Downloaded and saved documents provided by the client | | | | | | | | | | | | | |

**Expenses**

*This user has no expenses for the selected period.*

| User | Billable Flat Fees | Billable Hours | Total Billable Amount | Billable Expenses | Non-Billable Expenses | Non-Billable Hours |
|------|-------------------|----------------|----------------------|-------------------|----------------------|-------------------|
| Joshua Santiago | $0.00 | 0.0 hours | $0.00 | $0.00 | $0.00 | 0.0 hours |

**Flat Fees**

*This user has no flat fees for the selected period.*

**Time Entries**

*This user has no time entries for the selected period.*

**Expenses**

*This user has no expenses for the selected period.*

| User | Billable Flat Fees | Billable Hours | Total Billable Amount | Billable Expenses | Non-Billable Expenses | Non-Billable Hours |
|---|---|---|---|---|---|---|
| Raquel Urena | $0.00 | 1.2 hours | $180.00 | $0.00 | $0.00 | 0.0 hours |

**Flat Fees**

*This user has no flat fees for the selected period.*

**Time Entries**

| Date | Activity | Rate | Duration | Total | Billable | Case Link | Case Number | Status | General | Telephone Call | Legal Research | Drafted Correspondence to | Drafted Motion | Drafted Complaint | Co |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/22/2021 | General | $150.00/hr | 1.2 | $180.00 | Yes | Campbell, Brianna v. Popeyes | -- | Un-Invoiced | | | | | | | |
| | Defendant research on various defendants and Plaintiff. | | | | | | | | | | | | | | |

**Expenses**

*This user has no expenses for the selected period.*

# **Exhibit B**

Case 1:22-cv-02813-PK     Document 93-6     Filed 06/18/26     Page 15 of 54 PageID #: 1374

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------x

TANYA MAYNOR, WILLIAM MEDINA AND ANTHONY
RAMSEY,                                              **AMENDED DECISION AND ORDER**

                              Plaintiff(s),  Index No: 804634/23E

        - against -

MILLENNIUM MEDICAL STAFFING, INC., ANTHONY
RICCOBONO, MARIA RICCOBONO AND JOSEPH
RICCOBONO,

                              Defendant(s).
-------------------------------------------x

In this action for, *inter alia*, violations of the New York Labor Law (NYLL), after an inquest, this Court awards plaintiffs the damages discussed hereinafter[1].

According to the complaint, the instant action is for violations of the NYLL and breach of contract. Between 2006 and 2018, plaintiffs were employed by defendant MILLENNIUM MEDICAL STAFFING, INC. (Millennium), a medical staffing company which provided registered nurses, licensed practical nurses, administrative personnel and housekeepers (hereinafter collectively referred to as "consultants") to its clients, namely hospitals, nursing homes, and medical offices (hereinafter collectively referred to as "clients"). Defendants ANTHONY

---

[1]This Decision and Order is being amended in response to a later by plaintiffs' counsel, dated June 4, 2025 and solely to include an award for prejudgment interest.

Page 1 of  26

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 16 of 54 PageID #: 1375

RICCOBONO (AR), MARIA RICCOBONO (MR) and JOSEPH RICCOBONO (JR) were Millennium's principals. In 2023, plaintiff TANYA MAYNOR (Maynor) was hired by Millenium as a Medical Recruiter, whose duties included the recruitment and placement of consultants with Millennium's clients. In 2006, Maynor became Millennium's Director of Operations, whose duties included business development and the supervision of Millennium's Recruiters. In 2013, plaintiff WILLIAM MEDINA (Medina) was hired by Millennium as a Medical Recruiter. In 2015 plaintiff ANTHONY RAMSEY (Ramsey) was hired by Millennium as a Business Developer, whose duties included the recruitment of new clients and the placement of consultants with clients. With respect to compensation, defendants agreed to compensate plaintiffs with a base pay and commissions. All plaintiffs were required to be paid commissions for all consultants they placed with clients. Additionally, Maynor was required to be paid commissions for all consultants placed with a client by any Millennium employees. Although defendants failed to explain how plaintiffs' commissions were calculated, they did provide plaintiffs with documentation from which plaintiffs could calculate their commissions. Plaintiffs commissions were calculated from Millennium's net profit for the consultants which plaintiffs placed with clients. Millennium's net profit was the difference between the hourly rate charged by

Page 2 of  26

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 17 of 54 PageID #: 1376

Millennium for each consultant placed with a client and the hourly rate that Millennium paid the consultant, minus Millennium's expenses per consultant, such as payroll taxes and worker compensation insurance premiums. It is alleged that Millennium miscalculated plaintiffs' commissions and therefore underpaid them. Specifically, Millennium calculated the payroll taxes it paid to each consultant using the higher hourly rate of pay it charged the client rather than the lower rate of pay it paid the consultant. This resulted in a lower net profit from which plaintiffs' commissions were then calculated. Despite defendants' acknowledgment that the commissions paid to plaintiffs were derived using erroneous calculations and despite demands that plaintiffs be paid the proper commissions, defendants never paid the same. In 2019, plaintiffs filed a prior action seeking identical relief. On December 15, 2022, said action was settled by written agreement for $130,000. However, defendants breached the foregoing agreement by failing to tender the settlement funds due thereunder. Based on the foregoing, plaintiffs interpose five causes of action. The first and second causes of action are for defendants' violation of NYLL § 191-c, wherein plaintiffs allege that plaintiffs were commission salesmen pursuant to NYLL § 190(6) and that in failing to pay plaintiffs all commissions owed to them, defendants

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 18 of 54 PageID #: 1377

violated the foregoing section of the NYLL and therefore pursuant to NYLL § 198(1-a) are entitled to all commissions due and all attorney fees incurred in this action.  The third cause of action is for defendants' violation of NYLL § 193, wherein it is alleged that in deducting sums from plaintiffs' pay not due to them, defendants violated NYLL § 193 and therefore pursuant to NYLL § 198(1-a) are entitled to all commissions due and all attorney fees incurred in this action.  The fourth cause of action is for defendants' violation of NYLL § 195(1), wherein it is alleged that in failing to provide plaintiffs with written notice disclosing how their pay would be calculated, defendants violated NYLL § 195(1).  Based on said violation, pursuant to NYLL § 198(1-d), plaintiffs seek $250 for every week that the foregoing notice was not provided, said sum not to exceed $5000.  The fifth cause of action is for breach of contract, wherein it is alleged that in failing to tender the settlement sums due under the agreement between the parties, defendants breached the agreement.

On February 15, 2024, the Court (Wilson, J.) issued a Decision and Order grating, in part, plaintiffs' motion seeking the entry of a default judgment against defendants. Significantly, the Court granted the motion solely as to the first four causes of action and directed that an inquest be held on the issue of damages.

Page 4 of  26

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 19 of 54 PageID #: 1378

On January 6, 2025, the Court (Wilson, J.) declined to preside over the inquest in this action and recused itself from this action.

On April 9, 2025 plaintiffs and defendants' counsel appeared for an inquest, which was held on the record.

