# Exhibit E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------- x

BRIANNA CAMPBELL, SHAKEIM ROBINSON, and KEVAUGHN ROBINSON, *on behalf of themselves and others similarly situated,*

                    Plaintiffs,

        -    against -

BUKHARI GROUP LLC, NAFEES BUKHARI, an individual, ALI BUTT, an individual, 4399 BRONX CHICKEN LLC, BAYCHESTER CHICKEN BG LLC, 3555 WHITE PLAINS BG LLC, 3411 JEROME AVE CORP., and CONEY FOOD OF NY LLC,

                    Defendants.

Case No. 22-CV-2813 (PK)

**DECLARATION OF JONATHAN PAUL RE NOTICE PROCEDURES**

1

I, Jonathan Paul, declare as follows:

1.    I am the CEO at Xpand Legal ("Xpand"), a class action settlement administrator that has been retained by the parties to serve as the Settlement Administrator for the settlement in the above referenced action. Xpand is located in Irvine, California. I am over 21 years of age and am not a party to this action. I am responsible for supervising the settlement services provided by Xpand for this matter. The facts set forth herein are true of my own personal knowledge and I am informed and believe them to be true. If called as a witness, I could and would competently testify thereto.

## I.    EXPERIENCE

2.    Xpand specializes in class action notification and claims administration, including telephone support and web-based support, direct mail services, claims processing, and settlement fund distribution. Xpand has extensive experience in class action matters, having provided services in class actions ranging in size from 17 to 350,000 Class Members. Attached hereto as **Exhibit A** is a true and correct copy of Xpand's CV, reflecting our primary competencies as they relate to class action settlement administration.

## II.    OVERVIEW OF XPAND LEGAL'S RESPONSIBILITIES

3.    Xpand's responsibilities in administering the settlement in this action to date have included the following: (a) Establishing a settlement Qualified Settlement Fund ("QSF"); (b) Mailing the Settlement Class Notice to Class Members; (c) Securing a post office box to which Class Members can send Claim Forms, Requests for Exclusions, Objections and other communications; (d) Establishing a toll-free telephone number which provides Class Members with information about the proposed Settlement.

## III.    CLASS NOTICE

4.    In accordance with the Settlement Agreement, one of Xpand's primary responsibilities was to cause the Class Notice to be mailed to all known Class Members by first-class mail. On August 14, 2025, Xpand first received a production of data from Defendants; however, upon review of the data Xpand identified a number of deficiencies with regards to incomplete addresses, SSNs, and dates of employment.  Defendants supplemented their production on September 4, 2025, but discrepancies remained, including 47 class members without dates of

1

employment.  On December 12, 2025, Defendants provided Xpand with another production of contact information; however, the production was also incomplete and contained several deficiencies, including missing payroll data, incomplete or missing contact information for certain individuals, missing dates of employment, the inclusion of individuals who were not Class Members, and duplicative records requiring consolidation. Defendants supplemented their production on December 29, 2025, and on additional dates in January 2026, but discrepancies and inconsistencies persisted across the data sets. From December 2025 through February 2026, Xpand worked closely with both Parties, meeting with them repeatedly and exchanging lengthy emails and data sheets, to identify and resolve these issues, including consolidating duplicate entries, locating and updating missing contact information, reconciling payroll data with employment dates, and addressing individuals improperly included or lacking necessary employment data.

5.      Following the resolution of these issues and completion of the final data set, Xpand ran all records with mailing addresses through the National Change of Address database (NCOA) and updated the records prior to mailing. On February 27, 2026, Xpand mailed the Class Notice to 374 Class Members by first-class mail. A true and correct copy of the mailed Class Notices are attached hereto as **Exhibit B**. As of June 18, 2026, 81 Notices had been returned as undeliverable without a forwarding address. These records were sent for skip-tracing, and updated addresses were obtained for 57 individuals. Accordingly, 57 Notices were remailed, and 24 Notices remain undeliverable.

### IV.    CLAIMANT COMMUNICATION

6.      Xpand established Post Office Box 51570, Irvine, CA 92619 to receive written communication from Class Members, including correspondence, claim forms, requests for exclusion or copies of written objections.

7.      As of June 18, 2026, Xpand has received 40 Claim Forms.

8.      As of June 18, 2026, Xpand has received no workweek disputes.

9.      As of June 18, 2026, Xpand has received one timely request for exclusion.

10.     As of June 18, 2026, Xpand has received no objections to the settlement.

DECLARATION OF JONATHAN PAUL RE NOTICE PROCEDURES

11.     The deadline for submitting a claim form, requesting exclusion, or filing an objection was June 2, 2026, as extended from the original deadline of May 13, 2026. Upon review, June 2, 2026, was the applicable and controlling deadline, considering remailing and delays in delivery.

12.     A list of the Class Members who submitted claim forms received by Xpand is attached hereto as **Exhibit C**. A claim form for Class Member Briana Solis was initially recorded but could not be located during verification. This Class Member has been removed from the list of claim form submissions.