At the inquest, Maynor testified, in pertinent part, as follows. Millennium was a medical staffing agency, which had contracts with various medical facilities. Pursuant to the contracts, Millennium found staff, placed them with the medical facilities with which it had contracts, and thereafter, managed the staff it placed at those facilities. On September 1, 2018, Millennium was sold and therefore ceased operating under that name. While Maynor was employed by Millenium, she reported to AR, who issued all employee paychecks. MR was responsible for payroll and the payment of commissions. JR was the Vice President of home care. Maynor was paid a salary and commissions. Maynor's commissions were calculated using a percentage of Millennium's net profit. Each Millennium employee's commission was calculated using a different percentage. Maynor's commissions percentage was either 10% or 12.5% of Millennium's net profit. Millennium's net profit was the difference between what Millennium's clients paid it for the consultants it provided to the clients and what Millennium paid

Page 5 of 26

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 20 of 54 PageID #: 1379

the consultants.  From that sum, any expenses Millennium paid for each consultant, including payroll taxes, were then deducted.  An employee's commission was a percentage of that final sum. Millennium had two types of clients, namely, the New York City Health and Hospitals Corporation (HHC) and all others.  When Millennium was sold in 2018, Maynor became aware that her commissions and that of all other employees had been miscalculated during their tenure at Millennium.  Specifically, rather than using the lower amount Millennium paid to the consultant to calculate a consultant's payroll taxes, Millennium calculated the payroll taxes it had to pay for each consultant using the greater amount paid to Millennium by the client for each consultant.  Since the amount paid by Millennium to each consultant was less than the amount  Millennium billed to and received from the client for each consultant, calculating the payroll taxes for each consultant using the former resulted in a lower commission to each Millennium employee.  Once Maynor learned about the improperly calculated commissions, she apprised defendants, who acknowledged that the commissions were improperly calculated.  Defendant provided its employees with some, but not all their commission statements.  Thus, in determining how much commissions are owed to plaintiffs in this action, plaintiffs used the improper commissions paid to them and reflected on the

Case 1:22-cv-02813-PK   Document 93-6   Filed 06/18/26   Page 21 of 54 PageID #: 1380

commission statements they did receive to estimate all commissions owed to them for the periods for which defendants provided no commission statements.

Medina testified, in pertinent part, as follows. He was employed by Millennium as a Medical Recruiter and he adopted Maynor's testimony at the inquest.

Ramsey testified, in pertinent part, as follows. He was employed by Millennium as a Business Developer. His commission rate was either 10& or 15% of Millennium's net profit, the higher rate for full-time consultants and the lower rate for per diem consultants. Ramsey also adopted Maynor's testimony.

Plaintiffs submitted several documents into evidence, all of which were admitted on consent, and only some of which merit discussion.

Plaintiffs submitted some of plaintiffs' commission statements at Millennium for the period of time between August 24, 2017 through September 5, 2018 (Exhibits 1-3). The statements list the consultants employed by Millennium by name, the client for whom they worked, the dates they worked, the number of hours worked, the sums charged to the client, Millennium's commission, and each plaintiffs commission for the respective consultant's work.

Plaintiffs submitted two documents (Exhibits 4-5), which evince how the commissions were improperly and properly

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 22 of 54 PageID #: 1381

calculated for an employee at Millennium for both HHC and all other clients.  The documents evince that for HHC clients, if Millennium billed and was paid $1,387.50, the consultant's gross pay was $975.  If payroll taxes were improperly calculated on the amount paid to Millennium by the client after deducting all other expenses, the employee's 10% commission totaled $12.21.  If payroll taxes were properly calculated on the consultant's gross pay, then the employee's commission totaled $16.63.  With respect to all other clients, using the same sums billed and paid to Millennium and the consultant's gross pay, the improper commission totaled $17.76 and the proper commission totaled $21.88.

Plaintiffs submitted a letter (Exhibit 6), dated March 11, 2014, from Millennium to Ramsey, evincing that when he was hired as a Business Developer, his commission rate was 10% for per diem consultants and 15% for full-time consultants.

Plaintiffs submitted several spreadsheets (Exhibits 9-11), which, based on the commission statements received for each plaintiff, estimate the total sums owed to them for defendants failure to properly calculate and pay them all commissions due to them.  Saliently, using the commissions statements provided, the spreadsheets created a multiplier representing the underpayment. That multiplier was then used to calculate the underpayment of

Case 1:22-cv-02813-PK   Document 93-6   Filed 06/18/26   Page 23 of 54 PageID #: 1382

commissions for dates for which defendants provided no commission sheets.

## Standard of Review

It is well settled that "a defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (*Rokina Optical Co., Inc. v Camera King, Inc.*, 63 NY2d 728, 730 [1984]; *McClelland v Climax Hosiery Mills*, 252 NY 347, 351 [1930]; *Arent Fox Kinter Plotkin & Kahn, PLLC v Gmbh*, 297 AD2d 590, 590 [2d Dept 2002]). Moreover, "in a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference" (*People v McCoy*, 100 AD3d 1422, 1422 [4th Dept 2012]). Indeed, when findings of fact rest in large measure on considerations related to the credibility of witnesses, a trial court's determination on this issue is accorded great deference (*Ning Xiang Liu v Al Ming Chen*, 133 AD3d 644, 644 [2d Dept 2015]). Absent conclusions that cannot be supported by any fair interpretation of the evidence, a judgment rendered after a bench trial should not be disturbed (*Saperstein v Lewenberg*, 11 AD3d 289, 289 [1st Dept 2004]).

Page 9 of 26

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 24 of 54 PageID #: 1383

With respect to damages, the purpose of compensatory damages is, of course, to make the plaintiff whole (*E.J. Brooks Co. v Cambridge Sec. Seals*, 31 NY3d 441, 448 [2018]; *Sharapata v Town of Islip*, 56 NY2d 332, 335 [1982]).  To be sure, the "[t]he goal is to restore the injured party, to the extent possible, to the position that would have been occupied had the wrong not occurred" (*E.J. Brooks Co.* at 168 [internal quotation marks omitted].; *McDougald v Garber*, 73 NY2d 246, 254 [1989]).  To that end, "[t]he person responsible for the injury must respond for all damages resulting directly from and as a natural consequence of the wrongful act according to common experience and in the usual course of events, whether the damages could or could not have been foreseen by him" (*Steitz v Gifford*, 280 NY 15, 20 [1939]).

At an inquest, plaintiff bears the burden of establishing damages and/or injuries by the tender of admissible evidence (*Abbas v Cole*, 7 AD3d 649, 649 [2d Dept 2004]; *Tamburello v Bensonhurst Car & Limo Serv., Inc.*, 305 AD2d 664, 665 [2d Dept 2003]; *Godwins v Coggins*, 280 AD2d 582, 582 [2d Dept 2001]; *Jacobs v New York City Tr. Auth.*, 14 Misc 3d 130[A], *1 [App Term 2007]).  Indeed, the admission of inadmissible evidence at an inquest is reversible error (*Kotlyar v Strogov*, 58 AD3d 693, 693-694 [2d Dept 2009] ["After an inquest on the issue of damages, the court awarded the plaintiff $50,000, without specifying

Page 10 of  26

Case 1:22-cv-02813-PK   Document 93-6   Filed 06/18/26   Page 25 of 54 PageID #: 1384

whether the award was for pain and suffering, lost earnings, and/or medical expenses. Under the circumstances, and given the speculative nature of much of the plaintiff's proof at the inquest, and the court's error in admitting uncertified medical records into evidence, we remit the matter to the Supreme Court, Kings County, for a new inquest on the issue of damages" (internal citations omitted).]; *Abbas* at 649-650 ["Here, the defendant was denied this opportunity when the Supreme Court, inter alia, admitted the plaintiff's uncertified hospital records and unsworn medical reports into evidence over the defendant's objection. Further, the errors were not harmless. Thus, the defendant is entitled to a new inquest at which the plaintiff will be required to establish, through admissible evidence, his damages, if any" (internal citations omitted).]).