### V.      TELEPHONE SUPPORT

13.     Xpand established a toll-free number to allow Settlement Class Members to call our agents and answer any questions or request more information

14.     On February 27, 2026, Xpand activated a toll-free number, 888-557-773, which allows Class Members to receive information and provide answers about the settlement, and allows Class Members to request a Class Notice.

15.     As of June 18, 2026 Xpand has received 2 phone calls.

### VI.     CLASS LIST AND PRELIMINARY DISTRIBUTION CALCULATIONS

16.     To the extent any employment dates or gross pay information was missing, Xpand, in accordance with the Parties' instructions, extrapolated from the available data to address any gaps. Xpand received from Defendant the necessary information for each Class Member, including the data source, name, address, Social Security number, and employment information, including hire and termination dates and gross pay for the period from 2019 through 2024 during the Class Period.

17.     Per the Settlement Agreement and Court approval, Xpand will deduct from the Maximum Settlement Amount of $400,000.00 attorneys' fees in the amount of $133,333.33, costs in the amount of $3,162.62, Class Representative Service Payments totaling $35,000.00 paid as follows: Brianna Campbell ($12,000.00), Shakeim Robinson ($10,000.00), Kevaughn Robinson ($7,500.00), Kayla Brathwaite ($3,000.00), and Lakyra Lovell ($2,500.00), and administration costs in an amount not to exceed $12,500.00. This results in a Net Settlement Amount of $216,004.05, which will be distributed proportionally based on the number of points allocated to

3

all 373 Participating Class Members who do not opt out of the Class. The estimated amount per point is approximately $0.03. The average gross amount payable to a Participating Class Member is approximately $577.55, and the highest gross amount payable to a Participating Class Member is approximately $6,352.21.

### VII.   XPAND LEGAL'S FEES AND COSTS

18.   Xpand agreed to administer this settlement for $12,500 in fees and costs. To date, the time Xpand has expended in administering this matter has exceeded our original estimates, given the difficulties Xpand experienced in receiving and process the Class List data.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Dated: June 18, 2026

Jonathan Paul

DECLARATION OF JONATHAN PAUL RE NOTICE PROCEDURES

# EXHIBIT "A"

# XPAND

**ABOUT XPAND**

Xpand is a fast-growing legal administration firm. With over 20 years of industry experience, CEO, Jonathan Paul, leverages his subject matter expertise to ensure excellence is at the core of all we do. Starting his legal administration career as a Project Manager, he later advanced into positions such as Senior Vice President at one of the largest administrators in the country and President of Sales & Marketing for a long-standing boutique firm. He now works closely with the project and case teams to ensure best in class processes are followed.

COO, Tiffany Paul, comes with over a decade of experience at one of the largest consumer goods companies in the world. Coupled with the successful launch and scale of her own startups, Tiffany brings creative solutions to a field that has a tendency to be stuck in its ways and has improved dozens of processes during her tenure running legal administration projects.

The case management team has been involved in projects spanning several practice areas, including:

- Data Breach
- Consumer Protection
- Discrimination
- Mass Tort
- PAGA

- Personal Injury
- Product Liability
- Wage and Hour
- ERISA
- Antitrust

**ABOUT OUR STRATEGY**

Xpand's taking a fresh look at the processes and procedures that have dominated the legal administration space for decades and quickly finding there is plenty of opportunity to innovate.

We've partnered with industry leaders in HR, IT, printing, telecom, banking, and tax reporting to build solutions that meet the needs of any project. Whether it's a small wage & hour case in need of cost effective administration or a multi-tiered mass tort case in need of sophisticated implementation, Xpand has the solution. We spend the time understanding the clients' needs before deploying the right resources in as quickly as 24 hours, allowing law firms to continue their day to day without disruption.

# XPAND

**ABOUT OUR SERVICES**

Xpand is growing quickly and regularly adding services to our repertoire, but currently offers:

- Notification
- Project Management
- Print & Mail
- Call Center
- Legal Advertising
- Website Development
- Forms Processing
- Client Intake

- Address Location
- Data Management
- Qualified Settlement Fund (QSF) Management
- Fund Distribution
- Tax Reporting
- Medical Record Review
- Lien Resolution

**ABOUT OUR EXPERIENCE**

Some of the cases Xpand has managed:

- *Ramirez, et al. v. S&E Gourmet Cuts, Inc., Superior Court of California, County of San Bernardino, Case No. CIVSB2201247*
- *Johnson v Investment Concepts, Superior Court of CA, County of San Diego, Case No. 37-2022-00018300-CU-NP-CTL*
- *Chavis v. Grocery Outlet, Superior Court of California, County of Sacramento, Case No. 34-2021-00309003-CU-OE-GDS:*
- *Busby v. Mission Loans, LLC, et al., Superior Court of California, County of Los Angeles, Case No. 23STCV07682*
- *Barton v. United Development Group, Inc., Superior Court of CA County of SD, Case No. 37-2021-00039885-CU-OE-CTL*
- *Fleschert v. Cedars-Sinai Medical Center, Superior Court of California, County of Los Angeles, Case No. 19STCV05681*
- *Cruz, et al. v. Los Compadres Restaurant, Inc., Superior Court of CA, County of Los Angeles*
- *Aguero, et al. v. SR Long Beach FD, et al., Superior Court of CA, County of Los Angeles, Case No. BC650977*
- *Arizmendi v. Diamond Environmental, Superior Court of CA, County of San Diego, Case No. 37-2023-00051655-CU-OE-CTL*
- *Ascencio v. Kumar Hotels, Superior Court of CA, County of Tehama, Case No. 23C1-00020*
- *Betancur v. Pride Conveyance Systems, Inc., Superior Court of CA, County of San Benito, Case No. CU-21-000022*
- *Britton v. Rice Wings, LLC, Superior Court of Washington, County of King at Kent, Case No. 23-2-09301-1 KNT*
- *California Truck Centers, Superior Court for the State of California, San Joaquin County Superior Court, Case No. STK-CV-UOE-2023-0006967*
- *Calkins v. United Security, Superior Court of CA, County of Los Angeles, Case No. 20STCV35391*
- *Clayton v. Soho House, LLC, et al., Superior Court of CA, County of Los Angeles, Case No. 24SMCV02114*
- *Flores v. JR & MRP, Superior Court of CA, County of Los Angeles, Case No. 56-2021-00557205-CU-OE-VTA*

# XPAND

- *Gatica-Castro v. Specialty Team Plastering, Inc., Superior Court of CA, County of Santa Barbara, Case No. 22CV01120*
- *Guinto v. C&K Market, Superior Court of CA, County of Siskiyou, Case No. SCCV-CVCV-2021-964*
- *Hawkins, et al. v. Ontel Security Services, Inc., Superior Court of CA, County of Stanislaus, Case No. CV-20-005404*
- *Horowitz v. Skywest Airlines, Inc. United States District Court Northern District of CA – San Francisco, Case No, 21-CV-04674-MMC*
- *Huffman v. K&M Casinos, Inc., Superior Court of CA, County of Sacramento, Case No. 34-2021-00300960*
- *Kaiser v. Equity Residencial Management, Superior Court of CA, County of Los Angeles, Case No. 21STCV42487*
- *Lambert v. Dual Diagnosis PAGA, Superior Court of CA, County of Los Angeles – Spring Street Courthouse, Case No. BC616149*
- *Laninovich v. Bear Valley Springs, Superior Court of CA for the County of Kern, Case No. BCV-21-102750-BCB*
- *LaVia v. Curaleaf Holdings, Inc., Supreme Court of the State of NY, County of Nassau, Case No. 610309/2024*
- *Lopez v. DH Long Point Management LLC, Superior Court of CA, County of Los Angeles – Spring Street Courthouse, Case No. 21STCV35029*
- *Mayorga, et al. v. Qualawash Holding, LLC, et al., Superior Court of CA, County of Los Angeles, Case No. 23STCV00914 and 23NWCV00148*
- *McLane v. GoPlus Corp, Superior Court of CA, County of San Bernadino- Civil Division-Complex, Case No. C1VDS1819150*
- *Mireles v. Lodi Memorial Hospital, Superior Court of CA, County of San Joaquin, Case No.STK-CV-UOE-2020-0004458*
- *Moreno, et al. v. Infiniti Group, LLC, et al., Superior Court of CA, County of San Bernadino, Case No. C1VSB2223551*
- *Norfleet v. RevCore Recovery Center, Supreme Court of the State of New York, Case No. 617754/2023*
- *Norris v. CG Hospitality Group, Inc., Superior Court of CA, County of Los Angeles, Case No. 23STCV12946*
- *Pascual v. Heritage on the Marina, Superior Court of CA, County of San Francisco, Case No. CGC-23-607790*
- *Pipich, et al. v. O'Reilly Auto Enterprises, LLC, et. al., United States District Cour for the Southern District of CA, Case No. 3:21-cv-00120-L-JLB*
- *Sanchez v. JR Pierce Plumbing, Superior Court of CA, County of Sacramento, Case No. 34-2021-00300960-CU-OE-GDS*
- *Sanchez v. MiTac Information Systems Corp., et al., Superior Court of CA, County of Alameda, Case No. 22CV005940*
- *Santos v. Replanet Packaging, Superior Court of CA, County of Tulare, Case No. VCU285878*
- *Sim v. Maddox Resources, Inc., Superior Court of CA, County of Los Angeles, Case No. 22STCV20798*
- *Sorensen v. P.F. Automotive, Superior Court of CA, County of San Diego, Case No. 37-2023-0025169-CU-OE-CTL*
- *Sproul v. IKEA, Superior Court of CA, County of Kern, Case No. BCV-20-101600*
- *Tellez v. Mercy Housing Management, Superior Court of CA, County of Alameda, Case No. 23CV031003*
- *Touch v. Cox Automotive, United States District Court Eastern District of CA, Case No. 2:23-cv-09145-TLN-CSK*
- *Trimmer, et al. v. Barclay Water Management, Inc., Supreme Court of the State of New York, New York County, Case No. 653139/24*

# XPΛND

- *Vasquez v. PJ Farm Labor, Superior Court of CA, County of Kings, Case No. 22C-0382*
- *Wolff v. Enterprise Fleet Management, Inc., Superior Court of CA, County of Los Angeles, Case No. 23STCV16885*
- *Wright v. Home Box Office, Inc., et al, Superior Court of CA, County of Los Angeles, Case No. 21STCV19636*
- Mass Tort: Several medical device, pharmaceutical cases, natural disaster, fire and sexual abuse cases which are confidential.