With respect to the quantum of evidence required to prove damages, "[i]t is fundamental to the law of damages that one complaining of injury has the burden of proving the extent of the harm suffered, must demonstrate actual damages, and must lay a basis for a reasonable estimate of the extent of the harm" (*Lewin* at 769; *see also Berley Indus., Inc. v City of New York*, 45 NY2d 683, 687 [1978] ["Speculation or conjecture will not suffice."]; *25 Fifth Ave. Mgt. Co. v Ivor B. Clark, Inc.*, 280 AD 205, 209 [1st Dept 1952], *affd*, 304 NY 808 [1952] ["The question here is rather whether plaintiff was damaged at all by defendant's

Case 1:22-cv-02813-PK   Document 93-6   Filed 06/18/26   Page 26 of 54 PageID #: 1385

conduct. At least, the existence of some actual damage must be established as a reasonable certainty."]). Stated differently, the proponent of damages must establish the same with reasonable certainty (*Ng v Asquared Group, Inc.*, 219 AD3d 1341, 1343 [2d Dept 2023] ["Although the damages cannot be remote, contingent, or speculative, the standard is not one of mathematical certainty but only reasonable certainty" [internal quotation marks omitted].; *see E.J. Brooks Co. v Cambridge Sec. Seals*, 31 NY3d 441, 449 [2018] *Steitz* at 20).

Notably, when the ability to calculate damages is attributable to a defendant's misconduct, plaintiff's burden is lessened and "some uncertainty may be tolerated" (*Ng* at 1343; *see Wolf v Rand*, 258 AD2d 401, 403 [1st Dept 1999]).

Notably,

> [t]he sole issue to be determined at an inquest is the extent of damages sustained by the plaintiff, and the inquest court should not consider the question of whether the defendant caused the damages sustained by the plaintiff

(*Castaldini v Walsh*, 186 AD3d 1193, 1194 [2d Dept 2020]; *see Gonzalez v Wu*, 131 AD3d 1205, 1206 [2d Dept 2015]; *Arluck v Brezinska*, 180 AD3d 634, 635 [2d Dept 2020] ["As such, the sole issue to be determined at the inquest was the extent of the damages sustained by the plaintiff, and the Supreme Court should not have considered issues of liability."]; *Rich-Haven Motor Sales, Inc. v Natl. Bank of New York City*, 163 AD2d 288, 290 [2d

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 27 of 54 PageID #: 1386

Dept 1990] ["Turning first to the issue of causation, we note that the allegations contained in Rich-Haven's complaint, insofar as they pertain to the question of liability, must be deemed admitted in light of the defendant's default which resulted in an award of summary judgment against it."]).    Indeed, it is reversible error for the court to require the plaintiff at an inquest to establish causation as to the damages alleged (*Kouho v Trump Vil. Section 4, Inc.*, 93 AD3d 761, 763 [2d Dept 2012] ["the Supreme Court erred in considering the question of whether the plaintiff's accident was caused by Fazio-Trina."]).

Moreover, at an inquest, the defaulting defendant may nevertheless  appear and present testimony and evidence, and may cross-examine the plaintiff's witnesses in order to mitigate damages (*Tamburello v Bensonhurst Car & Limo Serv., Inc.*, 305 AD2d 664, 665 [2d Dept 2003]; *Godwins v Coggins*, 280 AD2d 582, 582 [2d Dept 2001]).

### **Applicable Law**

Pursuant to NYLL § 190(6) a

> 'Commission salesman' means any employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions. The term "commission salesman" does not include an employee whose principal activity is of a supervisory, managerial, executive or administrative nature.

Page 13 of  26

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 28 of 54 PageID #: 1387

Per NYLL § 191-c(1), earned commissions "shall be paid within five business days after termination or within five business days after they become due in the case of earned commissions not due when the contract is terminated." The failure to pay commissions when due makes the defaulting payor liable in a "civil action for double damages. . . [and] [t]he prevailing party in any such action shall be entitled to an award of reasonable attorney's fees, court costs, and disbursements" (NYLL § 191-c[3]).

Pursuant to NYLL § 195(1)(a),

> [e]very employer shall . . . provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances.

The failure to provide the foregoing notice entitles an employee to recover, in a civil action, $250 for every day that the employer fails to provide the requisite written notice up to a maximum of $5,000 (NYLL § 198[1-d]) ["If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or

Page 14 of 26

Case 1:22-cv-02813-PK   Document 93-6   Filed 06/18/26   Page 29 of 54 PageID #: 1388

continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."]).

Pursuant to NYLL § 198(1-a),

> [i]n any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be due for a willful violation of section one hundred ninety-four of this article.

Pursuant to NYLL §§ 198(4) "[i]n any civil action by an employee or by the commissioner, the employee or commissioner shall have the right to collect attorneys' fees and costs incurred in enforcing any court judgment."

It is well settled that generally in the absence of an agreement, contract, or statute, a party involved in litigation is responsible for all legal fees and costs incurred in the defense or prosecution of the action and cannot recover the same

Page 15 of 26

Case 1:22-cv-02813-PK   Document 93-6   Filed 06/18/26   Page 30 of 54 PageID #: 1389

from an opposing party (*Chapel v Mitchell*, 84 NY2d 345, 348 [1994]; *Hooper Associates, Ltd. v AGS Computers, Inc.*, 74 NY2d 487, 491 [1989]; *A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]; *Mighty Midgets, Inc. v Centennial Ins. Co.*, 47 NY2d 12, 21-22 [1979]).  Indeed,

> [t]he rule is based upon the high priority accorded free access to the courts and a desire to avoid placing barriers in the way of those desiring judicial redress of wrongs

(*A.G. Ship Maintenance Corp.* at 5).

When a party is entitled to such fees, the court must determine whether the same are, in fact, reasonable (*Coniglio v Regan*, 186 AD2d 708, 709[2d Dept 1992; *Natl. Bank of N. Am. v Arthur R. Smith Mech. Corp.*, 74 AD2d 600, 600 [2d Dept 1980]).  Accordingly, when the proponent of legal fees tenders proof of the reasonableness of the expenses incurred, absent a challenge regarding the reasonableness of said expenses, the moving party is entitled to the amount sought (*Gray Manufacturing Company v Pathe Industries, Inc.*, 33 AD2d 739, 739 [1st Dept 1969]).  If the reasonableness of the legal fees claimed is challenged, however, the court must conduct a hearing to determine the reasonableness of the fees to be awarded (*Tishman Construction Corp. Of New York v American Manufacturers Insurance Company*, 303 AD2d 323, 324-325 [1st Dept 2003]).

Page 16 of  26

Case 1:22-cv-02813-PK     Document 93-6     Filed 06/18/26     Page 31 of 54 PageID #: 1390

Even when a contract entitles a party to legal fees, it is well settled that such relief is only available to the prevailing party, who must also prevail on a central issue in the relevant action (*Nestor v McDowell*, 81 NY2d 410, 415-416 [1993]; *490 Owners Corp. v Israel*, 189 Misc 2d 34, 35 [App Term 2001]).