# EXHIBIT "B"

**United States District Court for the Eastern District of New York**

*Campbell, et al.  v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

«FullBarcodeEncoded»
Xpand ID: «Xpand ID» - «Rec»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

---

**If you worked for Popeyes Louisiana Kitchen Restaurants at any time since
May 13, 2016, you may be entitled to a payment from a class action settlement.**

*A court authorized this notice.  This is not a solicitation from a lawyer.*

- Former employees of Popeyes Louisiana Kitchen Restaurants incorporated as 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC filed a class and collective action lawsuit against these entities and Bukhari Group LLC, Nafees Bukhari, and Ali Butt (collectively, "Defendants") alleging they violated their employees' wage-and-hour rights under federal, state, and city law.  Defendants deny these allegations and maintain that their employees were properly paid.

- This notice is to inform you of a proposed settlement in this case affecting individuals employed at any time between May 13, 2016, through July 29, 2022.

- Under the proposed settlement, Defendants agreed to pay $400,000 (the "Settlement Amount") to be allocated among affected employees who qualify for a settlement payment, as well as to pay attorneys' fees, service payments, litigation costs, and the expenses of administering the settlement.  Through this proposed settlement, you are entitled to receive approximately $[Class Amnt], which is based on the wages you were paid between May 13, 2016, through July 29, 2022.

- Your legal rights may be affected.  You have a choice to make now:

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **DO NOTHING** | If you do not exclude yourself, you will remain part of the case and be a participant in the settlement.  You will receive approximately $[Class Amnt] and release certain city and state law claims. |
| **EXCLUDE YOURSELF** | If you submit a timely exclusion statement, you will not be part of the settlement of this case. This allows you to retain your right to sue Defendants for the violations of city and state law alleged in the Complaint.<br><br>*If you exclude yourself from the settlement, you will not be entitled to a settlement payment.* |
| **OBJECT** | If you object to the settlement, you may write to the Court about why you disapprove of the settlement.  If you object in writing, you may also ask to speak in Court about the fairness of the settlement.  You may not, however, object to the settlement if you exclude yourself from it. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

**United States District Court for the Eastern District of New York**
*Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

| **1. Why did I get this notice?** |
| --- |

Defendants' records state that you worked as one of the Popeyes Louisiana Kitchen Restaurants incorporated as Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC at some time between May 13, 2016, through July 29, 2022. The Court has ordered that you be sent this notice because you have a right to know about a proposed wage-and-hour settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

The case is pending before the Honorable Peggy Kuo, U.S.M.J., in Eastern District of New York. This lawsuit is known as *Campbell, et al. v. Bukhari Group LLC*, *et al.*, No. 22 Civ. 2813.

The people who filed the lawsuit are called the "Plaintiffs." The companies being sued, Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, which do business Popeyes Louisiana Kitchen Restaurants, and two individuals, Nafees Bukhari, and Ali Butt, are called the "Defendants."

| **2. Why is there a settlement?** |
| --- |

This lawsuit is about whether Defendants paid their employees all wages and premiums due under federal, state, and city laws, and gave them proper paystubs. Defendants maintain that all employees were paid properly. Defendants deny any liability in this action.

The Court ***did not*** decide in favor of Plaintiffs or Defendants.

| **3. Why is this a class action?** |
| --- |

In a class action, individuals called "Class Representatives" sue on behalf of people who have similar claims. These people together are a "Class" or "Class Members." The individuals who sued are called the "Plaintiffs." One court resolves the issues for everyone in the Class – except for those who choose to exclude themselves from the Class.

| **4. How much will my payment be?** |
| --- |

Subject to final approval of the Court, by remaining in the Class you will be entitled to receive approximately $[Class Amount] for your city and state claims. This amount is determined based on the agreed-upon allocation formula, which provides that employees will receive a share of this settlement based upon the total wages paid from May 13, 2016, through July 29, 2022. The Settlement Agreement contains the exact allocation formula. To obtain a copy of the Settlement Agreement, please contact Class Counsel or the Settlement Administrator.

These are approximate amounts. If the Court issues an order finally approving this Settlement Agreement, your final payment accounts will be calculated based on the amount of settlement monies claimed and the attorneys' fees, litigation costs, service awards, and settlement-administration costs awarded by the Court from the total settlement fund.

Neither Class Counsel nor Defendants make any representations concerning tax consequences of participating in this settlement. You may wish to seek tax advice before acting on this Notice.