## Discussion

Plaintiffs have credibly established entitlement to damages sought within their first two causes of action premised on a violation of NYLL § 191-c(1), namely defendants' failure to pay them all commissions due to them.

As noted above, pursuant to NYLL § 191-c(1), earned commissions shall be paid to a Commission salesman, which pursuant to NYLL § 190(6), includes anyone whose earnings are based on commissions, "within five business days after termination or within five business days after they become due in the case of earned commissions not due when the contract is terminated" (NYLL § 191-c[1]).

Here, Maynor, whose testimony Medina and Ramsey adopted, and plaintiffs' documentary evidence established that plaintiffs were not paid all the commissions due to them and that thus, defendants violated NYLL § 191-c(1).

Specifically, Maynor testified that all of defendants' employees were to be paid commissions equal to a percentage of Millennium's net profit. Net profit was the sum remaining after

Page 17 of 26

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 32 of 54 PageID #: 1391

deducting all sums due to a consultant minus any expenses Millennium was required to pay, such as payroll taxes. Maynor further testified that in 2018 after Millennium was sold, she discovered that the commissions that Millennium had been paying its employees was less than required because Millennium was miscalculating the same. Specifically, Millennium was calculating payroll taxes using the sums paid to it by its clients rather than on the sums paid to the consultant, namely, the consultant's gross pay. The foregoing resulted in the diminution of Millennium's net profit, which in turn resulted in a lower commission paid to plaintiffs. With respect to documents reflecting commissions, Maynor testified that defendants would provide its employees with commission statements. However, with respect to plaintiffs, defendants did not provide all commission statements for the time at issue in this action. Thus, in calculating the total commissions owed, plaintiffs were required to estimate the commissions owed for the periods for which they received no commission statements.

Plaintiffs' documentary evidence, namely, the commission statements for a portion of the time at issue in this action, from March 23, 2017 through August 31, 2018, indicate the commissions paid to each plaintiff, the sums paid to Millennium for each consultant for which a commission was paid and Millennium's net profit for each transaction. Additionally, the

Page 18 of  26

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 33 of 54 PageID #: 1392

record contains documents which evince how Millennium miscalculated plaintiffs' commissions, how said commissions should have been calculated, and how plaintiffs calculated the sums owed to them using a multiplier to account for periods for which they received no commission statements.

Given the foregoing, plaintiffs' established entitlement to the damages sought with reasonable certainty.

Again, at an inquest, the plaintiff bears the burden of establishing damages and/or injuries by the tender of admissible evidence (*Abbas* at 649; *Tamburello* at 665; *Godwins* at 582; *Jacobs* at *1). With respect to the quantum of evidence required to prove damages, "[i]t is fundamental to the law of damages that one complaining of injury has the burden of proving the extent of the harm suffered, must demonstrate actual damages, and must lay a basis for a reasonable estimate of the extent of the harm" (*Lewin* at 769; *see also Berley Indus., Inc.* at 687; *25 Fifth Ave. Mgt. Co.* at 209). Stated differently, the proponent of damages must establish the same with reasonable certainty (*Ng see E.J. Brooks Co.* at 449; *Steitz* at 20). Notably, when the ability to calculate damages is attributable to defendant's misconduct, plaintiff's burden is lessened and "some uncertainty may be tolerated" (*Ng* at 1343; *see Wolf* at 403).

Here, plaintiffs' documentary evidence establishes that defendants failed to pay them all the commissions due to them

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 34 of 54 PageID #: 1393

because it miscalculated the same. To the extent that some of the documentary evidence estimates the proper commissions due to plaintiffs, the same is sufficient since it was defendants' failure to provide plaintiffs with all the commission sheets for the relevant time period which forced them to resort to estimation (*Wolf* at 403, *Ng* at 1343).

Specifically, plaintiffs spreadsheets establish that between March 23, 2017 and August 31, 2018, Maynor was paid commissions totaling $91,002.14, but should have been paid $123,664.43. Thus, Maynor was underpaid in the amount of $32,662.29. For the same time period, Medina was paid commissions totaling $7,782.17, but should have been paid 9,731.61. Thus, Medina was underpaid commissions totaling $1,949.44. For the same period, Ramsey was paid commissions totaling 8,572.90, but should have been paid $12,693.46. Thus, Ramsey was underpaid commissions totaling $4,120.56.

Because the failure to pay commissions when due makes the defaulting payor liable in a "civil action for double damages. . . [and] [t]he prevailing party in any such action shall be entitled to an award of reasonable attorney's fees, court costs, and disbursements" (NYLL § 191-c[3]), each plaintiff is entitled to damages equal to twice the sums each plaintiff was underpaid and may recover all reasonable attorney's fees, court costs, and disbursements. Moreover, pursuant to NYLL § 198(1-a), plaintiffs

Page 20 of 26

Case 1:22-cv-02813-PK   Document 93-6   Filed 06/18/26   Page 35 of 54 PageID #: 1394

are entitled to prejudgment interest on the damages arising from the underpayment of commissions.

To the extent that plaintiffs seek damages flowing from the failure to provide wage notices as required by New York Labor Law § 195(1)(a) and authorized by New York Labor Law § 198(1-d), such relief is denied.

Here, not only is the record bereft of any testimony regarding the absence of any notices apprising plaintiffs how their commissions were to be calculated, but the opposite is true. Here, all plaintiffs testified that they were aware of how the commissions due to them were to be calculated and merely allege that such calculations were erroneous. Accordingly, the damages sought pursuant to the foregoing sections of the Labor Law are denied.

Similarly, to the extent that plaintiffs seek damages arising from a violation of NYLL § 193(1) for improper wage deductions, the damages arising therefrom and recoverable pursuant to NYLL § 198(1-d) are identical to the damages already awarded to plaintiffs for the violations of NYLL arising from the improper payment of commissions. Thus, any relief for damages for the foregoing violations is denied.

Plaintiffs' application seeking an award of attorney fees, costs, and disbursements is granted, in part.

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 36 of 54 PageID #: 1395

Plaintiffs submit an affirmation[2] wherein their attorney seeks reimbursement in the amount of $79,648.75, said sum representing all attorney fees, costs and expenses that plaintiffs have incurred as a result of this action, a prior action, and an appeal therein. Counsel states with respect to the prior action, identical to this action, but which was dismissed by this Court, he billed plaintiffs for his time at the rate of $500 per hour and also billed them for work performed by a Law Clerk and a Paralegal at a rate of $175 and $100 per hour, respectively. In connection with the prior action, counsel provided $80 hours of legal work for a total amount of $40,200, his Law Clerk provided 41.1 hours of work for a total amount of $7,192.50, and his paralegals provided 16.2 hours of legal work for a total of $1,620. Counsel list two other individuals as performing legal work in this action, Dawn Levy-Weisntein (Weinstein) and Afshan Khan, each of whom billed at a rate of $350 per hour. The total for the foregoing services is $49,537.75, of which counsel only seeks $24,768.75. Counsel states that plaintiffs seek reimbursement for an appeal in that action for which he billed plaintiffs $16,420, representing 30

---

[2] Counsel's affirmation is replete with federal case law. The Court reminds counsel that federal case law is persuasive at best and does not bind this Court. Moreover, counsel's Amended Affirmation of Delmas A. Costin, Jr. in Support of Inquest Damages refers to exhibits, none of which were appended thereto. To the extent that counsel also submitted the Affirmation of Delmas A. Costin, Jr. in Support of Inquest Damages, to which, *inter alia*, counsel's billing records were appended, the Court reviewed and relied on the same.