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

---

**5.  How can I get my payment?**

So long as you do not exclude yourself from the settlement (as explained in Paragraph 7), you will receive approximately $[Class Amnt].  Be sure to keep the Settlement Administrator, whose information is listed below, up to date with your address:

Popeye's Settlement
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619-9801
Toll-free: (888) 557-2773
Fax: (949) 996-7556
classaction@xpandlegal.com

---

**6.  What am I giving up to get a payment?  Am I releasing city and state claims?**

As long as you do not exclude yourself (as explained in Paragraph 7), you will remain in the Class.  This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants asserting violations of the state law, the New York Labor Law, and the city law, the Fair Workweek Law of New York City, that occurred before July 29, 2022.  It also means that all the Court's orders related to the New York Labor Law and Fair Workweek Law of New York City will apply to and legally bind you.

If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.

---

**7.  How do I opt out of the settlement?**

If you do not want to participate in this settlement and receive a settlement payment, you must send a letter by mail that unconditionally states your intent to opt out of the settlement.  You must include your name, address, telephone number, and signature.  Your exclusion request must also contain words to the effect of "I elect to exclude myself from the settlement in *Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.)," and such request must be postmarked or received no later than **May 13, 2026**.  Exclusion requests must be sent to the Settlement Administrator at the address listed above in Paragraph 5.

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may also be able to sue (or continue to sue) Defendants in the future about some of the legal issues in this case if the time period to bring such claims has not expired.

---

**8.  How do I object to the settlement?**

If you're a Class Member, you can object to the settlement if you disapprove of any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter to the Settlement Administrator that includes words to the effect of "I object to the settlement in *Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.)" along with your reasons for objecting and whether you wish to be heard at a Fairness Hearing.  Be sure to include your name, address, telephone number, and your signature.  Send the objection to the Settlement Administrator at the address listed above in Paragraph 5.

Your objection must be postmarked or received no later than **May 13, 2026**.

**United States District Court for the Eastern District of New York**
*Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813

| 9. What's the difference between objecting and excluding? |

Objecting is simply telling the Court that you disapprove of something about the settlement. You can object only if you stay in the Class.

Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you may not object because the case no longer affects you.

| 10. When and where will the Court decide whether to approve the settlement? |

The Court will hold a Fairness Hearing on July 20, 2026 at 10:00 a.m., at United States District Court for the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201, in Courtroom 11C South. The hearing will be held in-person at the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201 before Magistrate Judge Peggy Kuo in Courtroom 11C South.

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will consider any objections and listen to the people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement and how much to pay Class Counsel. We do not know how long these decisions will take.

| 11. Do I have to come to the hearing? |

No. Class Counsel will answer questions the Court may have. But, you are welcome to attend at your own expense.

If you submit a timely objection to the Settlement Administrator before **May 13, 2026**, you may attend the Fairness Hearing at your own expense or pay your own lawyer to attend the Court. Even if you do not attend the hearing, the Court may consider it.

| 12. Do I have a lawyer in this case? |

The Court has decided that the lawyers at the law firms of Kessler Matura, P.C. and the Law Office of Delmas A. Costin, Jr., PC., are qualified to represent you and all Class Members. These lawyers are called "Class Counsel." You may contact Class Counsel with any questions you have about the settlement. Their contact information is:

| | |
|---|---|
| Troy L. Kessler | Delmas A. Costin, Jr. |
| Garrett Kaske | The Law Office of |
| Kessler Matura P.C. | Delmas A. Costin, Jr., PC |
| 534 Broadhollow Road, Ste. 275 | 930 Grand Concourse, Suite 1F |
| Melville, NY 11747 | Bronx, NY 10451 |
| Tel: (631) 499-9100 | Telephone: (718) 618-0589 |
| tkessler@kesslermatura.com | dacostin@dacostinlaw.com |
| gkaske@kesslermatura.com | |

You will not be charged separately for these lawyers, because Class Counsel is being paid from the fund established as part of the settlement. You do not need to retain your own attorney to participate as a Class Member. If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

**13. How will the lawyers be paid?**

Class Counsel has asked the Court to approve payment of up to one-third of the Settlement Amount ($133,333.33) for attorneys' fees.  These fees are to compensate Class Counsel for investigating the facts, litigating the case, negotiating the settlement, and supervising the administration of the settlement.  Class Counsel has also asked the Court to approve payment of up to $5,000 for their out-of-pocket costs, excluding the cost of the Settlement Administrator.  The cost of the Settlement Administrator will also come from the settlement fund but will not exceed $12,500.

Class Counsel has also asked the Court to approve payments totaling $35,000 to the three Class Representatives and the two other Class Members who participated in this case before a settlement was reached, in recognition of the risks they took and their service to the Class.

**14. Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement by contacting Class Counsel.  If you would like more information about this settlement, please contact Class Counsel, whose information is listed in Paragraph 12.

DATED: February 27, 2026

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

# CLAIM FORM

«FullBarcodeEncoded»
Xpand ID: «Xpand ID» - «Rec»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

**YOUR ESTIMATED SETTLEMENT SHARE:**  If you properly submit this Claim Form by the deadline, you should receive approximately $[Total Amount], minus applicable taxes.  This settlement money relates to your share of the claims brought under the federal law known as the Fair Labor Standards Act.