Page 22 of 26

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 37 of 54 PageID #: 1396

hours of legal work by him, 10.7 hours of work by his paralegal, and 3.5 hours of work by Weinstein. However, counsel only seeks reimbursement in the amount of $8,210. With respect to this action, counsel states that he provided 88 hours of legal work, his Law Clerk provided 2.4 hours of work, and his paralegals provided 22.5 hours of legal work. The total sum for the legal work provided in this action is $46,670. Counsel also seeks $2,377.60 in costs, said sum representing costs incurred in this and the prior action.

As noted above, it is well settled that generally in the absence of an agreement, contract, or statute, a party involved in litigation is responsible for all legal fees and costs incurred in the defense or prosecution of the action and cannot recover the same from an opposing party (*Chapel* at 348; *Hooper Associates, Ltd.* at 491; *A.G. Ship Maintenance Corp.* at 5; *Mighty Midgets, Inc.* at 21-2). Even when a contract entitles a party to legal fees, it is well settled, that such relief is only available to the prevailing party, who must also prevail on a central issue in the relevant action (*Nestor* at 415-416 ; *490 Owners Corp.* at 35). When a party is entitled to such fees, the court must determine whether the same are, in fact, reasonable (*Coniglio* at 709; *Natl. Bank of N. Am.* at 600).

Here, since plaintiffs have prevailed and NYLL § 191-c[3] entitles them to recover legal fees, costs and disbursements,

Page 23 of 26

they are entitled to recover all reasonable legal fees, costs and disbursements incurred in connection with this action[3].

Contrary to plaintiffs' contention, however, they are only entitled to recover the fees, costs, and disbursements incurred *in this action*. Accordingly, to the extent that they seek to recover legal fees, costs and disbursements incurred with a prior action, albeit identical to this one, but which was dismissed by this Court, plaintiffs are not entitled to the relief sought.

Preliminarily, while here, the legal fees, costs, and disbursements sought are unchallenged, the Court nevertheless declines to grant the bulk of sums sought.

First, while the prior action and this one are indeed identical, they are nevertheless separate actions.

Second, assuming arguendo that plaintiffs could recover fees in one action by seeking them in another, since the recovery of legal fees requires that the proponent of such fees be the prevailing party, a review of the Court's file in the prior action evinces that said action was dismissed. Accordingly, plaintiffs lost that prior action[4].

---

[3] Per counsel's Amended Affirmation of Delmas A. Costin, Jr. in Support of Inquest Damages, the costs incurred in connection with this action total $2,028.55.

[4] The former action was titled *Maynor, et al. v Millennium Medical Staffing, et al.*, (Index No. 35483/19E). On March 8, 2023, this Court in a Decision and Order, *inter alia*, dismissed that action for plaintiffs' failure to timely seek the entry of a default judgment.

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 39 of 54 PageID #: 1398

Lastly, while here, plaintiffs improperly bootstrapped the prior action to this one by pleading and therefore relating a claim to the prior action - the fifth cause of action for breach of contract - this is, in fact, the only claim for which plaintiffs were not granted a default judgment.   Thus, despite plaintiffs' attempt to link this action and the prior one, other than  the fact that this is a rehash of the claims in the prior action, there is no legal nexus between the claims for which plaintiffs have prevailed in this action and the prior action (*cf. AL Infinity LLC v Innovative Concepts and Design, LLC*, 232 AD3d 401, 403 [1st Dept 2024] ["Because defendant defaulted under the parties' agreements by filing the federal action and the prior action, plaintiff is entitled to attorneys' fees incurred in connection with these defaults."]).   Indeed, here, the result would be altogether different if plaintiffs had actually prevailed on the fifth cause of action for breach of the prior settlement agreement since then this action would be the direct result of defendants' failure to abide by the settlement. Instead, this action, particularly the first four causes of action, is the result of the dismissal of the prior action and/or the failure by plaintiffs to enforce the settlement by entering a judgment premised thereon.  Accordingly, it is hereby

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 40 of 54 PageID #: 1399

**ORDERED** that plaintiffs are granted a judgment in the amount of $188,154.90, plus interest, representing a judgment, which includes prejudgment interest accruing on March 23, 2017 in (1) Maynor's favor in the amount of $87,327.22; (2) Medina's favor in the amount of $5,212.12; (3) Ramsey's favor in the amount of $11,016.91; (4) legal fees in the amount of $46,670; and (5) costs in the amount of $2,028.55. It is further

**ORDERED** that plaintiffs submit a judgment to the Clerk of the Court within 60 days hereof. It is further

**ORDERED** that plaintiffs serve a copy of this Decision and Order with Notice of Entry upon defendants within 30 days hereof.

This constitutes this Court's Decision and Order.

Dated : June 4, 2025
        Bronx, New York

**HON. FIDEL E. GOMEZ, JSC**

# **<u>Exhibit C</u>**

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 42 of 54 PageID #: 1401

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: PART_____27_____

-------------------------------------------------------------------X

Aneury Almanzar

                               Petitioner,

              -against-

Ramac US LLC, d/b/a Assured Environments,

                               Respondent.

-------------------------------------------------------------------X

Index No.: 805764/2022E

Hon. Naita A. Semaj,
Justice of the Supreme Court

The following papers numbered NYSCEF Doc. **#43** to NYSCEF Doc. **#49, 73, 78 -84, 90, 92-95, 98-100** were read on **Petitioner's Motion** (Seq. No. **2**) for an Order:

(i) directing that attorneys' fees be awarded;
(ii) costs be awarded to Petitioner; and
(iii) prejudgment interest be calculated
were noticed and duly submitted on **March 19, 2026**

| Sequence No. 2 | NYSCEF Doc. Nos. |
|---|---|
| Notice of Motion - Exhibits and Affidavits Annexed | 43 – 49 |
| Answering Affirmation/Affidavit and Exhibits | 73 |
| Replying Affirmation/Affidavit and Exhibits | 78 – 84, 90, 92 – 95, 98 – 100 |

See attached decision and order dated **April 16, 2026.**

Dated:  4/16/26                        Hon. _____
                                            Naita A. Semaj, J.S.C.

----------------------------------------------------------------------------------------------------

1. CHECK ONE..................................................    ☐ CASE DISPOSED IN ITS ENTIRETY    ☐ CASE STILL ACTIVE

2. MOTION IS....................................................    ☒ GRANTED    ☐ DENIED    ☐ GRANTED IN PART    ☐ OTHER

3. CHECK IF APPROPRIATE.......................    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: PART_____27_____
-------------------------------------------------------------------X
Aneury Almanzar

                        Petitioner,

                -against-

Ramac US LLC, d/b/a Assured Environments,

                        Respondent.
-------------------------------------------------------------------X

Index No.: 805764/2022E

Decision and Order

**HON. NAITA A. SEMAJ**

Procedural Posture

This is an action brought by Petitioner where a jury rendered a verdict in Petitioner's favor. Thereafter, Petitioner moved for an award of attorneys' fees, costs, and prejudgment interest pursuant to applicable fee-shifting provisions. Following the submission of opposition and reply papers, the parties engaged in extensive supplemental motion practice, including additional affirmations and billing records addressing post-trial work, the involvement of co-counsel, and the scope of recoverable fees.