**DEADLINE:**  To receive your settlement payment, you must complete, sign, and return this Claim Form in the enclosed pre-paid envelope.  Your Claim Form must be postmarked or received on or before **May 13, 2026**.  If you lose the envelope, you can mail the Claim Form to the below address.  You may also return the Claim Form by fax or e-mail to the Settlement Administrator.

Popeye´s Settlement
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619-9801
Toll-free: (888) 557-2773
Fax: (949) 996-7556
classaction@xpandlegal.com

**CHANGE OF ADDRESS:**  If you change your address, please inform Settlement Administrator of your new address.  It is your responsibility to keep a current address on file with Settlement Administrator.

**RELEASE:**  By signing, dating, and returning this Claim Form, you agree to be bound by the Settlement Agreement, and you will release all related wage-and-hour claims alleged in the Complaint, arising before July 29, 2022, from your employment with Defendants 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.  Additionally, by not opting out of the settlement, you will release all wage-and-hour claims alleged in the Complaint, arising between May 13, 2016 and July 29, 2022, from your employment with Defendants 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, during the Relevant Period, pursuant to the New York Labor Law and Fair Workweek Law of New York City.

**CONSENT TO JOIN:**  In addition, by returning this Claim Form you consent to join this case as a party plaintiff under the Fair Labor Standards Act.

_____
Date

_____
Signature

_____
Name (Printed)

**YOU MUST SUBMIT THIS FORM BY MAY 13, 2026
TO BE ELIGIBLE FOR PAYMENT.**

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.,* No. 22 Civ. 2813

NOTICE OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

«FullBarcodeEncoded»
Xpand ID: «Xpand ID» - «Rec»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

---

**If you worked for Popeyes Louisiana Kitchen Restaurants at any time since
May 13, 2016, you may be entitled to a payment from a class action settlement.**

*A court authorized this notice.  This is not a solicitation from a lawyer.*

- Former employees of Popeyes Louisiana Kitchen Restaurants incorporated as 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC filed a class and collective action lawsuit against these entities and Bukhari Group LLC, Nafees Bukhari, and Ali Butt (collectively, "Defendants") alleging they violated their employees' wage-and-hour rights under federal, state, and city law.  Defendants deny these allegations and maintain that their employees were properly paid.

- This notice is to inform you of a proposed settlement in this case affecting individuals employed at any time between May 13, 2016, through July 29, 2022.

- Under the proposed settlement, Defendants agreed to pay $400,000 (the "Settlement Amount") to be allocated among affected employees who qualify for a settlement payment, as well as to pay attorneys' fees, service payments, litigation costs, and the expenses of administering the settlement.  Through this proposed settlement, you are entitled to receive approximately $[Total Amount], which is based on the wages you were paid between May 13, 2016, through July 29, 2022.  As detailed below in Paragraph 5, to receive the full payment, you must return a properly completed Claim Form to the Settlement Administrator, postmarked or received by **May 13, 2026**.

- Your legal rights may be affected.  You have a choice to make now:

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN THE CLAIM FORM** | If you return a completed claim form, you will be opted into case and receive a settlement payment of approximately $[FLSA Amount] for your federal claims.  You will also release certain claims under city and state law and receive approximately $[City & State Amnt] for those claims. |
| **DO NOTHING** | If you do not return the claim form and you do not exclude yourself, you will remain part of the case, but you will **not** receive a payment on your federal claim.  You will receive approximately $[City & State Amnt] and release certain city and state law claims. |
| **EXCLUDE YOURSELF** | If you submit a timely exclusion statement, you will not be part of the settlement of this case.  This allows you to retain your right to sue Defendants for the violations of city and state law alleged in the Complaint.  *If you exclude yourself from the settlement, you will not be entitled to a settlement payment.* |

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

| | |
|---|---|
| **OBJECT** | If you object to the settlement, you may write to the Court about why you disapprove of the settlement.  If you object in writing, you may also ask to speak in Court about the fairness of the settlement.  You may not, however, object to the settlement if you exclude yourself from it. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

### 1.  Why did I get this notice?

Defendants' records state that you worked as one of the Popeyes Louisiana Kitchen Restaurants incorporated as Bukhari Group LLC, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC at some time between May 13, 2016, through July 29, 2022.  The Court has ordered that you be sent this notice because you have a right to know about a proposed wage-and-hour settlement of a class and collective action lawsuit, and about your options, before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available.

The case is pending before the Honorable Peggy Kuo, U.S.M.J., in Eastern District of New York.  This lawsuit is known as *Campbell, et al. v. Bukhari Group LLC*, *et al*., No. 22 Civ. 2813.

The people who filed the lawsuit are called the "Plaintiffs."  The companies being sued, 4399 Bronx Chicken LLC, Baychester Chicken BG LLC, 3555 White Plains BG LLC, 3411 Jerome Ave Corp., and Coney Food of NY LLC, which do business Popeyes Louisiana Kitchen Restaurants, and two individuals, Nafees Bukhari, and Ali Butt, are called the "Defendants."