The present motion concerns Petitioner's application for attorneys' fees incurred both during the litigation and in connection with post-trial motion practice, including the defense of the verdict and prosecution of the fee application itself.

Petitioner seeks an award of attorneys' fees totaling $179,023.33, inclusive of additional post-trial work performed by counsel Delmas Costin and co-counsel Stephen Bergstein (See NYSCEF Doc. No. 98 at paragraph 27). Petitioner contends that the fees are reasonable considering the work performed, the successful outcome at trial, and the necessity of defending the verdict and litigating post-trial motions. Petitioner further argues that Respondent waived opposition to prejudgment interest and improperly submitted unauthorized supplemental filings.

Respondent opposes the application, arguing that the requested fees are excessive, that certain work is duplicative, and that Bergstein's involvement was unnecessary and inefficient. Respondent specifically contends that Bergstein's work constitutes impermissible "double billing" and should not be compensated.

In reply, Petitioner asserts that Bergstein was retained due to his specialized expertise in post-trial and appellate work, and that his contributions were distinct and necessary, and that the claimed hours are reasonable and non-duplicative. After review of all papers, the Court decides as follows:

2

Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 44 of 54 PageID #: 1403

## Legal Standard and Analysis

A prevailing party may recover reasonable attorneys' fees where authorized by statute or agreement, and the Court must determine whether the requested fees are reasonable considering the time expended, the nature of the work performed, and the results achieved (NYCHRL §§8-502[f],[g]; 22 NYCRR 1200.00 Rule 1.5; *Matter of Freeman,* 34 NY2d 1[1974]). The court may reduce requested fees where the hours are excessive, redundant, or unnecessary, including where there is duplicative work performed by multiple attorneys, as argued in Respondent's opposition papers (*Miroglio SPA v Conway Stores, Inc.,* 629 FSupp2d 307 [SDNY 2009]; *JK Two LLC v Garber,* 171 AD3d 496 [1st Dept 2019]). Further, a prevailing party is entitled to recover fees incurred in litigating the fee application itself, as reflected in Petitioner's submissions (*Hine v City of Albany,* 862 F3d 215 [2d Circ 2017]).

Here, as a threshold matter, the Court finds that Petitioner, as the prevailing party following trial, is entitled to an award of reasonable attorneys' fees. The primary disputes concern: (i) the reasonableness of the hours claimed; (ii) the propriety of compensating co-counsel Bergstein; and (iii) whether certain work is duplicative.

With respect to Costin's post-trial fees ($13,100.00), the Court finds that the billing records reflect detailed, contemporaneous time entries for post-trial work, including motion practice, communications, and enforcement of the judgment. The hours expended – 26.2 post-trial hours – are not facially excessive given the procedural posture and the necessity of responding to post-trial motions and pursuing fee recovery. However, the Court reaches a different conclusion regarding the full extent of Bergstein's requested fees. While the Court credits Petitioner's argument that specialized or post-trial counsel may reasonably be retained to defend a verdict, the record demonstrates that Bergstein entered the case only after trial and necessarily expended time familiarizing himself with the record, including reviewing a lengthy trial transcript and exhibits.

Although Bergstein disputes that such efforts were duplicative, the Court finds that some degree of overlap with work already performed by trial counsel is unavoidable. The time records confirm substantial hours devoted to reviewing the file, drafting statements of fact, and developing legal arguments that, while necessary, replicate foundational work already undertaken during trial preparation and post-trial analysis.

As such, the Court finds that a reduction of Bergstein's claimed hours is warranted to eliminate inefficiencies and duplication. The Court declines to deny his fees in their entirety, as Respondent urges, because the record supports that his work contributed to the post-trial motion practice and fee application. However, a downward adjustment is appropriate to reflect only those hours reasonably necessary and non-duplicative.

With respect to Respondent's argument concerning the absence of a retainer agreement, the Court finds that the submissions establish that Bergstein's involvement was authorized by Petitioner and structured with the expectation of compensation through fee-shifting, which does not preclude recovery under the circumstances presented.

3

FILED: BRONX COUNTY CLERK 04/20/2026 03:13 PM INDEX NO. 805764/2022E

NYSCEF DOC. NO. 101    Case 1:22-cv-02813-PK    Document 93-6    Filed 06/18/26    Page 45 of 54 PageID #: RECEIVED NYSCEF: 04/20/2026

1404

Turning to prejudgment interest, the Court finds that Respondent failed to address this issue in its initial opposition papers, and only raised arguments in subsequent supplemental submissions. The record supports Petitioner's contention that such omission constitutes a waiver or concession of that issue. As such, prejudgment interest is considered and granted as unopposed.

Finally, the Court declines to consider Respondent's unauthorized supplemental submissions to the extent they raise new arguments not previously asserted, as such filings were made without consent or leave of court and after the motion was fully submitted.

Fee Calculation

The Court now turns to the appropriate calculation of attorneys' fees. As reflected in the submissions, Petitioner seeks a total fee award of $179,023.33, which includes both trial-level work and post-trial work performed by Delmas Costin, his staff, and co-counsel Stephen Bergstein.

With respect to the post-trial period, the contemporaneous billing records reflect that Costin expended 26.2 hours at an hourly rate of $500.00, totaling $13,100.00, together with an additional 4.4 hours of staff time totaling approximately $600.00. The Court finds these hours and rates to be reasonable in connection with the work performed, including defending the verdict, addressing post-trial motions, and preparing the fee application. As such, the Court awards these amounts in full.

With respect to Bergstein, the records reflect 57.13 hours of work at a proposed rate of $550.00 per hour, for a total request of $30,273.00. The Court notes that while this is not the correct mathematical calculation, this is the amount requested by Bergstein. While the Court credits Bergstein's experience and the utility of retaining specialized post-trial counsel, it finds that a portion of the time expended was duplicative of work already performed by trial counsel, particularly as it relates to reviewing the trial record and developing factual and legal arguments that were necessarily grounded in work previously undertaken.

In the exercise of its discretion, and to eliminate inefficiencies and duplication, the Court applies a 40% reduction (reduction of $12,109.20) to Bergstein's requested fees. This results in a compensable award of $18,163.80. The Court finds that this adjusted amount fairly reflects the reasonable value of Bergstein's non-duplicative contributions to the post-trial motion practice and fee litigation.

As such, for the post-trial period, the Court awards a subtotal of $31,863.80 in additional attorneys' fees, itemized as follows:
      (i)      $13,100.00 to Costin;
      (ii)      $600.00 in staff time; and
      (iii)      $18,163.80 to Bergstein

4

These amounts are awarded in addition to the previously incurred and documented fees for the underlying litigation, which the Court finds to be reasonable and supported by the record. The total attorneys' fee award is therefore fixed in the sum of $166,914.13. Accordingly, it is hereby:

**ORDERED**, that Petitioner's motion for attorneys' fees is GRANTED to the extent set forth herein, and it is further:

**ORDERED**, that Petitioner is awarded attorneys' fees in the total amount of $166,914.13, consisting of:

      (i)     $135,050.33 for attorneys' fees incurred through trial;
      (ii)    $ 13,100.00 for post-trial legal work performed by Delmas Costin, Esq.;
      (iii)   $    600.00 for post-trial staff time; and
      (iv)   $ 18,163.80 for post-trial work performed by Stephen Bergstein, Esq,

and it is further:

**ORDERED**, that, in addition, Petitioner is awarded prejudgment interest in the amount of $53,451.72, as requested and deemed unopposed, and it is further:

**ORDERED**, that Petitioner is awarded costs in the amount of $2,265.56, as requested, and it is further:

**ORDERED**, that any relief not expressly granted herein is DENIED, without prejudice.

This constitutes the Decision and Order of the Court.