### 2.  Why is there a settlement?

This lawsuit is about whether Defendants paid their employees all wages and premiums due under federal, state, and city laws, and gave them proper paystubs.  Defendants maintain that all employees were paid properly.  Defendants deny any liability in this action.

The Court *did not* decide in favor of Plaintiffs or Defendants.

### 3.  Why is this a class action?  What is a collective action?

In a class action, individuals called "Class Representatives" sue on behalf of people who have similar claims.  These people together are a "Class" or "Class Members."  The individuals who sued are called the "Plaintiffs."  One court resolves the issues for everyone in the Class – except for those who choose to exclude themselves from the Class.

In a collective action, the individuals who started the case sue on behalf of people who have similar claims and ask the Court for permission to notify those individuals with similar claims of the case and permit those individuals to join them in the case as plaintiffs.  These people together are a "Collective" or "Collective Members."  The individuals who sued or joined the case after being notified of it are called the "Plaintiffs."  One court resolves the issues for all the Plaintiffs, including the Collective Members that joined the case.  The rights of the individuals that did not join the case are not directly affected by the lawsuit.

**United States District Court for the Eastern District of New York**
***Campbell, et al.  v. Bukhari Group LLC, et al.,* No. 22 Civ. 2813**

| 4.   How much will my payment be? |
|---|

Subject to final approval of the Court, if you remain part of the Class, you will be entitled to receive approximately $[City & State Amnt] for your city and state claims.  If you return a timely, completed Claim Form, you will also be entitled to receive approximately $[FLSA Amount] for your federal claims.

These amounts are determined based on the agreed-upon allocation formula, which provides that employees will receive a share of this settlement based upon the total wages paid from May 13, 2016, through July 29, 2022.  The Settlement Agreement contains the exact allocation formula.  To obtain a copy of the Settlement Agreement, please contact the Class Counsel or Settlement Administrator.

These are approximate amounts.  If the Court issues an order finally approving this Settlement Agreement, your final payment accounts will be calculated based on the amount of settlement monies claimed and the attorneys' fees, litigation costs, service awards, and settlement-administration costs awarded by the Court from the total settlement fund.

Neither Class Counsel nor Defendants make any representations concerning tax consequences of participating in this settlement.  You may wish to seek tax advice before acting on this Notice.

| 5.   How can I get my payment? |
|---|

To get your federal-law payment of approximately $[FLSA Amount], you must return a properly completed Claim Form to the Settlement Administrator postmarked or received no later than **May 13, 2026**.  A pre-paid envelope is enclosed for your convenience.  You may also return your Claim Form by e-mail:

Popeye's Settlement
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619-9801
Toll-free: (888) 557-2773
Fax: (949) 996-7556
classaction@xpandlegal.com

If you submit a completed Claim Form to the Settlement Administrator by the deadline, you will be sent a settlement check when all appeals, if any, are resolved and the settlement becomes effective.  If you do nothing or exclude yourself, you will not receive this approximate payment of $[FLSA Amount].

It is recommended that you make a copy of, take a picture of, or scan your completed Claim Form, before returning it.  Keep a copy of it along with this notice and any proof of mailing (such as a postage receipt or your email submitting the completed Claim Form) for your records.

So long as you do not exclude yourself from the settlement (as explained in Paragraph 7), you will receive approximately $[City & State Amnt] for your city and state claims, even if you do not submit a completed Claim Form.

Be sure to keep the Settlement Administrator up to date with your address.

| 6.   What am I giving up to get a payment?  Am I releasing city, state, and federal claims? |
|---|

As long as you do not exclude yourself (as explained in Paragraph 7), you will remain in the Class.  This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants asserting violations of the state law, the New York Labor Law, and the city law, the Fair Workweek Law of New York City, that occurred before July 29, 2022.  It also means that all the Court's orders will apply to and legally bind you.

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

Furthermore, if you submit a completed Claim Form, you consent to join this case under the federal law at issue in this case, the Fair Labor Standards Act.  By consenting to join the case through the Claim Form, you will release your right to sue Defendants under the Fair Labor Standards Act for overtime claims that arose before July 29, 2022.  This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants asserting overtime violations of the federal law, the Fair Labor Standard Act, that occurred before July 29, 2022.  It also means that all the Court's orders related to the Fair Labor Standards Act claims in this case will apply to and legally bind you.

If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case.

| 7. How do I opt out of the settlement? |
|---|

If you do not want to participate in this settlement and receive a settlement payment, you must send a letter by mail that unconditionally states your intent to opt out of the settlement.  You must include your name, address, telephone number, and signature.  Your exclusion request must also contain words to the effect of "I elect to exclude myself from the settlement in *Campbell, et al. v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.)," and such request must be postmarked or received no later than **May 13, 2026**.  Exclusion requests must be sent to the Settlement Administrator at the address listed above in Paragraph 5.