Dated: <u>4/16/2026</u>              Hon. _____

                                          Naita A. Semaj, J.S.C.

# **Exhibit D**

**Delmas A. Costin, Jr.**
The Law Office of Delmas A. Costin, Jr., P.C.
930 Grand Concourse, Ste. 1B
Bronx, NY 10451
dacostin@dacostinlaw.com
www.dacostinlaw.com
(718) 618-0589 (O)
(347) 510-0099 (F)

# Curriculum Vitae

## BAR ADMISSIONS

New York (2000)
United States Supreme Court (2015)
U. S. Court of Appeals, Second Circuit 2015)
U.S. District Court Southern District of New York (2006)
U. S. District Court Eastern District of New York (2006)

## EDUCATION

**Boston University School of Law,** Boston, Massachusetts
Juris Doctor (May 1999)

**Cornell University, School of Industrial and Labor Relations,** Ithaca, NY
B.S. Industrial and Labor Relations (May 1993)

## PROFESSIONAL HISTORY

**The Law Office of Delmas A. Costin, Jr., P.C.,** Bronx, NY
*Founding Attorney* (September 2007 – Present)
The Law Office of Delmas A. Costin, Jr. helps employees obtain fairness, dignity, and equal protection under the law at work. The firm represents employees in every facet for the employment relationship including failure to pay wage claims, discrimination, severance negotiations and employment contract review.

**Holm and O'Hara,** New York, NY
*Associate* (February 2007 – September 2007)
Represented construction trade labor unions and multiemployer benefit plans. Conducted ERISA litigation on behalf of the multiemployer benefit plans in Federal District. Devised and implemented legal strategy. Negotiated settlements with delinquent employers. Provided legal advice regarding ERISA benefit plans. Coordinated document requests directed to various ERISA plans.

**Gordon and Silber, P.C.,** New York, NY
*Associate* October 2005 – February 2007
Represented Defendants in personal injury claims.  Provided employment law advice to small businesses.  Conducted jury trials in New York State Supreme Court.  Conducted arbitrations and mediations. Conducted depositions of parties and witnesses.  Devised and implemented legal strategy.  Provided clients with written legal advisory opinions.

**Bronx County District Attorney's Office,** Bronx, NY
*Assistant District Attorney* August 1999 – October 2005
Prosecuted felony jury trials in New York State Supreme Court.  Presented felony cases before the Grand Jury. Oversaw 9 attorneys as the senior attorney in the Narcotics Eviction Unit. Negotiated criminal pleas and housing court settlements. Interviewed and prepared witnesses to testify.  Interrogated arrested suspects.  Drafted criminal complaints, motions, and memoranda of law.  Issued subpoenas and search warrants.  Answered discovery requests.  Oversaw training and work product of new attorneys.   Represented the District Attorney before Bronx based community groups.

## PROFESSIONAL ASSOCIATIONS AND MEMBERSHIPS

- American Bar Association, Member

- Black Bar Association of Bronx County, (Vice-President 2004)

- Bronx County Bar Association, Member

- National Employment Lawyers Association, Member

- NELA/NY, Former Member of the Board of Directors (2018-2020), Conference Committee Member (Approx. 2010 - 2020)

- New York State Bar Association, Member

## REPRESENTATIVE CASES

Since 2007, I have been the lead attorney or supervising attorney in more than 250 litigated employment cases.  Additionally, I negotiated for or consulted with well over 350 clients on non-litigated matters.  Notable examples of cases include:

**Appellate Proceedings**

- *Ovalle v. Church Street Construction*, Case No. 2024-05202 NYSCEF No. 20 (1st Dept. October 9, 2025) (successfully opposed movants attempt to overturn denial of summary judgment)

**Trials, Inquests and Administrative Proceedings**

- *Almanzar v. RAMAC US LLC*, Index No. 805764-2022E, NYSCEF Nos. 76 and 101 (Sup. Ct. Bronx, December 19, 2025) (prevailed after a jury trial which awarded $442,956.000 as damages and $500.00 per hour for attorneys' fees for violations of the New York City Human Rights Law.  A final attorneys' fees determination is pending)

- *Hyatt v. OXM Realty Group et. al.*, Index No. 2024-5599 NYSCEF No. 80 (Sup. Ct. Dutchess  March 5, 2026) (prevailed after a jury trial and inquest, awarded $7,380.00 as damages for failing to pay commission in violation of the New York Labor Law. Attorney hourly rate not determined.)

- *Maynor et al. v. Millennium et al.* Index No. 804634/23E, NYSCEF No. 37 and 48 (Sup. Ct. Bronx  November 5, 2025) (prevailed after a contested inquest, obtained a judgment in the amount of $188,695.23 and awarded $500.00 per hour for attorneys' fees for failure to pay minimum wage and overtime in violation of the New York Labor Law among other causes of actions)

- *Baez v. Munchies, Inc. et al.*  Index No. 34676/2019E, NYSCEF No. 29 and 34 (Sup. Ct. Bronx  December 17, 2024) (prevailed after a contested inquest, obtained a judgment in the amount of $93,429.88 and awarded $500.00 per hour for attorneys' fees for failure to pay minimum wage and overtime in violation of the New York Labor Law)

- *Paulino v. Munchies Inc. et al.* Index No. 31979/2018E, NYSCEF No. 61 (Sup. Ct. Bronx  November 15, 2024) (prevailed after a contested inquest, obtained a judgment in the amount of $123,672.65 in violation of the New York Labor Law.  A final attorneys' fees determination is pending.)

- *Nieves v. La Peninsula Community Organization, Inc. et. al.,* Case No. 10216833 (New York State Division of Human Rights December 10, 2024) (prevailed at a Public Hearing resulting in a dismissal of all claims against Respondents)

- *Lopez v. ITG Woodworking, Corp. et al.*, Case No. 10205997 (New York State Division of Human Rights June 6, 2024) (prevailed after a Public Hearing resulting in dismissal of all claims against Respondents)

- *Rozon v. Grini's Grill and Restaurant*, Index No. 653624/2019 (Sup. Ct. New York March 2023) (confidential settlement during third day of trial for violations of the New York City Human Rights Law)

- *Estevez v. Felo Deli Grocery Corp.*, Case No. 10199398 (New York State Division of Human Rights June 28, 2022) (Prevailed after a Public Hearing and received full backpay and mental anguish as damages for violations of the New York State Human Rights Law. The NYSHRL did not provide statutory attorneys' fees at that time.)

- *Anderson v. HHC et al.*, Case No. 16-CV-1051 (S.D.N.Y December 2021) (Hung jury after a jury trial for violations of Title VII of the Civil Rights Act of 1964.)