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may also be able to sue (or continue to sue) Defendants in the future about some of the legal issues in this case if the time period to bring such claims has not expired.

| 8. How do I object to the settlement? |
|---|

If you're a Class Member, you can object to the settlement if you disapprove of any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter to the Settlement Administrator that includes words to the effect of "I object to the settlement in *Campbell, et al.  v. Bukhari Group LLC, et al.*, No. 22 Civ. 2813 (E.D.N.Y.)" along with your reasons for objecting and whether you wish to be heard at a Fairness Hearing.  Be sure to include your name, address, telephone number, and your signature.  Send the objection to the Settlement Administrator at the address listed above in Paragraph 5.

Your objection must be postmarked or received no later than **May 13, 2026**.

| 9. What's the difference between objecting and excluding? |
|---|

Objecting is simply telling the Court that you disapprove of something about the settlement.  You can object only if you stay in the Class.

Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you may not object because the case no longer affects you.

| 10. When and where will the Court decide whether to approve the settlement? |
|---|

The Court will hold a Fairness Hearing on **July 20, 2026** at 10:00 a.m., at United States District Court for the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201, in Courtroom 11C South.  The hearing will be held in-person at the Eastern District of New York, 225 Cadman Plaza East Brooklyn, New York 11201 before Magistrate Judge Peggy Kuo in Courtroom 11C South.

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  The Court will consider any objections and listen to the people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement and how much to pay Class Counsel.  We do not know how long these decisions will take.

## 11. Do I have to come to the hearing?

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to attend at your own expense.

If you submit a timely objection to the Settlement Administrator before **May 13, 2026**, you may attend the Fairness Hearing at your own expense or pay your own lawyer to attend the Court.  Even if you do not attend the hearing, the Court will consider it.

## 12. Do I have a lawyer in this case?

The Court has decided that the lawyers at the law firms of Kessler Matura, P.C. and the Law Office of Delmas A. Costin, Jr., PC., are qualified to represent you and all Class Members.  These lawyers are called "Class Counsel."  You may contact Class Counsel with any questions you have about the settlement.  Their contact information is:

| | |
|---|---|
| Troy L. Kessler | Delmas A. Costin, Jr. |
| Garrett Kaske | The Law Office of |
| Kessler Matura P.C. | Delmas A. Costin, Jr., PC |
| 534 Broadhollow Road, Ste. 275 | 930 Grand Concourse, Suite 1F |
| Melville, NY 11747 | Bronx, NY 10451 |
| Tel: (631) 499-9100 | Telephone: (718) 618-0589 |
| tkessler@kesslermatura.com | dacostin@dacostinlaw.com |
| gkaske@kesslermatura.com | |

You will not be charged separately for these lawyers, because Class Counsel is being paid from the fund established as part of the settlement.  You do not need to retain your own attorney to participate as a Class Member.  If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

## 13. How will the lawyers be paid?

Class Counsel has asked the Court to approve payment of up to one-third of the Settlement Amount ($133,333.33) for attorneys' fees.  These fees are to compensate Class Counsel for investigating the facts, litigating the case, negotiating the settlement, and supervising the administration of the settlement.  Class Counsel has also asked the Court to approve payment of up to $5,000 for their out-of-pocket costs, excluding the cost of the Settlement Administrator.  The cost of the Settlement Administrator will also come from the settlement fund but will not exceed $12,500.

Class Counsel has also asked the Court to approve payments totaling $35,000 to the three Class Representatives and the two other Class Members who participated in this case before a settlement was reached, in recognition of the risks they took and their service to the Class.

**United States District Court for the Eastern District of New York**
*Campbell, et al.  v. Bukhari Group LLC, et al.*, **No. 22 Civ. 2813**

| |
|---|
| **14. Are there more details about the settlement?** |

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement by contacting Class Counsel.  If you would like more information about this settlement, please contact Class Counsel, whose information is listed in Paragraph 12.


DATED: February 27, 2026

# EXHIBIT "C"

1. Muhammad Abdullah
2. Yasmin Afroza
3. Sadia Akther
4. Mohammad Ali
5. Timnashia Anderson
6. Natalie Antonetty
7. Islam Ariful
8. Lawrence S. Bimpong
9. Anifa Brooks
10. Brianna Campbell
11. Merrylai Carrasquillo
12. Elvin Couvertier
13. Joslyn Cruz
14. Desirae Drew
15. Fnu Farhan
16. Raymond Figueroa
17. Fnu Fizza
18. Symphany Green
19. Md Hauqe
20. Md H Hossain
21. Mohammad Islam
22. Saiful Islam
23. Qasim Kafayat
24. Mahbuba Khan
25. Mohammad Mohiuddin
26. Christhel M. Olivia Arriola
27. Shakora Price
28. Fahad Riyan
29. Kevaughn Robinson
30. Shakeim Robinson
31. Brenda Rosado
32. Melissa Rosado
33. Kombeh Saine
34. Destiny Solomon
35. Coyners Tangela
36. Mohammed Umair
37. Lachawn Williams
38. Perez Rojas Willmerly
39. Talha Yousaf
40. Mahanoor Zia