Curriculum Vitae-DAC                                            3

- *Mercado v. King C. Ironwork, Inc. et. al.*, Index No. 302345/2014 (Sup. Ct. Bronx January 10, 2020) (prevailed after a jury trial, obtained a judgment in the amount of $322,175.21 and awarded $450.00 per hour for attorneys' fees for failure to pay minimum wage and overtime in violation of the New York Labor Law among other things)

- *Mendoza v. El Aguilar Bar and Restaurant, Corp.*, et al, 16-CV-6691 (S.D.N.Y 2018) (prevailed after a bench trial where the Court ruled that my clients owed only $5,000.00 for failure to provide notice of wages under the law and no back wages. Plaintiff's demand was in excess of $300,000.00).

- *In re Elba Peralta*, PR 15-171 (New York State Industrial Board of Appeals) (Prevailed at a public hearing, the Board ruled that my client was improperly classified as an employer when she was actually an employee and therefore not liable for paying unpaid wages to other employees).

- *In re Yolanda Abraham*, PR 13-064 (New York State Industrial Board of Appeals) (Prevailed at a public hearing, the Board ruled that my client was improperly classified as an employer when she was actually an employee and therefore not liable for paying unpaid wages to other employees).

**Wage and Hour Litigation (2022-Present)**

- *Reyes v. Home Clean Home Inc. et. al.*, Case No. 24-CV-08481, (S.D.N.Y. October 8, 2025) (Settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).

- *Rodriguez v. ZAM Realty Management LLC, et. al.*, 24-CV-08053, ECF No. 25 (S.D.N.Y. June 4, 2025) (Dismissal of a Fair Labor Standards Act case pursuant to Rule 68 Offer of Judgment)

- *Perez v. V&S 1110 LLC et. al.*, 24-CV-08028 ECF No. 20 (S.D.N.Y. February 5, 2025) (Dismissal of a Fair Labor Standards Act case pursuant to a Rule 68 Offer of Judgment)

- *Mejia v. 1654 Metropolitan Food Corp.*, 815547/2023E, NYSCEF No. 15 (Sup. Ct. Bronx  September 25, 2024) (Initiated and discontinued a claim alleging violations of the New York Labor Law)

- *Maria Sanchez v. Julio C Barbershop 2* et. al., 24-CV-01241, ECF No. 31 (S.D.N.Y. November 1, 2024) (Settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015)

- *Todman v. Davidson Apt. LLC et al.*, 22-CV-03557, ECF No. 19 (S.D.N.Y. January 26, 2023), (Settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015)

- *Reyes v. Terrille 97th St LLC*, 30662/2019E, NYSCEF No. 26 (Sup. Ct. Bronx  April 8, 2022) (Initiated and settled a claim alleging violations of the New York Labor Law)

- *Parks v. New York City Mission Society*, 22793/2018E, NYSCEF No. 16 (Sup. Ct. Bronx May 25, 2022) (Initiated and discontinued a claim alleging violations of the New York Labor Law)

- *Melendez v. Pronto Gas Heating Supplies, Inc. et. al.*, ECF No. 42 (S.D.N.Y. November 15, 2022), (Settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015)


**Employment Discrimination Litigation (2022-Present)**

- *Robinson v. Longchamp USA, Inc.*, 814300/2024E (Sup. Ct. Bronx  2024) (Initiated and litigated a claim alleging violations of the New York City Human Rights Law)

- *Tepale v. 36-03 Food LLC et. al.*, 719842/2023 (Queens Sup. Ct. 2025) (Initiated and litigated a claim alleging violations of the New York City Human Rights Law)

- *Campbell v. East Tremont Medical Center*, 805284/2022E (Sup. Ct. Bronx  2024) (Initiated and litigated a claim alleging violations of the New York City Human Rights Law)

- *Gonzalez. Optimum*, 808948/2023E, NYSCEF No. 17 (Sup. Ct. Bronx  November 20, 2024) (Initiated and litigated a claim alleging violations of the New York City Human Rights Law)

- *Estevez v. RH Medical Urgent Care*, Case No. 10215088 (New York State Division of Human Rights August 27, 2024) (Initiated and settled a claim alleging violations of the New York State Human Rights Law)

- *Harper v. Hudson River Park Trust*, Case. No. M-E-D-23-118735 (New York City Commission of Human Rights June 20, 2024) (Initiated and settled a claim alleging violations of the New York City Human Rights Law)

- *Martinez v. The Andrews Organization, Inc.*, Case No. 10217763 (New York State Division of Human Rights March 15, 2024) (Initiated and settled a claim alleging violations of the New York State Human Rights Law)

- *Fincher, Napoleon v. Industrial Color*, NYSDHR Case No. 10218189 (Initiated and settled a claim alleging violations of the New York State Human Rights Law)

- *Fernandez, Emanuel*

  (Initiated and settled a claim alleging violations of the New York City Human Rights Law)

Curriculum Vitae-DAC                                    5

- *DeFreitas v. Bronx Lebanon Hospital Center*, Index No. 307233/2009 (Sup. Ct. Bronx) (Litigated claims alleging violations of the New York State Human Rights Law)

- *Boyd v. Assist Home Health Services, LLC et. al.*, Index No. 26509/2020E (Sup. Ct. Bronx)  (Initiated and litigated a claim alleging violations of the New York City Human Rights Law)

- *Martinez v. David Mosner, Inc. et. al.,* Case No. M-E-D-2196670 (New York City Commission on Human Rights December 2, 2022) (Initiated and settled a claim alleging violations of the New York City Human Rights Law)

- *Melendez v. Pronto Gas Heating Supplies, Inc. et. al.*, ECF No. 42 (S.D.N.Y. November 15, 2022), (Settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015)


**SPEAKING ENGAGEMENTS (2014 – Present)**

- March 10, 2026 – TRIAL STORIES: Almanzar v. Ramac US LLC d/b/a Assured Environments" - National Employment Lawyers Association – CLE Presentation

- November 15, 2024 – Panelist "Is National Origin Discrimination on the Rise?" 18th American Bar Association, Annual Labor and Employment Law Conference

- Fall 2024 – Presenter "Employment Law 101" – Bronx County Bar Association

- Fall 2020 – "Moderator Bankruptcy Issues for Employment Claims in Post-COVID World," National Employment Lawyers Association/New York Fall Conference

- Fall 2019 – Presenter "Employment Law 101" – Bronx County Bar Association

- Spring 2019 – "Jury Selection: Strategies for Effectively Selecting the Right Jurors for Your Case," National Employment Lawyers Association/New York Spring Conference

- Fall 2017 – "Settlement Secrets," National Employment Lawyers Association/New York Fall Conference

- Spring 2017 – "Effective Use of 30(b)(6): What is a 30 (b)(6) Deposition and How/When to Use it?," National Employment Lawyers Association/New York Spring Conference

- Fall 2016 – Presenter "Is This an Employment Law Case" - Wingate, Russotti, Shapiro, Moses & Halperin, LLP, Fall Mixer

- Spring 2015 – "Cross Examination Skills: Just Do It," National Employment Lawyers Association/New York Spring Conference

- November 13, 2014 – Panelist - "Employment/Labor Law Update 2014 Panel Discussion," Metropolitan Black Bar Association, Labor/Employment Law Committee

- Fall 2014 – "Better Direct Examinations: Demonstrations and Discussions," National Employment Lawyers Association/New York Fall Conference

- Spring 2014 – Presenter "Employment Law 101" – Black Bar Association of Bronx County